ANDREW S. CLARE (SBN 050289)
aclare@loeb.com
MARK D. CAMPBELL (SBN 180528)
mcampbell@loeb.com
DAVID GROSSMAN (SBN 211326)
dgrossman@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, California 90067-4120
Telephone: 310-282-2000
Facsimile: 310-282-2200

Attorneys for Plaintiff
POM WONDERFUL LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WELCH FOODS, INC., a Michigan corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV09 00567 AHM (AGRx)<br><br>**COMPLAINT FOR FALSE ADVERTISING UNDER LANHAM ACT 43(A); FALSE ADVERTISING UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17500, ET SEQ.; UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

LA1837259.1
202841-10103

COMPLAINT FOR FALSE ADVERTISING

Plaintiff POM WONDERFUL LLC ("Pom Wonderful" or "Plaintiff") hereby alleges as follows:

## PARTIES

1. Plaintiff Pom Wonderful is a Delaware limited liability company with its principal place of business in Los Angeles, California.

2. On information and belief, defendant Welch Foods, Inc. ("Welch's") is a Michigan corporation with its principal place of business in Concord, Massachusetts.

3. Plaintiff is not aware of the true names and capacities of the defendants identified herein as Does 1 through 10, inclusive, and therefore fictitiously names said defendants. Plaintiff will amend this Complaint to allege the true names and capacities of these fictitiously named defendants when their identities are ascertained.

4. Plaintiff is informed and believes, and thereon alleges, that Welch's and each of the fictitiously named Doe defendants (collectively "Defendants") were in some manner responsible for the acts alleged herein and the harm, losses and damages suffered by Plaintiff as alleged hereinafter. Plaintiff is also informed and believes that, while participating in such acts, each Defendant was the agent, alter ego, conspirator, and aidor and abettor of the other Defendants and was acting in the course and scope of such agency and/or acted with the permission, consent, authorization or ratification of the other Defendants.

5. As described further below, Welch's conducts business and manufactures and/or distributes products in the greater Los Angeles area, and throughout the United States.

## JURISDICTION AND VENUE

6. This action arises under 15 U.S.C. § 1125(a) and the statutory law of the State of California. This Court has subject matter jurisdiction over this action

pursuant to 28 U.S.C. §1331 (federal question), 15 U.S.C. § 1121 (Lanham Act claims) and 28 U.S.C. §1367 (supplemental jurisdiction).

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. This action seeks redress for Welch's deliberate and unlawful false and misleading representations regarding its White Grape Pomegranate Product ("White Grape Pomegranate Product"), which has been packaged, marketed and sold by Welch's based on the representation that the primary ingredients in the product are white grape and pomegranate juice, when, in fact, the primary ingredients are actually white grape and apple juice.

9. This action also seeks redress for the unfair, unlawful and fraudulent business practices of all Defendants, each of whom have participated in making the false advertising claims relating to Welch's White Grape Pomegranate Product in California and nationwide.

### I.   POM WONDERFUL

10. Plaintiff is the largest grower and distributor of pomegranates and pomegranate juice in the United States.

11. Plaintiff produces, markets and sells POM WONDERFUL® brand bottled pomegranate juice, and various pomegranate juice blends. Pom Wonderful has been bottling, selling and marketing its juice products since 2002.

12. When Pom Wonderful began the development and distribution of POM WONDERFUL® juice, it invested millions of dollars in researching the nutritional qualities and health benefits of pomegranate juice, an investment that continues to this day. Pom Wonderful has consulted with world-renowned scientists, including a Nobel laureate, and underwrites major research studies, many of which are

published in well-known and prestigious peer-reviewed scientific and medical journals.

13.  Scientists have discovered that pomegranate juice has very high levels of unique polyphenols, antioxidants that are particularly effective at neutralizing free radicals, preventing oxidation of LDL cholesterol (the "bad" cholesterol) and plaque build-up in the blood vessels, and preserving nitric oxide, a key chemical in the body for regulating blood flow and maintaining vessel health.

14.  A key element of Pom Wonderful's marketing campaign has been its concentration on the health benefits associated with pomegranates and pomegranate juice, and its emphasis on the high level of antioxidants contained in POM WONDERFUL® brand juice.

