O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-567 AHM (AGRx) | | Date | December 21, 2009 |
|---|---|---|---|---|
| Title | POM WONDERFUL LLC v. WELCH FOODS, INC. et al. | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | | Not Reported | |
| Deputy Clerk | | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

## I. FACTS

Plaintiff Pom Wonderful LLC ("Pom") produces, markets and sells the "Pom Wonderful" brand bottled pomegranate juice and various pomegranate juice blends. Defendant Welch Foods, Inc. ("Welch") markets and sells various bottled juices under the "Welch's" brand. Starting around 2007, Welch began selling a "White Grape Pomegranate" juice blend that competes with Pom's pomegranate juice products. Complaint ¶¶ 16-17.

On January 23, 2009, Pom filed a complaint against Welch alleging claims for (1) false advertising under the Lanham Act § 43(a), 15 U.S.C. 1125(a); (2) false advertising under California's False Advertising Law ("FAL") Cal. Bus. & Prof. Code § 17500; and (3) unfair competition under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et. seq*. Pom's claims arise out of representations and statements that Welch allegedly made regarding the amount of pomegranate juice that its "White Grape Pomegranate" juice blend contains.

On November 18, 2009, Welch moved for judgment on the pleadings, arguing that Pom lacks standing to bring its false advertising and unfair competition claims. For the reasons stated below, the Court GRANTS Welch's motion.[1]

---

[1] Docket No. 65.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-567 AHM (AGRx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | POM WONDERFUL LLC v. WELCH FOODS, INC. et al. | | |

## II. LEGAL STANDARD

After the pleadings are closed but early enough not to delay the trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). The standard applied on a Rule 12(c) motion is essentially similar to that applied on Rule 12(b)(6) motions; a judgment on the pleadings is appropriate when, even if all the allegations in the complaint are true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005). When determining a motion for judgment on the pleadings, the Court should assume the allegations in the Complaint to be true and construe them in the light most favorable to the plaintiff, and the movant must clearly establish that no material issue of fact remains to be resolved. *McGlinchey v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). However, "conclusory allegations without more are insufficient to defeat a motion [for judgment on the pleadings]." *Id.*

## III. DISCUSSION

Welch argues that Pom lacks standing to pursue its UCL and FAL claims. Specifically, Welch argues that the injury Pom has alleged is not a legally cognizable "injury in fact" and that Pom cannot establish that it "lost money or property," as is required under both the UCL and FAL.

### A. Standing Under the UCL and FAL

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. California's FAL prohibits any "unfair, deceptive, untrue, or misleading advertising." Cal. Bus. & Prof. Code § 17500. "Any violation of the false advertising law" necessarily violates the UCL. *Williams v. Gerber Products Company*, 552 F.3d 934 (9th Cir. 2008).

Previously, a UCL action could be brought by "any person acting for the interests of . . . the general public." Bus. & Prof. Code, former § 17204. Proposition 64, approved by California voters in 2004, "changed the standing requirements for a UCL claim to create a two-prong test: A private person now has standing to assert a UCL claim only if he or she (1) 'has suffered injury in fact,' and (2) 'has lost money or property as a result

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-567 AHM (AGRx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | POM WONDERFUL LLC v. WELCH FOODS, INC. et al. | | |

of such unfair competition.'" *Hall v. Time, Inc.,* 158 Cal. App. 4th 847, 852 (2008), *quoting* Cal. Bus. & Prof. Code § 17204. *See also Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1098 (2007) ("[A] private person has standing to sue under the UCL only if that person has suffered injury and lost money or property 'as a result of such unfair competition.'"). These standing requirements also apply to the FAL. *Buckland v. Threshold*, 155 Cal. App. 4th 798, 819 (2007) ("In approving Proposition 64, the voters made identical findings regarding the UCL and FAL, and amended Business & Professions Code section 17535 to impose the standing requirements and limits placed upon UCL actions.").

"Although the UCL targets a wide range of misconduct, its remedies are limited because UCL actions are equitable in nature." *Buckland v. Threshold Enters*, 155 Cal. App. 4th 798, 812 (2007). Remedies for private individuals bringing suit under the UCL are limited to restitution and injunctive relief. *Madrid v. Perot Systems Corp.*, 130 Cal. App. 4th 440, 452 (2005). "[I]n the context of the UCL, 'restitution' is limited to the return of property or funds in which the plaintiff has an ownership interest (or is claiming through someone with an ownership interest)." *Madrid,* 130 Cal. App. 4th, at 453. To establish "loss of money or property" a plaintiff must have "prior possession or a vested legal interest in the money or property lost.*" Walker v. USAA Cas. Ins. Co.*, 474 F. Supp. 2d 1168, 1172 (E.D. Cal. 2008), *aff'd Walker v. Geico Gen. Ins. Co.*, 558 F.3d 1025 (9th Cir. 2009). "Under the UCL, an individual may recover profits unfairly obtained to the extent that these profits represent monies given to the defendant or benefits in which the plaintiff has an ownership interest." *Korea Supply Co. v. Lockeed Martin Co.*, 29 Cal. 4th 1134, 1148 (2003).

