ANDREW S. CLARE (SBN 050289)
aclare@loeb.com
MARK D. CAMPBELL (SBN 180528)
mcampbell@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., Ste. 2200
Los Angeles, California 90067-4120
Telephone:   310-282-2000
Facsimile:   310-282-2200

CHRISTOPHER VAN GUNDY (SBN 152359)
cvangundy@roll.com
GARY S. SEDLIK (SBN 181192)
gsedlik@roll.com
ROLL LAW GROUP P.C.
11444 West Olympic Blvd., 10th Floor
Los Angeles, California 90064-1557
Telephone:   310-966-5700
Facsimile:   310-966-5758

Attorneys for Plaintiff
POM WONDERFUL LLC

GREENBERG TRAURIG LLP
Rick L. Shackelford (SBN 151262)
2450 Colorado Ave., Suite 400 East
Santa Monica, CA 90404
Telephone: 310-586-7700
Facsimile: 310-586-7800
Email: shackelfordr@gtlaw.com

Attorneys for Defendant
WELCH FOODS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC,<br><br>              Plaintiff,<br><br>        vs.<br><br>WELCH FOODS, INC., et al.,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.  CV09-00567 AHM (AGRx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Assigned to Hon. Howard A. Matz |

The parties have stipulated to a Protective Order as follows:

### A.    LIMITED SCOPE OF ORDER

1.    In the above-captioned action (the "Action"), the parties expect to exchange confidential and highly confidential information regarding their

respective products that are the subject of this Action.  The parties have stipulated to the entry of this protective order (the "Order") governing the exchange and use of confidential and highly confidential documents and information in discovery. This Order does not govern or restrict the use of any document or information (including information designated as "Confidential" or "Highly Confidential" under this Order) at trial in any manner whatsoever.  When and if the case proceeds to trial, all of the documents and information to be used at trial will be presumptively available to all members of the public, including the press, unless sufficient cause is shown to the district judge in advance of the trial.

2.     Further, this Order does not affect the burden of proof that must be met by a party seeking to protect confidential documents or information that is filed in the court records in this case.  A party seeking to protect information to be filed in the public records must prove that the documents or information meets the standards set forth in *Pintos v. Pacific Creditors Association*, 565 F.3d 1106 (9th Cir. 2009) and other relevant authority.  In meeting that burden, a party may not rely on its own designation of material as "Confidential" or "Highly Confidential" under this Order.

3.     Nothing in this order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from the use or disclosure of information that is publicly known.  Further, nothing in this Order restricts the ability of any party to use or disclose its own confidential material as it deems appropriate.

**B.     GOOD CAUSE STATEMENT**

4.     In discovery in this Lanham Act case, the parties will be required to exchange competitively sensitive information about the opposing parties' business activities to which they and third parties would not otherwise have access, including information regarding the parties' forward-looking plans and

strategies, and analyses of competitive markets.  Allowing the parties or third parties to use such competitively sensitive information would cause harm to the competitive position of the disclosing party.  The parties seek the entry of this order to prevent the unauthorized use or dissemination of confidential information produced in discovery during this Action.

5.     No document, information or thing shall be designated "Confidential" or "Highly Confidential" unless good cause exists for such designation under the standards set forth in *Pintos v. Pacific Creditors Association*, 565 F.3d 1106 (9th Cir. 2009) and other relevant authority.  Good cause exists for the designation of information as "Highly Confidential" when the information has not been made public and falls into one of the following categories:

(a)     confidential future business, marketing or sales plans, including specific business plans, strategies and projections, future marketing plans and strategies, future sales plans and strategies, forward-looking pricing strategies; the development of new product concepts, extensions of existing product lines, and other similar forward-looking information that is kept confidential by the party;

(b)     specific financial information at a level of detail beyond that disclosed in sources available to the public;

(c)     results of research, studies or other complex analyses that the parties expended money to develop or obtain and that would be useful to current or potential competitors.  This category includes, among other things, consumer research studies that the parties commissioned at considerable expense from third parties, complex market analyses provided by third parties under contracts with non-disclosure clauses, and analyses of other competitors in the market;

(d)     terms of contracts with the companies' suppliers or customers that could be used by current or potential competitors in their own negotiations with suppliers or customers;

/ / /

{035586.2}

2

(e)      specific proprietary product formulas or proprietary manufacturing processes; or

(f)      product concepts in development that have not been launched into the market.