15.  Through its investment of millions of dollars to research and promote the nutritional qualities and health benefits associated with pomegranate juice, Plaintiff largely created the burgeoning market for genuine pomegranate juice that exists today. POM Wonderful's pomegranate juice has, in only six short years, eclipsed all other products in its market segment of super premium juices to take the #1 spot nationwide in supermarket sales, as well as the #1 spots in the key geographic regions of Los Angeles, Chicago, New York, among many others. POM Wonderful's annual supermarket sales have, incredibly, gone from zero to well over $70 million in that same period.

16.  Plaintiff's success has been both good and bad for consumers. On the one hand, consumers have been made aware of the nutritional qualities and health benefits of 100 percent pomegranate juice. On the other hand, unscrupulous competitors have set out to cash in on Plaintiff's success by marketing and selling to consumers products labeled as "pomegranate juice," that in fact contain little or no actual pomegranate juice. Welch's is one such competitor.

## II. WELCH'S AND ITS FALSE ADVERTISING OF ITS WHITE GRAPE POMEGRANATE PRODUCT

17. Welch's markets and sells various bottled juice products under the "Welch's" brand, and is one of Plaintiff's competitors in the bottled pomegranate juice market. Welch's is based in Concord, Massachusetts and, Plaintiff is informed and believes, markets, distributes and sells its products, including its White Grape Pomegranate Product, in Los Angeles County and throughout the United States.

18. In or about 2007, Welch's announced the addition of a new "100% Juice" "White Grape Pomegranate" product to its line of juices.



19. Welch's' White Grape Pomegranate Product purports to combine white grape and pomegranate, the latter being one of nature's most powerful antioxidants. In fact, the main ingredients in Welch's White Grape Pomegranate Product are white grape and apple juice.

20. Notwithstanding that Welch's product actually contains little or no pomegranate juice, both in advertising and on the bottle itself, Welch's characterizes this product as "White Grape & Pomegranate" juice, and includes a prominent depiction of pomegranates in the forefront of its label when, in fact, the primary ingredients are actually white grape and apple juice. By characterizing this product

as "White Grape & Pomegranate," and including the prominent display of pomegranates on the label and packaging, Welch's has confused and misled consumers, who reasonably expect that the primary ingredients are white grape and pomegranate juice. Attached as "Exhibit A" are true and correct copies of photographs of Welch's White Grape Pomegranate Product.

21. In addition to the claims on the product itself, Welch's also maintains a website at www.welchs.com that advertises and markets Welch's product as "white grape pomegranate" juice. Plaintiff is informed and believes that Welch's has engaged in other forms of marketing and advertising of its White Grape Pomegranate Product targeting consumers throughout the United States.

22. Purchasers of Welch's product are likely to be misled and deceived by Welch's product labeling, marketing and advertising. By the name of the product, and by the label that prominently features a depiction of white grapes and pomegranates, one would expect that one of the primary ingredients of Welch's White Grape Pomegranate Product is actually pomegranate juice. However, the primary ingredients are actually white grape and apple juice.

23. Welch's false and misleading advertising of its White Grape Pomegranate Product is damaging to the reputation and goodwill of Plaintiff and is damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase Welch's product over Plaintiff's products. Specifically, Welch's false and misleading representations regarding the primary ingredients of its product imply that its product is of the same composition and quality of blended pomegranate juices such as Plaintiff's blended pomegranate juices, when in fact Welch's has substituted much of the valuable and beneficial substance of pomegranate juice with economically and nutritionally inferior juices such as apple. Welch's suggestive marketing, which includes a prominent depiction of pomegranates in the forefront of the label, on the packaging, and in connection with advertising, leads consumers to believe that White Grape Pomegranate Product

1  is an antioxidant-rich juice product, containing all of the health benefits associated
2  with Plaintiff's products, when in fact it does not.

3       24.    Because the cost to produce Welch's product containing economically
4  inferior components is far less than the cost to produce Plaintiff's blended
5  pomegranate juices, Welch's can charge less for its product than competitors,
6  including Plaintiff, while reaping a substantial profit. In this way, notwithstanding
7  that Welch's product actually contains little (if any) pomegranate juice, Welch's
8  entices consumers who would otherwise buy Plaintiff's product to buy its product
9  instead. In doing so, Welch's wrongfully tricks consumers into thinking that they
10 are getting a product similar to Plaintiff's products for a lower price, when in fact
11 they are getting an economically and nutritionally inferior product.