### B. Pom has not alleged an injury-in-fact that is cognizable under the UCL or FAL

In this case, Pom seeks a remedy that is not available to it under the UCL or FAL. Pom alleges that Welch's allegedly misleading advertising has caused "confusion, deception and mistake in the pomegranate juice market as a whole," which has "deprived [Pom] of business and goodwill," "injure[d] [Pom's] relationships with existing and prospective customers," and "resulted in increased sales of Welch's own White Grape Pomegranate Product while hindering the sales of [Pom's] pomegranate juice products . . ." Complaint ¶¶ 25-26. Thus, the damages that Pom seeks are profits that Welch

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-567 AHM (AGRx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | POM WONDERFUL LLC v. WELCH FOODS, INC. et al. | | |

obtained as a result of its allegedly unfair and fraudulent business practices and advertising. The California Supreme Court has previously held that "disgorgement of profits allegedly obtained by means of an unfair business practice" is not "an authorized remedy under the UCL where the profits are neither money taken from a plaintiff nor funds in which the plaintiff has an ownership interest." *Korea Supply*, 29 Cal. 4th at 1152.

In *Korea Supply*, a corporation (Korea Supply Company) represented a defense contractor in a an unsuccessful bid with the Republic of Korea and brought an action against the winning bidder, Lockheed Martin (then Loral Corporation). Korea Supply Company alleged that even though its client's bid was superior, its client was not awarded the contract because "Loral and its agent had offered bribes and sexual favors to key Korean officials." *Id*. at 1140. The court explained that Korea Supply Company did not have an ownership interest in the expected commission it would have received if its client was awarded the contract. The court noted that the expected commission was never in Korea Supply's possession, and that Korea Supply did not have a "vested interest" in the commission. *Id*. at 1149. Rather, Korea Supply sought to recover what was a "contingent expectancy of payment from a third party." *Id*. at 1150.

Although *Korea Supply* was decided before Proposition 64's passage, it is instructive in determining what constitutes "lost money or property" for purposes of the UCL's standing requirement. "Because remedies for individuals under the UCL are restricted to injunctive relief and restitution, the import of the requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution." *Buckland,* 155 Cal. App. 4th at 817 (2007). *See also Walker v. USAA Cas. Ins. Co.* 474 F. Supp.2d 1168, 1172 (E.D. Cal. 2007) ("Accordingly, the People are presumed to have intended that the 'loss of money or property' they required for standing would be interpreted in accordance with the construction already given to the 'lost money or property' required to seek restitution under section 17203.").

Following *Korea Supply*, the California Court of Appeal in *Citizens of Humanity v. Costco Wholesale Corp*., 171 Cal. App. 4th 1, 22 (2009) held that a competitor's alleged harm to its goodwill does not constitute a "loss of money or property as a result of unfair competition sufficient to confer standing[.]" In *Citizens of Humanity,* a high-end jean manufacturer discovered that its jeans were being sold at Costco, a warehouse-type retail

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-567 AHM (AGRx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | POM WONDERFUL LLC v. WELCH FOODS, INC. et al. | | |

store. The jean manufacturer (Citizens of Humanity) alleged that Costco had unlawfully and unfairly obtained the jeans from third parties who had either stolen the jeans or purchased the jeans from Citizens of Humanity on the condition that they would not be resold to other retailers. Citizens of Humanity alleged that it would not have sold its jeans to Costco, and that it was therefore harmed by Costco's actions. The court found that Citizens of Humanity's alleged harm to its goodwill was not a cognizable loss under the UCL, and that therefore Citizens had no standing to pursue either restitution *or* injunctive relief. *Id.* at 22.

In light of these and other cases interpreting standing under the UCL and FAL, Pom has not alleged a loss that would entitle it to restitution. Pom does not allege that Welch is in possession of money or property which Pom possessed, nor has Pom pointed to any money that it has been required to expend as a result of Welch's allegedly unfair business practices or false advertising. Rather, like the plaintiff in *Korea Supply*, Pom seeks to recover "nonrestitutionary disgorgement of profits" that are nothing more than a "contingent expectancy of payment from a third party" — in this case, consumers. *Id.* at 1150.