6.      Good cause exists for the designation of information as "Confidential" when the information has not been revealed to the public and the information falls into one of the following categories:

(a)      the information is contained in a document or is presented in a form that, when analyzed in conjunction with other information produced in the Action, would reveal information in categories set forth in paragraph 5(a) to (f) above;

(b)      private information about any officer, employee or other individual; or

(c)      commercially sensitive information regarding the development, production, marketing, branding, sales or promotion of the entity's products or finances, the disclosure of which would have the effect of causing harm to the competitive position of the person or entity from which the information is obtained.

7.      The parties shall use reasonable efforts to minimize the amount of material designated as "Confidential" or "Highly Confidential."

8.      This Order applies to such "Confidential" and "Highly Confidential" information furnished in this litigation regardless of the form in which it is transmitted and regardless whether the information is furnished by a party or third party.  Such information may be contained in documents, written discovery responses, declarations, deposition testimony, exhibits, and other materials or testimony provided by any party or third party during this Action. Such materials are collectively referred to as "Discovery Materials" in this Order.

/ / /

{035586.2}

3

PROTECTIVE ORDER

### C.    PROCEDURE FOR DESIGNATION

9.    "Designating Party" may designate Discovery Materials "Confidential" or "Highly Confidential" meeting the standards set forth in paragraphs 6 and 7 by taking the following actions:

(a)    With respect to documents, discovery responses or other written materials furnished by the Designating Party in paper, as .tiff images, or in any other form in which it is possible to add a legend to each page, the Designating Party may designate the material "Confidential" by stamping, inscribing or otherwise marking or designating on each page of a document containing Confidential Information the words "**CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER.**"  The Designating Party may designate the material "Highly Confidential" by marking each page of the document with the words "**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER.**"  Electronic documents produced as .tiff images shall be marked in accordance with this paragraph 9(a).

(b)    With respect to "Confidential" or "Highly Confidential Information" furnished by the Designating Party in a non-paper medium, including, without limitation, video or audio tape, computer discs, CD-ROMs, and DVDs, etc., the Designating Party may designate all information therein as "Confidential" or "Highly Confidential" by affixing the appropriate legend to the outside of the medium or container.

10.    With respect to deposition testimony or other oral testimony to be recorded in a written transcript, the Designating Party may designate information as "Confidential" or "Highly Confidential" by making a statement on the record to that effect during the deposition or proceeding at issue.  The court reporter shall separately bind the designated portion of the deposition transcript and all designated exhibits.  The separately bound deposition material shall be marked in accordance with its designation, as either "**CONFIDENTIAL, SUBJECT TO**

**PROTECTIVE ORDER**" or "**HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO PROTECTIVE ORDER**."  Alternatively, the Designating Party may, within a reasonable time after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific portion (by page and line numbers) that the Designating Party seeks to protect, and all parties to the litigation will mark the pages with the appropriate legends.

### D.   USE AND DISCLOSURE OF DESIGNATED MATERIAL

11.   Information and materials designated "Confidential" or "Highly Confidential" shall be used only for prosecuting or defending this Action, except that a party may use its own "Confidential" or "Highly Confidential Information" for whatever purposes it chooses.  A party using, disseminating or distributing "Confidential" or "Highly Confidential Information" for any purpose other than for use in connection with this Action may be subject to sanctions (including, without limitation, monetary, evidentiary or terminating sanctions, in the Court's discretion), as well as being potentially subject to any disciplinary or other applicable legal proceedings.