12      25.    The natural, probable and foreseeable result of Welch's wrongful
13 conduct has been to cause confusion, deception and mistake in the pomegranate
14 juice market as a whole, to deprive Plaintiff of business and goodwill, and to injure
15 Plaintiff's relationships with existing and prospective customers.

16      26.    Plaintiff is informed and believes that Welch's wrongful conduct has
17 resulted in increased sales of Welch's own White Grape Pomegranate Product while
18 hindering the sales of Plaintiff's pomegranate juice products and damaging
19 Plaintiff's goodwill. Plaintiff has sustained and will sustain damages as a result of
20 Welch's wrongful conduct.

### FIRST CLAIM FOR RELIEF
(False Advertising Under Lanham Act § 43(a), 15 U.S.C. 1125(a) Against All Defendants)

24      27.    Plaintiff incorporates by reference Paragraphs 1 through 26 above as
25 though fully set forth herein.

26      28.    Upon information and belief Defendants have made and distributed, in
27 interstate commerce and in this District, advertisements that contain false or
28 misleading statements of fact regarding their products. These advertisements

contain actual misstatements and/or misleading statements and failures to disclose, including, among others, the statement that Defendants' product consists primarily of white grape and pomegranate juice.

29. Upon information and belief, these false statements actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Plaintiff's customers.

30. Defendants' false and misleading advertising statements and omissions injure both consumers and Plaintiff.

31. Defendants' false and misleading advertising statements and omissions violate the Lanham Act § 43(a), 15 U.S.C. §1125(a).

32. Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Plaintiff is entitled to an injunction under 15 U.S.C. §1116 restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further acts of false advertising, and ordering removal of all Defendants' false advertisements.

33. Pursuant to 15 U.S.C. §1117, Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts in violation of Lanham Act § 43(a). Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts.

34. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover from Defendants the gains, profits and advantages that they have obtained as a result of their acts. Plaintiff is at present unable to ascertain the full amount of the gains, profits and advantages Defendants have obtained by reason of their acts.

35. Pursuant to 15 U.S.C. §1117, Plaintiff is further entitled to recover the costs of this action. Moreover, Plaintiff is informed and believes, and on that basis

alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff to recover additional damages and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF

(False Advertising Under Cal. Bus. & Prof. Code § 17500

Against All Defendants)

36. Plaintiff incorporates by reference Paragraphs 1 through 35 above as though fully set forth herein.

37. Defendants knew or in the exercise of reasonable care should have known that their publicly disseminated statements and omissions relating to their White Grape Pomegranate Product were false or misleading. Defendants' false advertising statements and omissions injure consumers and Plaintiff. Defendants' false and misleading statements include, among others, that Defendants' product consists primarily of white grape and pomegranate juice.

38. By making such untrue or misleading statements, Defendants have engaged in false advertising in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §17500, *et seq*.

39. By reason of Defendants' conduct, Plaintiff has suffered injury in fact and has lost money or property.

40. Defendants have caused, and will continue to cause, immediate and irreparable injury to Plaintiff, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. Plaintiff is entitled to an injunction restraining Defendants, their agents, employees, representatives and all persons acting in concert with them from engaging in further such acts, and forbidding Defendants from advertising their White Grape Pomegranate Product as primarily containing white grape and pomegranate juice, and from making other false statements in connection with the product.

41. Plaintiff is further entitled to a restitutionary recovery from Defendants.

## THIRD CLAIM FOR RELIEF

(Statutory Unfair Competition – Cal. Bus. & Prof. Code §17200, *et seq.*
Against All Defendants)

42. Plaintiff incorporates by reference Paragraphs 1 through 41 above as though fully set forth herein.

43. Defendants have made, published, disseminated, and circulated false, deceptive, and misleading statements, representations, and advertisements in California misrepresenting the nature, quality, and characteristics of their White Grape Pomegranate Product with the intent of selling, distributing, and increasing the consumption of, and interest in, their White Grape Pomegranate Product.

44. Defendants' conduct as alleged herein constitutes unfair competition in that such acts were and are unlawful, unfair, deceptive and/or fraudulent business acts or practices in violation of California Business & Professions Code §17200, *et seq.*

45. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered injury in fact, which losses include damage to Plaintiff's good will with its existing, former and potential customers. Defendants' conduct has also caused damage to consumers.