In *Pom Wonderful, LLC v. Tropicana Products, Inc., et al.,* No. CV 09-566-DSF (C.D. Cal. October 21, 2009), a nearly identical case brought by Pom against one of its competitors in the pomegranate juice market, Judge Fischer reached the same conclusion. In granting Tropicana's motion to dismiss, Judge Fischer explained

> Plaintiff claims that it is entitled to restitution for "its profits which are attributable to [Defendant's] wrongful taking of Plaintiff's vested interest in its rightful share of the pomegranate juice market." (FAC ¶ 51.) Lost profits are not restitution – they are damages. See Kelton v. Stravinski, 138 Cal. App. 4th 941, 949 (2006). And although a plaintiff can recover restitution for lost property in which it had a "vested interest," but did not have actual possession, see Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1149-50 (2003), there is no reasonable definition of vested interest that would include market share. A vested interest is an interest that is "not contingent; unconditional; absolute." Black's Law Dictionary 1699 (9th ed. 2009). The California Supreme Court has likened a vested interest in property to property that can be the subject of a constructive trust. See Korea Supply, 29 Cal. 4th at 1150. Whatever interest that a corporation has in

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-567 AHM (AGRx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | POM WONDERFUL LLC v. WELCH FOODS, INC. et al. | | |

a product's market share clearly does not meet either of these definitions.

*Id*. at 2.[2]

The cases cited by Pom in its opposition do not persuade this Court to reach a different conclusion. In *Juarez v. Arcadia Fin., Ltd.*, 152 Cal. App. 4th 889 (2007), a putative class action, the plaintiffs were seeking to recover money that was once in their possession. The plaintiffs' cars had been repossessed after the plaintiffs defaulted with creditor Arcadia Financial. The plaintiffs' UCL claim arose out of Arcadia's alleged failure to properly notify plaintiffs and putative class members of their right to redeem their vehicles by paying the full balance due under their contracts. The court found that plaintiffs were entitled to discovery to pursue a UCL claim to recover the money that Arcadia obtained by collecting deficiency judgments from the plaintiffs. The court noted that the plaintiffs had alleged a "measurable loss," and that "if the plaintiffs succeed in establishing UCL liability, it will be clear that Arcadia obtained something to which it was not entitled, and that the plaintiff class gave up something its members were entitled to keep." *Id*. at 914. Later, the court explained that "plaintiffs *arguably* have an ownership interest in any profits Arcadia may have gained through interest or earnings on the plaintiffs' money that Arcadia wrongfully held." *Id*. at 915 (emphasis added). Here, Pom has not alleged, and cannot allege in good faith, that at any time Welch has held Pom's money. Unlike in *Juarez*, the lost profits that Pom seeks are not a "measurable loss" and Pom is not seeking to recover anything that was once in its possession.

In *Overstock.com v. Gradient Analytics, Inc.,* 151 Cal. App. 4th 688 (2007), the court held that a publicly traded online retailer had "pleaded 'unlawful, unfair, or fraudulent business acts or practices' resulting in diminution in value of its assets and decline in its market capitalization and other vested interests" that resulted from the defendant's publication of allegedly false reports regarding plaintiff's company. *Id*. at 716. The court's standing analysis in *Overstock.com* did not focus on the "loss of money or property" requirement, but rather on whether the harm that plaintiff alleged was caused

---

[2] In reaching this conclusion, Judge Fischer respectfully disagreed with the contrary decision reached by Judge Otero in *Pom Wonderful, LLC v. The Coca-Cola Co.,* No. CV 08-6237-SJO (C.D. Cal. Sept. 15, 2009). Similarly, this Court respectfully disagrees with Judge Otero's holding.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-567 AHM (AGRx) | Date | December 21, 2009 |
|---|---|---|---|
| Title | POM WONDERFUL LLC v. WELCH FOODS, INC. et al. | | |

by the defendant's actions. *See id.* at 716-719. Thus, the *Overstock.com* court's assumption that the decline in the value of the plaintiff's assets constituted a cognizable loss under the UCL has little, if any bearing on this Court's analysis.

## VI.   CONCLUSION

For the foregoing reasons, the Court finds that Pom has not alleged that it suffered an "injury in fact" or that it "lost money or property" for purposes of pursuing a claim under the UCL or FAL. Pom thus has no standing to pursue a claim under the UCL or FAL for either restitution or injunctive relief. *See Walker v. Geico Ins. Co.*, 558 F.3d 1025 (9th Cir. 2009) (finding that a plaintiff who cannot "establish the requisite 'lost money or property' for purposes of monetary relief under the UCL" is not entitled to injunctive relief under the UCL); *Citizens of Humanity*, 171 Cal. App.4th at 22 (2009) ("Because remedies for individuals under the UCL are restricted to injunctive relief and restitution, the import of the requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution.").[3]

In light of Pom's request for leave to file an amended complaint, the Court grants—with some misgivings—Pom's request. Pom shall file any amended complaint by not later than January 4, 2010.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

|  | : |
|---|---|
| Initials of Preparer | SMO |

---

[3] As Judge Fischer noted in *Pom Wonderful, LLC v. Tropicana Products, Inc., et al.,* No. CV 09-566-DSF (C.D. Cal. October 21, 2009), the recent California Supreme Court decision in *In Re Tobacco II Cases*, 46 Cal. 4th 298 (2009) did not discuss the "loss of money or property" requirement, nor did it disapprove of *Walker* or any of the cited Court of Appeal cases.