12.   Information and materials designated "**CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER**" may only be disclosed to the following individuals:

(a)   The recipient party and officers, directors and/or employees of the recipient party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

(b)   Counsel representing the parties in the Action, and paralegal and clerical staff (whether employees or independent contractors) who are assisting in this litigation;

(c)   Court staff, court reporters and videographers involved in this litigation;

{035586.2}

1            (d)      Independent consultants or experts retained by any party

2  in this case who are expected to testify at trial or employed by counsel in order to

3  assist in preparation for trial or for deposition, so long as they sign a statement

4  agreeing to abide by the terms of this Order, in the form set forth in Exhibit A;

5            (e)      Third-party witnesses during the course of their

6  depositions and otherwise provided that (1) the third party or witness previously

7  created, generated or received the Discovery Material before the Action

8  commenced; or (2) before disclosure of the "Confidential Information" counsel for

9  the parties agree the "Confidential Information" may be shown to the deponent; or

10  (3) the Court has determined that the "Confidential Information" may be shown to

11  the deponent in ruling on a party's objection pursuant to Central District Local Rule

12  37.  Unless the third party or witness previously created, generated or received the

13  Discovery Material, a third-party witness shall not be shown the Discovery Material

14  unless or until the witness signs a statement agreeing to abide by the terms of this

15  order, in the form set forth in Exhibit A.  This requirement for party agreement or

16  Court determination does not apply to expert witnesses or consultants.

17          13.     Information and materials designated **"HIGHLY**

18  **CONFIDENTIAL-ATTORNEYS' EYES ONLY, SUBJECT TO A**

19  **PROTECTIVE ORDER"** may only be disclosed to:

20            (a)     Counsel of record representing the parties in the Action,

21  and paralegal and clerical staff (whether employees or independent contractors)

22  who are assisting in this litigation;

23            (b)     One designated Internal Counsel employed by each party

24  (or party affiliate), so long as such Internal Counsel provides opposing counsel with

25  a declaration under penalty of perjury in the form of Exhibit B;

26            (c)     Court staff, court reporters and videographers involved in

27  this litigation;

28  / / /

{035586.2}

PROTECTIVE ORDER

(d)     Independent consultants or experts retained by any party in this case who are expected to testify at trial or employed by counsel in order to assist in preparation for trial or for deposition, so long as they sign a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A. "Highly Confidential" information shall not be shared with an expert or consultant retained by the non-designating party who has provided, is providing, or is expected to provide any services to any business unit of the retaining party, unless one of the three conditions set forth in subparagraph (e) is met.

(e)     Party or third-party witnesses during the course of their depositions and otherwise provided that (1) the third party or witness previously created, generated or received the Discovery Material before the Action commenced; or (2) before disclosure of the "Highly Confidential" information counsel for the parties agree the "Highly Confidential" information may be shown to the deponent; or (3) the Court has determined that the "Highly Confidential" information may be shown to the deponent in ruling on a party's objection pursuant to Central District Local Rule 37.  Unless the third party or witness previously created, generated or received the Discovery Material, a third-party witness shall not be shown the Discovery Material unless or until the witness signs a statement agreeing to abide by the terms of this order, in the form set forth in Exhibit A.  This requirement for party agreement or Court determination does not apply to expert witnesses or consultants of the non-designating party, except for those who have ever provided, are currently providing, or are expected to provide any services to any business unit of the retaining party.

14.     No person or entity receiving "Confidential" information shall discuss, disseminate, or disclose the "Confidential" information to any person or entity not listed above in paragraph 12.  No person or entity receiving "Highly Confidential" information shall discuss, disseminate, or disclose the "Highly Confidential" information to any person or entity not listed above in paragraph 13.

1   Any person or entity receiving "Confidential" or "Highly Confidential" information

2   shall take measures available to him or her to ensure that no unauthorized person or

3   entity is able to obtain access to the "Confidential" or "Highly Confidential"

4   information.  The provisions of this paragraph, however, do not apply to the Court

5   or to Court personnel.

6            15.   Nothing in this Order affects or limits the producing party's use

7   of its own "Confidential" or "Highly Confidential" information or "Confidential" or

8   "Highly Confidential" information it has created, lawfully possessed or

9   independently generated or discovered, regardless of whether the information is

10  thereafter designated as **"CONFIDENTIAL, SUBJECT TO PROTECTIVE**

11  **ORDER"** or **"HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY,**

12  **SUBJECT TO PROTECTIVE ORDER."**

13  **E.    FILING OF DESIGNATED MATERIAL IN PRE-TRIAL**

14  **PROCEEDINGS**

15           16.   The parties must comply with Local Rule 79-5 for filing

16  "Confidential" or "Highly Confidential" information with the Court in any pre-trial

17  proceeding in this action.  Such filings must be in accordance with the standards set

18  forth in <u>Kamakana v. City & County of Honolulu</u>, 447 F.3d 1172, 1178-81 (9th Cir.

19  2006).  If a party files or seeks to file with the Court material that another party has

20  designated "Confidential" or "Highly Confidential" under this Order, the filing

21  party shall simultaneously file an application to seal the records pursuant to Local

22  Rule 79-5, Local Rule 37, and any other applicable rules and orders that references

23  this Order and that specifically sets forth the terms of this paragraph.  In doing so,

24  the filing party shall only seek to file under seal the portion of such material that is

25  "Confidential" or "Highly Confidential."  An application which seeks to file

26  materials under seal in proceedings before the district judge will be made to the

27  district judge.

28  / / /

{035586.2}

8

## F.    CHALLENGES TO DESIGNATION

17.    A party may challenge the designation of any material as "Confidential" or "Highly Confidential" under this Order under the procedures set forth in Local Rules 37-1 through 37-4.  If the parties are unable to resolve the issue informally pursuant to 37-1, the challenging party may move for an order granting access to the information under less burdensome conditions pursuant to the procedures set forth in Local Rule 37-2 through 37-4.  In making or opposing any motion relating to the designation of confidential information, the party seeking to maintain a document as confidential shall bear the burden of showing specific prejudice or harm will result if a protective order is not granted.

18.    This Order is without waiver of or prejudice to, and specifically reserves the rights and remedies of any party to apply in writing to the Court for a determination, for sufficient cause shown, that: (a) persons not provided for in this Order may or may not receive "Confidential" or "Highly Confidential" information; or (b) this Order be modified or vacated.  Any application for relief pursuant to this section shall be made only after reasonable efforts to meet and confer in good faith have been unsuccessful, and must comply with Local Rules 37-1 to 37-4 or other applicable rule.

## G.    SUBPOENA IN ANOTHER ACTION

19.    In the event any person, party or entity having possession, custody or control of any "Confidential" or "Highly Confidential" information receives a subpoena or other process or order to produce the "Confidential" or "Highly Confidential" information, that person or party shall, within five (5) business days:

(a)    notify, in writing, the attorneys of record of the Designating Party;

(b)    notify, in writing, the attorneys of record, or other representatives if there is no attorney of record, of all persons having an interest in

1  maintaining the confidentiality of the "Confidential" or "Highly Confidential"

2  information and who are known to the recipient of the subpoena, process or order;

3        (c)    furnish all persons notified pursuant to subsections (a) and

4  (b), above, a copy of the subpoena or other process or order; and

5        (d)    provide reasonable cooperation with respect to all

6  procedures set forth in the Order for the protection of the "Confidential" or "Highly

7  Confidential" information.

8        20.    If after receiving the notification set forth in paragraph 19 the

9  Designating Party desires to prevent or limit the requested production of

10  "Confidential" or "Highly Confidential" information, it will be the responsibility of

11  the Designating Party to move to quash or modify the subpoena, or otherwise

12  resolve the issue with the subpoenaing party.

13        **H.    TERM OF ORDER**

14        21.    This Order does not govern or restrict the use of any document

15  or information (including information designated as "Confidential" or "Highly

16  Confidential" under this order) at trial in any manner whatsoever.  When and if the

17  Action proceeds to trial, all of the documents and information to be used at trial will

18  be presumptively available to all members of the public, including the press, unless

19  sufficient cause is shown to the district judge in advance of the trial.

20        22.    The designation of any information, documents, or things as

21  "Confidential" or "Highly Confidential" information pursuant to this Order shall

22  not, in and of itself, raise any inference as to the confidentiality of any information,

23  documents, exhibits, or things marked for identification purposes or introduced into

24  evidence at the trial of this litigation.  Nothing in this Order shall preclude any party

25  from seeking confidential treatment from the Court with respect to such

26  information, documents, exhibits, or things or from raising any available objections,

27  including without limitation objections concerning admissibility, materiality, and

28  privilege. The parties to this Order expressly reserve their rights to object to the

1   manner in which "Confidential" or "Highly Confidential" information may be used
2   in an evidentiary hearing or at trial.  Special procedures or in camera treatment, if
3   any, shall be determined in the future in compliance with any applicable rules and
4   orders.

5          23.   If the action is concluded before trial is commenced, the Order
6   shall remain in full force and effect after such conclusion and the Court shall retain
7   jurisdiction to enforce its terms.  In such a case, all materials, including copies,
8   containing information designated as Confidential or Highly Confidential
9   Information shall be returned to the Producing Party, or shall be disposed of in a
10  manner assuring its confidential destruction, within the following time period:
11  Within 30 days after final termination of this Action either by consensual dismissal
12  with prejudice, after final appellate review has been obtained, or after the time for
13  appeal has lapsed without the filing of an appeal by either of the parties.  Each party
14  shall provide to the Designating Party a declaration certifying compliance with this
15  paragraph.

16         24.   If the action is concluded prior to the commencement of trial,
17  regardless of any other provision of this Order, one copy of all pleadings filed in the
18  Action may be retained by counsel of record for each party, and shall be sealed,
19  designated and stored as **"Confidential or Highly Confidential Information**
20  **Pursuant to Court Order"** and shall remain subject to the terms of this Order.

21     **I.    NO WAIVER**

22         25.   The disclosure of "Confidential" or "Highly Confidential"
23  information pursuant to discovery or the procedures set forth in this Order shall not
24  constitute a waiver of any trade secret or any intellectual property, proprietary,
25  privacy or other rights to or in such information.

26         26.   The inadvertent disclosure of information protected by the
27  attorney-client, work product, or other applicable privilege or protection in this
28  Action shall not constitute a waiver of any valid claim of privilege.  Further, failure

1   to assert a privilege in this Action as to one document or communication shall not

2   be deemed to constitute a waiver of the privilege as to any other document or

3   communication allegedly so protected, even involving the same subject matter,

4   unless the producing party seeks to use or rely upon the privileged material in this

5   Action.  A party that discovers that it has inadvertently produced privileged

6   information shall promptly request its return.  The privileged documents together

7   with all copies thereof shall be returned forthwith to the party claiming privilege.

8   Any notes or other work product made from the documents in question (or their

9   contents) shall be returned along with the documents themselves or destroyed,

10  pursuant to paragraph 27 below.  The party claiming privilege shall thereafter

11  promptly produce a privilege log listing the documents in question and any other

12  party shall thereafter have the right to challenge the assertion of privilege by motion

13  or any other appropriate means.

14          27.    A party who receives apparently privileged materials from the

15  producing party, upon understanding that the document may be privileged or

16  contain confidential attorney work product, must act as follows:

17                  (a)    Cease review of the document.

18                  (b)    Immediately notify opposing counsel by phone and email

19  of the potentially privileged document, taking all reasonable measures to reach

20  opposing counsel.  The reviewer must follow such counsel's instructions regarding

21  the disposition of the material.  The reviewer must also completely refrain from

22  using the material until instruction by opposing counsel is received, which may

23  include returning the document and all copies, and removal of the document from

24  electronic databases with confirmation by the producing party.

25                  (c)    Until such time that the reviewer receives instructions

26  from opposing counsel, the reviewer may not share the document or its contents

27  with other persons.  The reviewer may notify supervising attorneys that a

28  / / /

{035586.2}

1    (d)    potentially privileged document may exist, without

2  sharing its contents, and otherwise advise them or receive advice from them

3  regarding the circumstances.

4    (e)    If the producing party claims the privilege it shall

5  thereafter promptly add the document(s) in question to its privilege log and any

6  other party shall thereafter have the right to challenge the assertion of privilege by

7  motion or any other appropriate means.

8    The Court approves the foregoing Protective Order submitted by the parties,

9  and its terms shall govern all information disclosed and documents and data

10 produced in this Action.

11

12

13 **DATED:  February 3, 2010**

14

15

16 **IT IS SO ORDERED.**    _____

    Magistrate Judge Alicia G. Rosenberg

17

18

19

20

21

22

23

24

25

26

27

28

{035586.2}

13                    PROTECTIVE ORDER

## **PROTECTIVE ORDER EXHIBIT A**

My name is _____.

I work for _____.

My business contact information is:

_____

_____

_____

I have read the attached Stipulated Protective Order ("Order") entered by the Court in the matter of POM WONDERFUL LLC v. WELCH FOODS, INC., et al., United States District Court, Central District of California, Case No. 2:09 CV-00567 AHM (AGRx).

I understand the responsibilities and obligations the Order imposes on me regarding "**Confidential**" or "**Highly Confidential**" information I obtain in this action.

I agree to be bound by all of the provisions of the Order.

I certify that (strike the inaccurate sections of this clause, if any):

I did not receive any "Confidential" or "Highly Confidential" information before signing this Exhibit A;

I meet all requirements for receipt of information and other material designated as "Confidential" or "Highly Confidential" information, pursuant to the Order;

I am not directly employed by any party to this action;

I am not under contract with any party to this action for any purpose other than this action.

I have received a copy of the Order, including an executed copy of this Exhibit A, for my personal use and reference.

I understand that the Court in this matter has the power to enforce the Order, including but not limited to imposing penalties and/or sanctions on anyone who violates the Order.

I agree to submit to the jurisdiction of the United States District Court, Central District of California in matters relating to this Order.

Signature: _____

Date: _____

Print Name: _____

{035586.2}

A                                               PROTECTIVE ORDER

## PROTECTIVE ORDER EXHIBIT B

**DECLARATION OF** _____

    1.    I serve as an internal counsel for

_____ ("Party").  My title is

_____ and my employer is

_____ ("Employer").  I am a licensed attorney in the state(s) of

_____.  In my role as internal counsel, I

have responsibility for directing, overseeing, or otherwise participating in the

litigation of this matter.

    2.    By signing below, I agree that I will not use, convey or

distribute any information learned as a result of the receipt or review of documents

(or other information) pursuant to this Order for any purpose relating to Party's

sales, marketing, pricing, product design, product research and development,

competition, employment, or any other business decision, unless expressly

authorized by this Protective Order or any other Court order.

    3.    I agree to abide by the terms of the Protective Order ("Order")

entered in this action on _____, and  I have informed management and other

relevant Party employees of my duties under that Order.

    4.    "Highly Confidential" information produced by the opposing

party or any third party in this action will be stored in a manner in which it will not

be accessible to any person other than those listed in paragraph 13 of the Order.

Specifically, all data stored on DVDs, CDs or external drives is password protected

accessible only to those persons identified in paragraph 13 of the Order.  Similarly,

the database which stores the produced documents is password protected and only

accessible to those persons identified in paragraph 13 of the Order.  I am familiar

with the controls that are in place to prevent disclosure to or access by any person

1   other than those listed paragraph 13, and I will take measures available to me to

2   enforce those controls and to ensure that they remain in place, including, but not

3   limited to asking all persons with access to the "Highly Confidential" information

4   to read the Order.

5         I declare under penalty of perjury under the laws of the United States that the

6   foregoing is true and correct, and that this Declaration is made on

7   _____ at _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

{035586.2}

PROTECTIVEORDER