46. These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including loss of customers, dilution of goodwill, confusion of existing and potential customers, and diminution of the value of Plaintiff's products. The harm these wrongful acts will cause to Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain if these acts continue. Plaintiff has no adequate remedy at law.

47. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents, employees, and all persons acting in concert with them from engaging in further such unlawful conduct.

48. Plaintiff is further entitled to a restitutionary recovery from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For temporary, preliminary and permanent injunctive relief prohibiting Defendants, their agents, or anyone working for, in concert with or on behalf of Defendants from engaging in false or misleading advertising with respect to their White Grape Pomegranate Product and/or violating Lanham Act § 43(a), which relief includes but is not limited to removal of all false or misleading advertisements and corrective advertising to remedy the effects of Defendants' false advertising.

2. For an order requiring Defendants to correct any erroneous impression persons may have derived concerning the nature, characteristics, or qualities of their White Grape Pomegranate Product, including without limitation, the placement of corrective advertising and providing written notice to the public.

3. That Defendants be adjudged to have violated 15 U.S.C. §1125(a) by unfairly competing against Plaintiff by using false, deceptive or misleading statements of fact that misrepresent the nature, quality and characteristics of their White Grape Pomegranate Products.

4. That Defendants be adjudged to have unlawfully and unfairly competed against Plaintiff under the laws of the State of California, Cal. Bus. & Prof. Code §17200, *et seq.*

5. That Defendants be adjudged to have unfairly competed against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code §17500, *et seq.*

6. That Plaintiff be awarded damages Plaintiff has sustained in consequence of Defendants' conduct.

7. That Plaintiff be awarded Defendants' profits obtained by Defendant as a consequence of Defendants' conduct.

8. That such damages and profits be trebled and awarded to Plaintiff as a result of Defendants' willful, intentional and deliberate acts in Plaintiff violation of Lanham Act § 43(a).

9. That Plaintiff recover its costs and reasonable attorneys' fees.

10. That all of Defendants' misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. §1118.

11. That Plaintiffs be granted prejudgment and post judgment interest.

12. That Plaintiff have such other and further relief as the Court deems just and proper.

Dated: January 23, 2009

LOEB & LOEB LLP
ANDREW S. CLARE
MARK D. CAMPBELL
DAVID GROSSMAN

By: /s/ Mark D. Campbell
Mark D. Campbell
Attorneys for Plaintiff
POM WONDERFUL LLC

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues properly triable by jury.

Dated: January 23, 2009

LOEB & LOEB LLP
ANDREW S. CLARE
MARK D. CAMPBELL
DAVID GROSSMAN

By: _____
Mark D. Campbell
Attorneys for Plaintiff
POM WONDERFUL LLC

# EXHIBIT A



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

### CV09- 567 AHM (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**ORIGINAL**

MARK D. CAMPBELL (SBN 180628)
mcampbell@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Boulevard, Suite 2200
Los Angeles, CA 90067
Telephone: 310-282-2000
Facsimile: 310-282-2200
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware limited liability company<br><br>PLAINTIFF(S)<br><br>v.<br><br>WELCH FOODS, INC., a Michigan corporation; and DOES 1-10, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09 00567 AHM (AGRx)<br><br>**SUMMONS** |

TO:DEFENDANT(S): WELCH FOODS, INC. and DOES 1-10, INCLUSIVE

A lawsuit has been filed against you.

Within **20** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Mark D. Campbell, Loeb & Loeb, LLP, whose address is 10100 Santa Monica Boulevard, Suite 2200, Los Angeles, CA 90067. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: January 23, 2009        By: _____Powers_____
                                        Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

---

CV-01A (12/07) — SUMMONS — American LegalNet, Inc. www.USCourtForms.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| POM WONDERFUL LLC | WELCH FOODS, INC. and DOES 1-10, inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Mark D. Campbell (SBN 180528)<br>LOEB & LOEB LLP<br>10100 Santa Monica Boulevard, Suite 2200<br>Los Angeles, CA 90067<br>Telephone: 310-282-2000 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. § 1125 False Advertising under the Lanham Act

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV09 00567**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

V-71 (05/08)  CIVIL COVER SHEET  American LegalNet, Inc.  Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Massachusetts |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _/s/ Mark D. Campbell_ Date January 23, 2009
MARK D. CAMPBELL

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |