1  ANDREW S. CLARE (SBN 050289)
   aclare@loeb.com
2  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
4  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
5  Facsimile:  310-282-2200

6  CHRISTOPHER VAN GUNDY (SBN 152359)
   cvangundy@roll.com
7  GARY SEDLIK (SBN 181192)
   gsedlik@roll.com
8  SOPHIE N. FROELICH (SBN 213194)
   sfroelich@roll.com
9  ROLL LAW GROUP P.C.
   11444 West Olympic Blvd, 10th Floor
10 Los Angeles, California 90064-1557
   Telephone:  310-966-8400
11 Facsimile:  310-966-8810

   RICK SHACKELFORD (SBN 151262)
   shackelfordr@gtlaw.com
   DANIELL NEWMAN (SBN 242834)
   newmandk@gtlaw.com
   GREENBERG TRAURIG LLP
   2450 Colorado Avenue, Suite 400 East
   Santa Monica, CA  90404
   Telephone:  310-586-3857
   Facsimile:  310-586-0557

12 Attorneys for Plaintiff
   POM WONDERFUL LLC

13

14                 UNITED STATES DISTRICT COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16 POM WONDERFUL LLC,                ) Case No. CV-09-00567 AHM (AGRx)
                                     )
17              Plaintiff,           ) **DISCOVERY MATTER**
                                     )
18       v.                          ) **JOINT STIPULATION REGARDING**
                                     ) **PLAINTIFF POM WONDERFUL**
19 WELCH FOODS, INC., et al.,        ) **LLC'S NOTICE OF MOTION AND**
                                     ) **MOTION TO COMPEL DISCOVERY**
20              Defendants.          ) **RESPONSES**
                                     )
21                                   ) **(L.R. 37-2 JOINT STIPULATION)**
                                     )
22                                   ) **[Referred to Magistrate Judge**
                                     ) **Alicia G. Rosenberg]**
23                                   )
                                     )
24                                   ) Hearing:
                                     )   Date:    March 16, 2010
25                                   )   Time:    10:00 a.m.
                                     )   Place:   Courtroom D
26                                   )
                                     )
27                                   ) Discovery cutoff:    May 24, 2010
                                     ) Pretrial conference: August 16, 2010
28                                   ) Trial date:          August 31, 2010

                                            JOINT STIPULATION (L.R. 37-2)
   {036928.1}

## LOCAL RULE 37-2 JOINT STIPULATION

I. **INTRODUCTORY STATEMENTS**

    A.     **Plaintiff POM Wonderful LLC's Introductory Statement**

POM Wonderful LLC ("POM") brings this motion to compel defendant Welch's Food, Inc. ("Welch's") to provide full and complete responses to basic discovery that is directly relevant to the claims POM asserted against Welch's in POM's complaint ("Complaint"). Instead of responding to POM's discovery as required by the federal rules, Welch's instead asserts a variety of baseless and unfounded objections. At the parties' in-person meet and confer, conducted on January 6, 2010, Welch's counsel largely re-asserted Welch's objections, but agreed to supplement (or to consider supplementing) its deficient responses. More than a month later, Welch's has not provided even a single supplemental response, even for those responses that it explicitly agreed to supplement.

Welch's actions are contrary to its basic obligations under the Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule"). Rule 26 is clear:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. […] Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). All of the discovery that is the subject matter of this motion is relevant to POM's claims. Most of it is central to POM's claims. Welch's responses consist largely of boilerplate, inapplicable and irrelevant objections along with incomplete or irrelevant "answers." As provided in the plain language of the federal rules, POM is entitled to full and complete responses to its discovery, as well as a production of all responsive, non-privileged documents.

In this action, POM asserts a claim under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) against Welch's alleging that Welch's falsely advertises its White Grape Pomegranate juice product ("White Grape Pomegranate Product") through its product packaging, design, labeling and advertising. POM's Complaint

{036928.1}

alleges that Welch's has used the White Grape Pomegranate Product's label, packaging, website, and non-label advertising to deceive and mislead consumers into believing that the White Grape Pomegranate Product primarily contains white grape and pomegranate juice, when the primary ingredients are actually white grape and apple juice and the product contains little or no pomegranate juice. See Complaint ¶¶ 17-26. On September 23, 2009, POM served document requests ("RFPs"), interrogatories ("Interrogatories"), and requests for admission ("RFAs") upon Welch's directed at the following subject matters.

**Issue No. 1: Ingredients (RFP Nos. 121, 123, 124; Interrogatory Nos. 1; RFA Nos. 25); Issue No. 2: Testing (RFP Nos. 109, 110, 125, 126, 127; Interrogatory Nos. 2, 3, 18, 19); and Issue No. 3 Main Ingredients (RFA Nos. 25, 27)**

These discovery requests concern the ingredients, and the relative percentages of those ingredients, contained in the White Grape Pomegranate Product (and any related testing related of such ingredients). As alleged in POM's Complaint, POM is informed and believes that responsive information will show that the White Grape Pomegranate Product contains very little, if any, pomegranate juice, and that Welch's is intentionally deceiving consumers regarding the contents of the White Grape Pomegranate Product. The lower the percentage of pomegranate juice that is in the product, the greater the likelihood of confusion. This information is at the core of POM's case and is directly relevant to POM's claims against Welch's.

**Issue No. 4: Financial Information (RFP Nos. 75-95, 103; Interrogatory Nos. 21, 22, 23, 25, 26)**

Welch's profits and damages, including lost profits, are directly relevant to POM's claims under the Lanham Act. Welch's profits are relevant to both a claim for profits and for actual damages. Welch's advertising expenditures from 2006 to the present, and the amount Welch's budgeted for advertising in 2009 and 2010, are directly relevant to the amount of damages that POM seeks in this action and to POM's allegations of false and misleading advertising. Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134; 1145 (9th Cir. 1997) ("A plaintiff who successfully

{036928.1}                                                    JOINT STIPULATION (L.R. 37-2)

establishes a violation of § 43(a) is entitled to recover, "subject to the principles of equity, ... (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."); Adray v. Adry-Mart, Inc., 76 F.3d 984, 988 (9th Cir. 1995).

**Issue No. 5: Packaging, Design, Labeling and Advertising (RFA Nos.1, 2, 4, 13) and Issue No. 6 Related Consumer Communications (RFA Nos. 3, 4, 6, 8, 10, 12, 14, 15, 17, 19, 21, 22, 24, 25, 27)**

Information and documents related to the White Grape Pomegranate Product's packaging, design, labeling and advertising and consumers' reactions to the these subject matters are directly relevant to POM's claims against Welch's. Consumer complaints and other communications relating to the White Grape Pomegranate Product evidence Welch's intent to mislead consumers and also that Welch's wrongfully led consumers to believe that the White Grape Pomegranate Product consisted primarily of white grape and pomegranate juice.

Actual consumer confusion is directly relevant to POM's claims against Welch's under the Lanham Act.  See, e.g., Cytosport, Inc. v. Vital Pharmaceuticals, Inc., 617 F. Supp. 2d 1051, 1073 (E.D. Cal. 2009) (for Lanham Act claim, "Courts in the Ninth Circuit often rely on at least three types of evidence to show actual consumer confusion: "(1) evidence of actual instances of confusion; (2) survey evidence; and (3) inferences arising from judicial comparison of the conflicting marks and the context of their use in the marketplace.").

In summary, POM is entitled to all of the discovery that it seeks from Welch's.[1]  As explained below, the information sought is both relevant and admissible, and Welch's has no legitimate basis to refuse to comply with its obligations under the federal rules.  Through this motion, POM respectfully requests that this Court put an end to Welch's attempt at discovery gamesmanship and order

---

[1] See Section III, below (complete text of Requests for Admission Nos. 1, 2, 3, 4, 6, 8, 10, 12, 13, 14, 15, 17, 19, 21, 22, 24, 25, 27, Document Requests Nos. 75-95, 103, 109, 110, 121, 123, 124, 125, 126, 127, and Interrogatories Nos. 1, 2, 3 18, 19, 21, 22, 23, 25, 26, and Welch's written response to each).

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1  Welch's to provide full and complete responses to each of the discovery requests at

2  issue, and to produce all responsive, non-privileged documents.

3  **B.    Defendant Welch's Introductory Statement**

4  POM's motion to compel, while rife with inflammatory rhetoric and

5  accusations, does little to support any claimed deficiency in Welch's discovery

6  responses.  POM has refused to recognize that Judge Matz's dismissal of the state

7  law claims, which constituted two-thirds of POM's case, has had the effect of

8  altering the scope of discovery.  POM's single remaining claim -- false advertising

9  under the Lanham Act -- is based upon Welch's allegedly marketing its "Welch's

10  100% Juice White Grape Pomegranate Flavored 3 Juice Blend from Concentrate

11  with Added Ingredients" ("Welch's 100% Juice ") as a health beverage.  POM is

12  seeking to leverage the fact that one claim survived a pleading motion as <u>carte</u>

13  <u>blanche</u> to obtain competitive information, based upon POM's theory that, just as in

14  a trademark case, POM can recover Welch's profits.  But this is not a trademark

15  case, and under the Lanham Act POM must directly link its claim to actual

16  advertising by Welch's that POM shows to be both misleading and material.

17  POM has not actually identified any advertising that emphasized the health

18  benefits of Welch's product or targeted "health-conscious consumers" upon which

19  to base its claim.  There is nothing on Welch's label -- or in any other material

20  pertaining to its product -- that makes any claim or reference to either of these

21  claimed health benefits.  POM glosses over the fact that Judge Matz granted

22  Welch's Motion for Judgment on the Pleadings and dismissed POM's state law

23  claims for lack of standing.  POM would have this Court believe that an order

24  dismissing two of its three claims for relief had no impact on the scope of discovery.

25  Welch's begs to differ.  If POM had had standing, then it could have pursued claims

26  under Business & Professions Code Section 17200 for recovery based upon

27  violations of the FDCA.  But those claims have been dismissed -- and with them any

28  / / /

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1    colorable claim for POM to recover Welch's profits from every unit of product it

2    ever sold.

3         There can be no credible claim that every person buying Welch's 100% Juice

4    was confused into believing that they were buying a product identical to POM's or

5    for some perceived health benefit linked with POM.  As such, POM's requested

6    discovery must be more narrowly tailored to target any advertising POM claims is

7    false and misleading.  Without such a showing, POM has not established

8    materiality.  Welch's is prepared to produce discovery responsive to more narrowly

9    tailored requests, but to date POM has refused to narrow its requests, and prefers

10   instead to engage in needless discovery motion practice.

11   **II.**     **ISSUES IN DISPUTE**

12       **A.**     **Legal Standards Governing Determination Of Issues**

13        Pursuant to Rule 26, "[p]arties may obtain discovery regarding any non-

14   privileged matter that is relevant to any party's claim or defense, including the

15   existence, description, nature, custody, condition, and location of any documents or

16   other tangible things and the identity and location of persons who know of any

17   discoverable matter."  Fed. R. Civ. P. 26(b)(1).  "For good cause, the court may

18   order discovery of any matter relevant to the subject matter involved in the action.

19   Relevant information need not be admissible at the trial if the discovery appears

20   reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ.

21   P. 26(b)(1).  For purposes of discovery, relevance is judged by a liberal standard, so

22   that documents which contain material evidence or that which might lead to material

23   evidence relating to the claim or defense of any party are considered relevant to the

24   subject matter involved. <u>Heathman v. United States Dist. Ct. for Central Dist. Of</u>

25   <u>Calif.</u>, 503 F. 2d 1032, 1035 (9th Cir. 1974) ("'Relevance' on discovery has a very

26   broad meaning.").

27        As discussed below with respect to each issue in dispute, POM is entitled to

28   obtain the information sought in its discovery requests to Welch's, all of which is

{036928.1}

1  both "relevant to ]POM's] claim or defense" and "reasonably calculated to lead to

2  the discovery of admissible evidence."  Rule 26(b)(1).

3     **B.    Issue No. 1 In Dispute**

4     Facts and documents relating to the relative percentages of the ingredients

5  contained in Welch's White Grape Pomegranate Product.

6        **1.    POM's Position Re: Issue No. 1**

7     POM's central claim is that Welch's advertising, packaging and labeling

8  misleads consumers regarding the amount of pomegranate juice that is contained in

9  the White Grape Pomegranate Product.  POM expects to show at trial that Welch's

10  product contains little, if any, pomegranate juice, despite Welch's marketing-driven

11  decisions to call its product "White Grape Pomegranate" and to advertise it in

12  conjunction with prominent images of white grapes and pomegranates. (Complaint

13  ¶¶ 20-26).

14     Accordingly, POM seeks discovery regarding the actual percentage of

15  genuine pomegranate juice in the White Grape Pomegranate Product.  POM is

16  informed and believes that this percentage is extremely low (or zero), thereby

17  enabling Welch's to increase its profit margins by substituting juices cheaper than

18  pomegranate juice in its White Grape Pomegranate Product product.  (Complaint ¶¶

19  20-26).

20     Discovery relating to the relative percentages of the ingredients contained in

21  Welch's White Grape Pomegranate Product is plainly relevant to POM's claims.   It

22  not only evidences Welch's consumer deception, but also is relevant in determining

23  damages and lost profits by through an evaluation of the percentages of the various

24  juices (and their respective costs) that Welch's actually uses in its product.  POM

25  has requested this information regarding the White Grape Pomegranate Product's

26  formulation by means of RFPs Nos. 121, 123, 124 and Interrogatory No. 1.  POM is

27  entitled to know the actual relative percentages of the ingredients contained in the

28  White Grape Pomegranate Product because this information is directly relevant to

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1 POM's Lanham Act § 43(a) false advertising claim, and because without it, POM

2 will be unduly prejudiced.

3       Welch's refused to provide POM with the requested information and objected

4 on several grounds, all of which Welch's maintained during the meet and confer

5 session.  First, Welch's objected to providing this information on the grounds that

6 Interrogatory No. 1 and RFPs Nos. 121, 123, and 124 seek evidence that is

7 irrelevant and not reasonably calculated to lead to the discovery of evidence.

8 According to Welch's, the percentages and ingredients are not relevant to this case

9 since Welch's makes no claims regarding the percentages of ingredients in its

10 product.  But this argument misses the point.  POM's Complaint alleges that

11 Welch's marketing, advertising, packaging, label and website relating to its White

12 Grape Pomegranate Product mislead consumers to believe that the product is

13 primarily composed of white grape and pomegranate juice, when it is not.

14 (Complaint ¶¶ 20-26).  Consequently, the relative percentage of each ingredient is

15 both relevant and material to POM's claims of false advertising and damages under

16 the Lanham Act.

17       Second, Welch's refused to produce the requested information on the grounds

18 that the information sought is subject to trade secret protections.  This objection is

19 meritless, particularly since the parties executed a stipulated Protective Order, which

20 the Court entered on February 3, 2010.  Declaration of Gary S. Sedlik ("Sedlik

21 Decl."), ¶ 9.  The Protective Order provides more than ample protection for any

22 information that Welch's may claim to be "sensitive."

23       POM will suffer actual and substantial prejudice if Welch's does not provide

24 full and complete responses to each of these discovery requests.  As set forth above,

25 this information is directly relevant to POM's false advertising claims.  Without

26 basic information such as the actual relative percentages of the ingredients in the

27 White Grape Pomegranate Product, POM, like consumers, must rely upon Welch's

28 misrepresentations in its advertising, packaging and labeling for the purposes of this

JOINT STIPULATION (L.R. 37-2)

{036928.1}

litigation.  Furthermore, the requested information is not readily available from other sources, and POM would incur substantial expenses in conducting its own testing of the White Grape Pomegranate Product.  Lastly, Welch's delay in its response and production of documents creates a significant hardship for POM because of the potential for a large magnitude of documents and depositions that must be completed before the discovery cut-off date, and further inaction by Welch's effectively inhibits POM's ability to meet this deadline.  Therefore, POM respectfully requests that this Court order Welch's to provide full and complete responses to Interrogatory No. 1, and to produce documents in response to RFPs Nos. 121, 123, and 124.

## 2.  Welch's Position Re: Issue No. 1

Welch's has never made a percentage declaration regarding the quantity of any ingredient in Welch's 100% Juice other than to accurately assert that the product as a whole is comprised 100% of a blend of 3 fruit juices.  A consumer cannot be confused by statements that were never made.  Welch's stands on its objections as to Issue No. 1.

## B.  Issue No. 2 In Dispute

The purchase, sourcing, testing, and cost of pomegranate juice concentrate contained in Welch's White Grape Pomegranate Product, as well as persons who have knowledge of the sources.

## 1.  POM's Position Re: Issue No. 2

POM has propounded discovery directed at the purchase (RFP Nos. 109, 110), sourcing (RFP Nos. 125, 126, 127 and Interrogatory Nos. 2, 3,), testing (Interrogatory Nos. 18, 19), and cost of the purported pomegranate juice contained in Welch's White Grape Pomegranate Product.  This discovery is directly relevant to POM's liability and damages contentions.

First, Welch's testing and sourcing information is directly relevant to POM's claims against Welch's.  POM is informed and believes that the requested

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1    information will show that – to the extent Welch's uses pomegranate juice at all in

2    its White Grape Pomegranate Product – the purported pomegranate juice

3    concentrate is adulterated.  This information is relevant and discoverable because

4    POM is informed and believes that Welch's may knowingly be using inferior and/or

5    adulterated pomegranate juice concentrate, further compounding its

6    misrepresentations to consumers about the contents of the White Grape

7    Pomegranate Product.  Discovery directed at these subjects is directly relevant to,

8    and reasonably calculated to establish, the central allegations of POM's case:

9    Welch's marketing, advertising, packaging and labeling deceives consumers

10   regarding the amount of genuine pomegranate juice in the White Grape

11   Pomegranate Product.

12        Second, testing and sourcing discovery is particularly important and relevant

13   because Welch's does not grow its own pomegranates.  Real pomegranate juice is

14   difficult (and expensive) to obtain, and the Complaint alleges that Welch's has

15   sought to utilize cheaper and more readily available juices in order to satisfy

16   consumer demand for genuine pomegranate juice:

17             Because the cost to produce Welch's product

18             containing economically inferior components is far

19             less than the cost to produce Plaintiff's blended

20             pomegranate juices, Welch's can charge less for its

21             product than competitors, including Plaintiff, while

22             reaping a substantial profit.  In this way, Welch's

23             product actually contains little (if any) pomegranate

24             juice, Welch's entices consumers who would

25             otherwise buy Plaintiff's product to buy its product

26             instead.

27   (Complaint, ¶ 24).  Because real pomegranate juice is in short supply on the open

28   market, it is common for companies like Welch's, which lack their own

{036928.1}                                                    JOINT STIPULATION (L.R. 37-2)

pomegranate groves, to blend in cheaper juices, watered down juices, or purchase inadequately tested "pomegranate juice concentrate" sourced from unreliable or fraudulent foreign suppliers—often located in Turkey or Iran.  Further, this information is critical for POM to be able to explain fully to the jury how Welch's is intentionally and knowingly deceiving consumers.

POM's discovery requests therefore are reasonably calculated to determine whether the White Grape Pomegranate Product contains pomegranate juice, and whether any such pomegranate juice is adulterated (and thus non-genuine pomegranate juice).  This information is directly relevant to POM's central claim of false advertising and POM's damages, both of which are material issues in this action.

Further, POM requests the cost of the pomegranate juice concentrate used in the White Grape Pomegranate Product because it is relevant to POM's damages claim for Welch's profits, and is also likely to lead to the discovery of admissible evidence regarding Welch's intent to exploit the market for pomegranate juice.  If Welch's has made minimal or inadequate efforts to ensure that it is purchasing real pomegranate juice concentrate, rather than cheap and adulterated substitute, that fact is directly relevant to POM's claims and allegations in this action.[2]

Finally, the source(s) and cost of Welch's pomegranate juice is relevant to POM's damages claim for Welch's profits because Welch's bears the burden in this action to prove the costs that should reasonably be deducted from its gross sales, leaving its profits as the remainder which may be awarded as damages.  See, Harley-Davidson Inc. v. Selectra Int'l Designs, 855 F. Supp. 275 (E.D. Wis. 1994) (defendant's failure to prove any costs resulted in awarding defendant's entire gross

---

[2] With respect to Interrogatories Nos. 18 and 19, at the meet and confer, Welch's agreed to provide information relating to the testing of its product with the understanding that the scope of these interrogatories is limited to testing as to health benefits or genuineness of the pomegranate juice.  Since this meeting, Welch's has failed to provide such information.  Sedlik Decl., ¶ 9.

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1  sales as profits).  Proof of defendant's costs must be specific.  <u>See</u>, <u>Pillsbury Co. v.</u>
2  <u>Southard</u>, 5 U.S.P.Q.2d 1298 (E.D. Okla. 1987).  POM is entitled to challenge and
3  rebut Welch's evidentiary contentions in that regard, demonstrating that Welch's
4  actual costs for production and sourcing are lower than it contends, and its profit is
5  consequently greater.  Without this information, POM is unable to make those
6  challenges and rebuttals, and cannot accurately and fully assess its damages.

7       In its response to this "testing" discovery, Welch's objected to Interrogatory
8  Nos. 2-3 and RFP Nos. 109, 110, 125-127 on the grounds that the purchase,
9  sourcing, testing, and cost of the pomegranate juice used in its White Grape
10 Pomegranate Product are not relevant nor likely to lead to the discovery of
11 admissible evidence in this case.  As set forth above, and contrary to Welch's
12 baseless objections, the actual contents of Welch's product is a central issue in this
13 case, and POM is entitled to discovery relating to that subject matter, including the
14 identity of those individuals have knowledge of the sourcing of the pomegranate and
15 question them directly as to sourcing.

16      Welch's also claims that the information and documents sought is protected
17 as confidential trade secret. Again, this is a baseless objection, because Welch's has
18 agreed to a protective order that fully preserves the confidentiality of its
19 information.

20      Lastly, Welch's contends that producing this information causes it an undue
21 burden.  As communicated to Welch's during the meet and confer session, POM is
22 willing to narrow the requests to the testing of only pomegranate juice and not any
23 other ingredients that may be in the White Grape Pomegranate Product.  Sedlik
24 Decl., ¶ 9.  The amount of pomegranate juice actually contained in Welch's product
25 is a central fact in this case, and POM is entitled to determine the amount of
26 pomegranate actually contained in the product so that the jury can make a full and
27 informed decision as to whether Welch's advertising is false and misleading.
28 / / /

{036928.1}                                                    JOINT STIPULATION (L.R. 37-2)

1    Welch's failure to produce these responses causes actual and substantial

2   prejudice to POM.  The Complaint alleges that Welch's deceives consumers

3   regarding the amount of pomegranate juice contained in the White Grape

4   Pomegranate Product.  Welch's insists that POM rely on Welch's representation

5   regarding the relative amount of genuine pomegranate juice contained in the White

6   Grape Pomegranate Product, instead of obtaining actual evidence through discovery.

7    Accordingly, POM respectfully requests that this Court order Welch's to

8   provide full and complete responses to POM's discovery directed at the purchase

9   (RFPs Nos. 109, 110), sourcing (RFPs Nos. 125, 126, 127 and Interrogatories Nos.

10   2, 3,), testing (Interrogatories Nos. 18, 19), and cost of the pomegranate juice

11   ingredient which White Grape Pomegranate Product contains.

12              **2.    Welch's Position Re: Issue No. 2**

13    As with Issue No. 1, this request seeks information that would only be

14   material if Welch's had ever represented that the product contains a certain

15   percentage of pomegranate juice, or had made a declaration regarding the source of

16   origin of its product.  It did neither.  No such representation or statement has ever

17   been made and in the absence of such statements, there was nothing upon which

18   consumers could falsely rely.  What POM is really doing is pursuing a phantom

19   "adulteration" claim that it knows full well it has no basis consistent with Rule 11 to

20   assert.  The sources of Welch's pomegranate concentrate have absolutely nothing to

21   do with Welch's advertising.  Welch's stands on its objections as to Issue No. 2.

22   **C.    Issue No. 3 In Dispute**

23    The primary or main ingredients in Welch's White Grape Pomegranate

24   Product.

25              **1.    POM's Position Re: Issue No. 3**

26    RFA Nos. 25 and 27 ask Welch's to admit the primary ingredients of its

27   White Grape Pomegranate Product.  Specifically, RFA No. 25 asks Welch's to

28   admit that its White Grape Pomegranate Product does not primarily consist of

1  pomegranate juice or white grape juice, or a combination of the two.  Similarly,

2  RFA No. 27 asks about the percentage of pomegranate juice in Welch's White

3  Grape Pomegranate Product.  Welch's responds that this information is a trade

4  secret.  For all of the reasons discussed above, this position is meritless, particularly

5  in light of the fact that the parties have agreed to – and the Court has entered – a

6  protective order.

7      Moreover, Welch's position that it is a 'secret' whether its product primarily

8  contains pomegranate or white grape juice borders on an abuse of the discovery

9  process.  Welch's cannot plausibly maintain that whether its product primarily

10  contains pomegranate or white grape juice is a "secret" that nobody – not POM, and

11  not the consumers who purchase the product – is permitted to know.

12      Welch's also objected to these RFAs on the grounds that they were vague and

13  ambiguous.  These objections are baseless as the RFAs use commonly understood

14  terms.

15      Like the other discovery POM seeks, this information is highly relevant to

16  POM's false advertising claims in this case.  POM maintains that Welch's leads

17  consumers to believe its White Grape Pomegranate Product contains significantly

18  more pomegranate juice than it does, and in fact, that it primarily contains

19  pomegranate and white grape juice.  (Complaint, ¶20).  These RFAs are intended to

20  discovery relevant and admissible evidence of this fact from Welch's.

21      Accordingly, POM respectfully requests that this Court order Welch's to

22  provide full and complete responses to POM's discovery directed at the primary

23  ingredient(s) of Welch's White Grape Pomegranate Product (RFA Nos. 25, 27).

24          **2.      Welch's Position Re: Issue No. 3**

25      For the reasoning explained in regards to Issues No. 1 and Issue No. 2,

26  Welch's stands on its objections as to Issue No. 3.

27  / / /

28  / / /

{036928.1}                                                    JOINT STIPULATION (L.R. 37-2)

### D.     Issue No. 4 In Dispute

The amount of money Welch's spent, budgeted, and profited in relation to its White Grape Pomegranate Product.

#### 1.     POM's Position Re: Issue No. 4

RFP Nos. 75-95 and 103, and Interrogatory Nos. 21-23 and 25-26 seek financial information concerning the amount of money Welch's spent, budgeted and profited in relation to its White Grape Pomegranate Product.  This information is directly relevant to POM's claims for lost profits and actual damages in this case, and to the issue of whether Welch's deceived consumers.

Turning first to damages, the Lanham Act Section 35, as codified as 15 U.S.C. Section 1117, governs remedies for claims under the Lanham Act, and provides as follows:

> (a) Profits; damages and costs; attorney fees.  When a violation of any right of the registrant of a mark … shall have been established in any civil action arising under this Act, the plaintiff shall be entitled, subject to the provisions of … [15 U.S.C. §§ 111, 1114], and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.

Interrogatory Nos. 21-23 ask how much Welch's spent and budgeted for 2009 and 2010 for Welch's advertising of the White Grape Pomegranate Product. Interrogatory Nos. 25-26 seek information concerning Welch's gross revenues and gross profits from sales of the White Grape Pomegranate Product.  Similarly, RFPs Nos. 75-95 and 103 seek documents concerning costs and revenue from the sales and advertising of Welch's White Grape Pomegranate Product.

These Interrogatories and RFPs all are directly relevant to damages.  Indeed, as stated in POM's Complaint, POM seeks Welch's profits and damages, including lost profits, under the Lanham Act.  Evidence regarding Welch's profits are relevant both to a claim for profits and to a claim for actual damages.  See Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134; 1145 (9th Cir. 1997); Adray v. Adry-Mart,

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1 <u>Inc.</u>, 76 F.3d 984, 988 (9th Cir. 1995).  Similarly, cost information is relevant to

2 POM's claim under Lanham Act Section 43(a) for Welch's profits from its false

3 advertising.  <u>Southland Sod Farms</u>, 108 F.3d 1134, 1145 (9th Cir. 1997) ("A

4 plaintiff who successfully establishes a violation of § 43(a) is entitled to recover,

5 "subject to the principles of equity, ... (1) defendant's profits, (2) any damages

6 sustained by the plaintiff, and (3) the costs of the action.").

7       Furthermore, it will be Welch's burden in this action to prove the costs that

8 should reasonably be deducted from its gross sales, leaving its profits as the

9 remainder which may be awarded as monetary relief under the Lanham Act.  <u>See</u>,

10 <u>Harley-Davidson Inc. v. Selectra International Designs, Ltd.</u>, 855 F. Supp. 275 (E.D.

11 Wisc. 1994).  Welch's proof of its costs must be specific.  <u>See</u>, <u>Pillsbury Co. v.</u>

12 <u>Southard</u>, 5 U.S.P.Q.2d 1298 (E.D. Okla. 1987).  POM is entitled to challenge and

13 rebut Welch's evidentiary contentions in that regard, demonstrating that Welch's

14 actual costs for production and sourcing are lower than it contends – and its profit is

15 consequently greater.  Without this financial information, POM is severely

16 prejudiced, as POM will be unable to accurately calculate the monetary relief to

17 which it is entitled under the Lanham act.

18       Finally, discovery relating to financial matters, such as the projected budget

19 for advertising, is also directly relevant in that it shows Welch's overall business

20 plan and level of effort (and money spent) in concocting a detailed plan to deceive

21 consumers concerning the contents of its Welch's White Grape Pomegranate

22 Product.

23       For all of these reasons, POM respectfully requests that this Court order

24 Welch's to provide full and complete responses to POM's discovery directed at the

25 financial information concerning the amount of money Welch's spent, budgeted and

26 profited in relation to its White Grape Pomegranate Product  (RFP Nos. 75-95 and

27 103, and Interrogatory Nos. 21-23 and 25-26).

28 ///

JOINT STIPULATION (L.R. 37-2)

{036928.1}

## 2.    <u>Welch's Position Re: Issue 4</u>

### a.    **Discovery Aimed At All Profits Is Unjustifiably Broad.**

In its zeal to discover sensitive financial information from a competitor, POM is attempting to misuse the discovery process. In POM's view, the scope of discovery is dictated by whatever admissions are thrown into a complaint and not dismissed. That is wrong. Both the material allegations of pleading, and the scope of discovery, must be circumscribed by the substantive law. False advertising claims under the Lanham Act are no exception.

The elements of a Lanham Act false advertising claim are well-established: (1) defendant made a false statement about either the plaintiff's or its own product; (2) the false statement was made in commercial advertising or promotion; (3) the statement actually deceived or had a tendency to deceive a substantial segment of its target audience; (4) the deception is material; (5) defendant caused the false statement to enter interstate commerce; and (6) plaintiff has been or is likely to be injured as a result of the statement. E.g., <u>NewCal. Indust., Inc., et. al., v. IKON Office Solution, et. al.</u>, 513 F.3d 1038, 1052 (9th Cir. 2008) cert. denied, 129 S.Ct. 2788 (2009). The offending statement must be one of fact, not puffery, which the Ninth Circuit has defined as follows: "[a] statement is considered puffery if the claim is extremely unlikely to induce consumer reliance." <u>Id.</u> at 1053. Any remedies must be tied to the offending statements. <u>Castrol, Inc. v. Pennzoil Quaker State Co.</u>, 169 F.Supp.2d 332, 343 (D.N.J., 2001).

The over-breadth of POM's discovery is a by-product of the imprecision of its claim. POM refuses to tailor its claim to the elements of the Lanham Act. POM's primary complaint is with Welch's bottle label, which POM alleges is false and misleading because it tells consumers that the product is "primarily" pomegranate juice. Except the label never says that. Instead, the label says (i) the product as a whole is 100% juice; and (ii) it is comprised of a blend of 3 juices, two of which are / / /

JOINT STIPULATION (L.R. 37-2)

white grape and pomegranate.  These statements are true, not misleading and not actionable.

POM also complains that the label has pictures of pomegranates and white grapes on the package.  POM contends that picturing only these 2 fruits makes consumers believe the juice is primarily white grape and pomegranate.  However, white grape and pomegranate are the characterizing flavors of the product, precisely as the name states (Welch's 100% Juice White Grape Pomegranate Flavored 3 Juice Blend from Concentrate with Added Ingredients).  FDA regulations permit product labels to contain the vignettes of fruits that provide the "characterizing flavor." POM's theory would create a proposition that the Lanham Act trumps the FDA's regulations promulgated under the FDCA.

POM has not identified any specific statement Welch's has actually made as the basis for its claim.  Instead, its arguments rest solely on boilerplate averments in its complaint.  That minimal level of detail was enough to get past a motion to dismiss, but POM's discovery requests simply cannot rest upon such generality.

The Lanham Act requires monetary remedies, including any disgorgement of profits, to be tied to specific advertisements, which POM has failed to allege.  As the party seeking discovery, it is POM's burden to provide some principled basis for linking profits discovery to some material false advertising.  There is no basis for POM to recover profits on sales from retailers where POM's products were not available.  There is no basis for POM to recover profits on sales to consumers who prefer the taste of Welch's products over POM' s, and for whom the amount of pomegranate juice was immaterial.  There is no basis to recover profits based on sales to consumers who like the taste of pomegranates, but balk at paying the exorbitant retail price for POM's products.  As propounded, POM's requests are overbroad.

The other shortcoming in POM's discovery is that it is not tailored at all to the materiality element of its claim.  POM has alleged that its advertising of the health

JOINT STIPULATION (L.R. 37-2)

{036928.1}

benefits of pomegranate juice created the market for pomegranate juice. When pressed, however, POM has acknowledged that the only health benefits that are "material" -- i.e., the reason consumers are persuaded to buy POM's pomegranate juice products -- are benefits related to prostate health and atherosclerosis. Indeed, POM has conceded that even its own advertising of other health benefits is "mere puffery." POM made its "puffery" concessions in a motion before Judge Matz in this case, taking the position that consumers would not reasonably rely on most of POM's advertising. POM asserted that only health claims regarding prostate health and atherosclerosis were material. POM is unable to point to any advertising Welch's ever ran -- on its bottle or elsewhere -- on the two health issues that POM contends are material. By POM's own admission, these are the only two types of health claims that are material to consumers' decision to by POM's products. Put another way, POM's only advertising that moves people to buy its product for health benefits involve claims about prostate health and atherosclerosis. By definition, Welch's could not have lured away POM customers by things it never said. And silence will not satisfy the Lanham Act's elements of a statement put into interstate commerce. Welch's will readily agree to produce all discoverable documents relating to sales and profits made during and within some reasonable period of time after it ran any advertising about the prostate health and circulatory health benefits of its product. But POM cannot recover profits from sales not produced by such statements, and POM's motion to compel overbroad discovery should be denied.

This overbroad discovery helps underscore an enormous conceptual problem in POM's case. POM's interrogatory responses in its action against Tropicana identify more than 20 other pomegranate flavored juice blends that compete in what POM categorizes as the "super premium juice" category alone. In such a multi-player competitive market, Lanham Act false advertising cases often involve comparison advertising. See, e.g. Castrol, Inc. v. Pennzoil Company, et. al., 987 F.2d 939 (3d Cir. 1993). Where, as here, Welch's ran no comparative advertising, it

{036928.1}

is impossible for POM to show any impact from Welch's conduct in isolation from that of other players in the category.  But since materiality is an element of POM's claim, it is even more important for POM to be specific regarding the exact advertising and the target audience it claims that advertising was directed towards in order for POM to obtain the kind of far-ranging discovery it seeks.

None of POM's cases compel or even suggest a contrary result.  Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134 (9th Cir. 1997), was a comparative advertising case, and, as such, lends no support for recovery of profits from sales that could not be tied in some way to the advertising -- such as sales that occurred before the ads were run.[3]   Adray v. Adry-Mart, Inc., 76 F.3d 984 (9th Cir. 1995) was a case asserting a claim of infringement of a brand trademark.

Although the type of remedies available in trademark cases are available for violations of section 43 of its Lanham Act, that does not mean violations are established the same way.  Welch's disputes that there has been any Lanham Act violation at all, but even if there was, not every sale of the product during its time in the marketplace violated the Lanham Act (because of non-materiality of statements), and not every sale of Welch's product in a competitive market came at POM's expense.  This is why POM's reliance upon trademark cases is of limited utility. POM also offers passing lip service to basing its claims upon Welch's web site.  However, it offers little more than saying "Welch's has a web site and shows pictures of pomegranate on it" to support its claim.  POM points to nothing that

_____

[3] Notably, the plaintiffs in Southland filed suit quickly after the offending ads began to run and sought injunctive relief to prevent the ads from continuing.  In contrast, POM sat on its hands for years without any complaint about Welch's product, its label or any promotional materials.  Plainly, POM will have a sizeable laches hurdle to overcome, and while the merits of Welch's laches defense are for another court and another day, POM's years of silence underscore the overbreadth of its discovery requests.

JOINT STIPULATION (L.R. 37-2)

{036928.1}

purports to back up its allegation that Welch's targeted health conscious consumers. There are no statements extolling the virtues of pomegranate juice as such, much less any promises that drinking Welch's product will help one live longer, "cheat death," or promote either prostate or heart health. Welch's website does not make any comparisons between its products and POM's, yet comparative advertisements are far and away the leading type of Lanham Act false advertising cases. Indeed, that is why POM is forced to rely so heavily upon trademark cases; it has cited no purely false advertising cases to support either the overbroad discovery or relief it seeks. Finally, with respect to the web site, POM has no basis for claiming that all purchasers of Welch's product even visited the web site, much less were confused by its contents. POM does not care about the web site. This case is about POM's campaign to get the word pomegranate out of the name of Welch's product, and its picture off the label. The web site and any other form of advertising merely gave POM cover to avoid dismissal at the pleading stage on preclusion grounds.

### b. Welch's Has No Objection To Providing Financial Information Including Cost and Profit Information, In Response To Appropriately Tailored Discovery.

To settle any controversy on this issue, Welch's reiterates up front that it is prepared to produce information regarding changes in sales volume, etc., that even arguably could be attributed to actionable advertising. This is the approach taken in Lanham Act false advertising cases. Consider, for example, POM's favorite Ninth Circuit case, Southland Sod Farms. It was a comparative advertising case. 108 F.3d at 1137 (describing the offending comparative advertisements). The case lends no support to any discovery reaching back to the invention of grass, or even from the time the parties began competing. Notably, in the "injury" section of the Southland opinion, all but one of the cases discussed was either (i) a comparative advertising case; or (ii) a trademark or copyright case. See Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197 (9th Cir. 1989) (copyright case); Lindy Pen Co., Inc. v. Bic Pen Corp., 982 F.2d 1400 (9th Cir. 1993), cert. denied, 510 U.S. 815 (1993)

JOINT STIPULATION (L.R. 37-2)

{036928.1}

(trademark infringement); <u>Bandag, Inc. v. Al Bolser's Tire Stores, Inc.</u>, 750 F.2d 903 (Fed. Cir. 1984) (trademark infringement); <u>U-Haul Intl, Inc. v. Jartean, Inc.</u>, 793 F.2d 1034 (9th Cir. 1986) (comparative advertising); <u>Brunswick Corp. v. Spinit Reel Co.</u>, 832 F.2d 513 (10th Cir. 1987) (trademark infringement).  Because POM has identified no comparative advertising by Welch's, and because it has no trademark on the word pomegranate or the picture of pomegranates, these cases do not support POM's argument.

The one outlier case is <u>PPX Enterprises, Inc. v. Audiofidelity Enterprises, Inc.</u>, 818 F.2d 266 (2d Cir. 1987).  This case is even more harmful to POM's position.  There, the plaintiff had specific financial interests in sales of records that featured Jimi Hendrix.  <u>Id.</u> at 268.  Defendant marketed and sold recordings that claimed to feature performances by Hendrix, but which, in reality, "did not contain Hendrix performances at all or contained performances in which Hendrix was merely a background performer or undifferentiated session player."  <u>Id.</u>  The court held that defendant's marketing the recordings as featuring Hendrix was false and violated the Lanham Act.

Unlike the plaintiff in <u>PPX</u>, POM has no property interest in all products that contain pomegranate juice.  If POM could point to some statement in which Welch's advertised its product as "made with POM Wonderful pomegranates," or words to that effect, POM might have an argument, and <u>PPX</u> would support it.  Without such a claim, however, and without any Welch's advertising of heart or prostate health benefits, none of the cases in <u>Southland</u>, or the <u>Southland</u> case itself, remotely fit the facts of this case or support POM's overbroad discovery.

Indeed, the specificity requirement is all the more important in a competitive marketplace, in which consumers have multiple options for pomegranate flavored juice products.  Pomegranate flavored juices are a niche category in the overall juice market.  POM has positioned its products as health food juices -- in essence, a niche within a niche.  But the fact that POM has carved out a niche for itself in the health

food space does not mean POM can bring a Lanham Act claim against other juice companies who are not marketing to POM's niche consumer base.  POM has no property interest in its market share; there is no exclusivity to which POM is entitled.

Consider POM's other oft cited case, <u>Adray v. Adry-Mart, Inc.</u>, 76 F.3d at 984.  That case involved claims of trademark confusion and advertising for a store with a similar name where consumers were potentially confused that one electronics retailer could have been another.  Because of the exclusivity conferred by a brand trademark, if consumers were confused by a similar company name, the only party that could be affected was the plaintiff.  POM enjoys no such exclusive right in this case.  Thus, even assuming POM could prove that consumers really reasonably believed Welch's product was exclusively or primarily pomegranate juice (a belief Welch's firmly believes is foreclosed by the product's full label), it does not follow that they believed the product contained POM's pomegranate juice.  As noted above, there are multiple players even in the 100% pomegranate juice space, not to mention pomegranate juice blends.  Thus, while trademark type remedies are available in Lanham Act false advertising cases, there are significant differences between trademark and false advertising cases.  Based upon the facts of this case, POM's simplistic suggestion that profits discovery is routine in trademark cases (an overstatement in its own right) should be rejected.  Instead, POM needs to tie any effort to get profits discovery to some material statement by which Welch's marketed its juice within POM's niche.

**E.    Issue No. 5 In Dispute**

Welch's White Grape Pomegranate Product packaging, advertising, labeling and design, and consumers' reaction to the packaging, advertising and label design.

**1.    POM's Position Re: Issue No. 5**

Welch's "responses" to RFA Nos. 1, 2, 4 and 13 concerning the packaging, advertising, labeling and design of Welch's White Grape Pomegranate Product are

JOINT STIPULATION (L.R. 37-2)

{036928.1}

not responses at all.  Each purported answer states that Welch's "admits" a non-responsive statement which is different than the question posed.  All of these RFAs go directly to the central claims that POM asserts against Welch's: whether Welch's misleads consumers to believe that its White Grape Pomegranate Product contains a significant amount of pomegranate juice when, in fact, the product contains little, or no, pomegranate juice.

For example, RFA No. 4 asks Welch's to admit that Welch's "use of the phrase 'White Grape Pomegranate' on the front label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT induced some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT."  Instead of responding to POM's RFA, Welch's, after asserting boilerplate objections, replied **"Welch's admits that consumers are able, if they so choose, to see Welch's label, including the words 'White Grape Pomegranate,' on the retail store shelf at point of sale."** Besides being nonsensical, Welch's response has nothing to do with POM's RFA, is not an admission or denial of POM's discovery request, and does not comply with the requirements of the federal rules.

A response to an RFA "must consist of one of the following: an admission; a denial; or a statement detailing why the answering party is unable to admit or deny the matter." Fed. R. Civ. P. 36(a)(4).  Welch's responses to these RFAs are incomplete and do not comply with Welch's discovery obligations pursuant to Fed. R. Civ. P. 36(a)(4).  The responses purport to "admit" qualifying statements that have no relation to the question posed, or fail to state any response at all other than "noting" various positions.  Welch's must admit or deny the question posed as required by Rule 36(a)(4).

Further, to the extent these requests seek discovery relating to Welch's knowledge of consumer confusion, such evidence is directly relevant to POM's claims under the Lanham Act.  See, e.g., Cytosport, Inc. v. Vital Pharmaceuticals, Inc., 617 F. Supp. 2d 1051, 1073 (E.D. Cal. 2009) (for Lanham Act claim, "Courts

JOINT STIPULATION (L.R. 37-2)

{036928.1}

in the Ninth Circuit often rely on at least three types of evidence to show actual consumer confusion: "(1) evidence of actual instances of confusion; (2) survey evidence; and (3) inferences arising from judicial comparison of the conflicting marks and the context of their use in the marketplace.")

For these reasons, POM respectfully requests that this Court order Welch's to provide full and complete responses to POM's discovery relating to the packaging, advertising, labeling and design of Welch's White Grape Pomegranate Product (RFA Nos. 1, 2, 4 and 13).

## 2. **Welch's Position Re: Issue No. 5:**

As phrased, POM's discovery requests ask Welch's to admit to information about the contents of the minds of third-persons. Welch's is not in the position to make any admission regarding what any other person thinks or believes, and properly objected that the requests, as phrased, called for speculation. This objection, and the flaw in POM's question, was pointed out through the meet and confer process, but POM refused to modify the form of its question, preferring instead to pursue an ill-advised discovery motion. Accordingly, Welch's stands on its objections as to Issue No. 5.

## F. **Issue No. 6 In Dispute**

Welch's consumer confusion and deceptive advertising.

## 1. **POM's Position Re: Issue No. 6:**

RFA Nos. 3, 4, 6, 8, 10, 12, 14, 15, 17, 19, 21, 22, and 24 ask Welch's to admit that various phrases or pictures or graphics on its White Grape Pomegranate Product's packaging and label are designed to cause consumers to believe that the White Grape Pomegranate Product mainly consists of white grape and/or pomegranate juice, and/or to induce those consumers to buy the White Grape Pomegranate Product based on Welch's false and misleading representations. Welch's has refused to admit or deny the RFAs, taking the position that the RFAs

/ / /

{036928.1}

1  are overbroad and claiming that the use of common terms such as "volume" and

2  "consists of" render the RFAs vague and ambiguous.

3      Contrary to Welch's claims, the terms used are not overbroad, vague and/or

4  ambiguous.  To the extent any of these common terms might have been considered

5  vague or ambiguous, they were fully explained during the meet and confer session.

6  Nevertheless, Welch's maintains its refusal to provide full and complete responses.

7      These RFAs seek admissions that go to the heart of POM's case and that are

8  directly relevant to POM's claims.  Without a full and complete response, POM will

9  waste time and money to prepare its case for trial regarding issues that should have

10  been resolved by RFA.  Accordingly, POM will be unduly prejudiced if Welch's

11  does not respond.

12      Finally, Welch's objections regarding "speculation" relating to consumer

13  confusion are unfounded (see, RFAs Nos. 4, 6, 8, 10, 12, 15, 17, 19, 21, 24).  As

14  explained in detail during the meet and confer, POM's RFAs do not require Welch

15  to speculate at all.  Sedlik Decl. ¶ 8.  Rather, POM seeks information relating to

16  Welch's <u>actual knowledge</u> of consumer confusion, whether through consumer

17  complaints, inquiries or other communications. Even though Welch's agreed during

18  the meet and confer to respond to all consumer confusion-related discovery based on

19  its actual knowledge, it has failed to do so.

20          **2.      Welch's Position Re: Issue No. 6:**

21      As with Issue No. 5, POM asks Welch's to divine the contents of the minds of

22  third persons.  What's more, POM seeks information regarding the reactions of <u>All</u>

23  purchasers of Welch's 100% Juice.  In addition, as the Court can see from the actual

24  objections Welch's asserted, many of POM's requests to admit seek admissions

25  regarding "health benefits" -- a term POM did not define in its original discovery

26  requests, and, even after a meet and confer, refuses to define now.  Welch's is not

27  required to guess at what POM means by "health benefits" in order to admit or deny

28  the requests.

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1    These requests do not involve a matter of Welch's refusing to provide

2  discovery responses.  Rather, they are stark examples of POM's obstinacy in failing

3  to re-phrase questions in order to permit Welch's to make straight admissions or

4  denials.  Rather than re-phrase, POM has elected to pursue a needless discovery

5  motion.  In the face of such tactics, Welch's has no choice but to stand on its form

6  objections as to Issue No. 6.

7  **III.   THE DISPUTED DISCOVERY REQUESTS AND WELCH'S**

8  **RESPONSES**

9    Following below are POM's Document Requests (75-95, 103, 109, 110, 121,

10  123, 124, 125, 126, 127), Interrogatories (1, 2, 3 18, 19, 21, 22, 23, 25, 26) and

11  Requests for Admission (1, 2, 3, 4, 6, 8, 10, 12, 13, 14, 15, 17, 19, 21, 22, 24, 25,

12  27), along with Welch's written response to each such Request or Interrogatory.

13    **A.    The Disputed Document Requests**

14  **REQUEST FOR PRODUCTION NO. 75:**

15    All DOCUMENTS RELATING TO costs in connection with the production

16  of the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the

17  present.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

19    In addition to the General Objections set forth above, Welch's objects to

20  Request for Production No. 75 to the extent it seeks information protected by the

21  attorney-client privilege, the work product doctrine, and/or any other privilege or

22  immunity. Welch's also objects to this request for the production of documents as

23  overbroad and unduly burdensome. Welch's further objects to the request as vague

24  and ambiguous with respect to the term "costs." Welch's also objects to the extent

25  the request seeks confidential, trade secret, and/or otherwise proprietary information

26  of Welch's.

27    Welch's also objects to the request as neither relevant to the above-captioned

28  proceeding, nor reasonably calculated to lead to the discovery of admissible

1  evidence. More particularly, Welch's contends that POM has failed to assert facts in

2  its Complaint that it suffered any actual loss of money or property required to have

3  standing to assert claims under state law. Welch's has filed a motion for judgment

4  on the pleadings seeking dismissal of POM's state law claims based upon lack of

5  standing.  Pending disposition of that motion, Welch's position is that documents

6  responsive to this request are not relevant to POM's claims for lost profits.

7  Notwithstanding the above objections, but without waiver thereof, Welch's responds

8  as follows: In the event its motion for judgment on the pleadings is denied, Welch's

9  will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg

10 Traurig's Santa Monica office at a mutually convenient date and time to discuss

11 Request for Production No. 76 in order to determine the precise nature and scope of

12 the information sought by Plaintiff.

13 **REQUEST FOR PRODUCTION NO. 76:**

14      All DOCUMENTS RELATING TO costs in connection with DEVELOPING

15 the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the

16 present.

17 **RESPONSE TO REQUEST FOR PRODUCTION NO. 76:**

18      In addition to the General Objections set forth above, Welch's objects to

19 Request for Production No. 76 to the extent it seeks information protected by the

20 attorney-client privilege, the work product doctrine, and/or any other privilege or

21 immunity. Welch's also objects to this request for the production of documents as

22 overbroad and unduly burdensome. Welch's further objects to the request as vague

23 and ambiguous with respect to the term "costs." Welch's also objects to the extent

24 the request seeks confidential, trade secret, and/or otherwise proprietary information

25 of Welch's.

26      Welch's also objects to the request as neither relevant to the above-captioned

27 proceeding, nor reasonably calculated to lead to the discovery of admissible

28 evidence. More particularly, Welch's contends that POM has failed to assert facts in

{036928.1}                                        JOINT STIPULATION (L.R. 37-2)

its Complaint that it suffered any actual loss of money or property required to have standing to assert claims under state law. Welch's has filed a motion for judgment on the pleadings seeking dismissal of POM's state law claims based upon lack of standing. Pending disposition of that motion, Welch's position is that documents responsive to this request are not relevant to POM's claims for lost profits.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: In the event its motion for judgment on the pleadings is denied, Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to discuss Request for Production No. 77 in order to determine the precise nature and scope of the information sought by Plaintiff.

**REQUEST FOR PRODUCTION NO. 77:**

All DOCUMENTS RELATING TO costs in connection with the MARKETING of the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 77:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 77 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's further objects to the request as vague and ambiguous with respect to the term "costs." Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. More particularly, Welch's contends that POM has failed to assert facts in its Complaint that it suffered any actual loss of money or property required to have

{036928.1}                                                    JOINT STIPULATION (L.R. 37-2)

1  standing to assert claims under state law. Indeed, its only claims are nothing more

2  than mislabeled claims for lost profits, which expressly are not recoverable under

3  state law. Welch's has filed a motion for judgment on the pleadings seeking

4  dismissal of POM's state law claims based upon lack of standing. Pending

5  disposition of that motion, Welch's position is that documents responsive to this

6  request are not relevant to POM's claims for lost profits.

7  Notwithstanding the above objections, but without waiver thereof, Welch's

8  responds as follows: In the event its motion for judgment on the pleadings is denied,

9  Welch's will meet and confer with Plaintiff at Welch's headquarters and/or

10  Greenberg Traurig's Santa Monica office at a mutually convenient date and time to

11  discuss Request for Production No. 77 in order to determine the precise nature and

12  scope of the information sought by Plaintiff.

13  **REQUEST FOR PRODUCTION NO. 78:**

14  All DOCUMENTS RELATING TO costs in connection with the

15  ADVERTISING of the WHITE GRAPE POMEGRANATE PRODUCT from its

16  conception to the present.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 78:**

18  In addition to the General Objections set forth above, Welch's objects to

19  Request for Production No. 78 to the extent it seeks information protected by the

20  attorney-client privilege, the work product doctrine, and/or any other privilege or

21  immunity. Welch's also objects to this request for the production of documents as

22  overbroad and unduly burdensome. Welch's further objects to the request as vague

23  and ambiguous with respect to the term "costs." Welch's also objects to the extent

24  the request seeks confidential, trade secret, and/or otherwise proprietary information

25  of Welch's.

26  Welch's also objects to the request as neither relevant to the above-captioned

27  proceeding, nor reasonably calculated to lead to the discovery of admissible

28  evidence. More particularly, Welch's contends that POM has failed to assert facts in

{036928.1}

its Complaint that it suffered any actual loss of money or property required to have standing to assert claims under state law. Welch's has filed a motion for judgment on the pleadings seeking dismissal of POM's state law claims based upon lack of standing. Pending disposition of that motion, Welch's position is that documents responsive to this request are not relevant to POM's claims for lost profits.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: In the event its motion for judgment on the pleadings is denied, Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to discuss Request for Production No. 78 in order to determine the precise nature and scope of the information sought by Plaintiff.

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS RELATING TO costs in connection with distribution of the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 79:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 79 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's further objects to the request as vague and ambiguous with respect to the terms "costs" and "distribution." Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. More particularly, Welch's contends that POM has failed to assert facts in its Complaint that it suffered any actual loss of money or property required to have

{036928.1}

1 standing to assert claims under state law. Welch's has filed a motion for judgment

2 on the pleadings seeking dismissal of POM's state law claims based upon lack of

3 standing. Pending disposition of that motion, Welch's position is that documents

4 responsive to this request are not relevant to POM's claims for lost profits.

5     Notwithstanding the above objections, but without waiver thereof, Welch's

6 responds as follows: In the event its motion for judgment on the pleadings is denied,

7 Welch's will meet and confer with Plaintiff at Welch's headquarters and/or

8 Greenberg Traurig's Santa Monica office at a mutually convenient date and time to

9 discuss Request for Production No. 79 in order to determine the precise nature and

10 scope of the information sought by Plaintiff.

11 **REQUEST FOR PRODUCTION NO. 80:**

12     All DOCUMENTS RELATING TO costs (direct, indirect, overhead, or

13 otherwise) RELATED TO the WHITE GRAPE POMEGRANATE PRODUCT

14 from its conception to the present.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 80:**

16     In addition to the General Objections set forth above, Welch's objects to

17 Request for Production No. 80 to the extent it seeks information protected by the

18 attorney-client privilege, the work product doctrine, and/or any other privilege or

19 immunity. Welch's also objects to this request for the production of documents as

20 overbroad and unduly burdensome. Welch's further objects to the request as vague

21 and ambiguous with respect to the term "costs." Welch's also objects to the extent

22 the request seeks confidential, trade secret, and/or otherwise proprietary information

23 of Welch's.

24     Welch's also objects to the request as neither relevant to the above-captioned

25 proceeding, nor reasonably calculated to lead to the discovery of admissible

26 evidence. More particularly, Welch's contends that POM has failed to assert facts in

27 its Complaint that it suffered any actual loss of money or property required to have

28 standing to assert claims under state law. Welch's has filed a motion for judgment

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1  on the pleadings seeking dismissal of POM's state law claims based upon lack of

2  standing. Pending disposition of that motion, Welch's position is that documents

3  responsive to this request are not relevant to POM's claims for lost profits.

4   Notwithstanding the above objections, but without waiver thereof, Welch's

5  responds as follows: In the event its motion for judgment on the pleadings is denied,

6  Welch's will meet and confer with Plaintiff at Welch's headquarters and/or

7  Greenberg Traurig's Santa Monica office at a mutually convenient date and time to

8  discuss Request for Production No. 80 in order to determine the precise nature and

9  scope of the information sought by Plaintiff.

10 **REQUEST FOR PRODUCTION NO. 81:**

11  All DOCUMENTS RELATING TO budgets or budgeting for the WHITE

12 GRAPE POMEGRANATE PRODUCT including, but not limited to, variance

13 analysis and comparison of actual data to budgeted data.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

15  In addition to the General Objections set forth above, Welch's objects to

16 Request for Production No. 81 to the extent it seeks information protected by the

17 attorney-client privilege, the work product doctrine, and/or any other privilege or

18 immunity. Welch's also objects to this request for the production of documents as

19 overbroad and unduly burdensome. Welch's further objects to the request as vague

20 and ambiguous with respect to the phrases "variance analysis," "actual data," and

21 "budgeted data." Welch's also objects to the extent the request seeks confidential,

22 trade secret, and/or otherwise proprietary information of Welch's.

23  Welch's also objects to the request as neither relevant to the above-captioned

24 proceeding, nor reasonably calculated to lead to the discovery of admissible

25 evidence. More particularly, Welch's contends that POM has failed to assert facts in

26 its Complaint that it suffered any actual loss of money or property required to have

27 standing to assert claims under state law. Welch's has filed a motion for judgment

28 on the pleadings seeking dismissal of POM's state law claims based upon lack of

{036928.1}

JOINT STIPULATION (L.R. 37-2)

1  standing. Pending disposition of that motion, Welch's position is that documents
2  responsive to this request are not relevant to POM's claims for lost profits.

3      Notwithstanding the above objections, but without waiver thereof, Welch's
4  responds as follows: In the event its motion for judgment on the pleadings is denied,
5  Welch's will meet and confer with Plaintiff at Welch's headquarters and/or
6  Greenberg Traurig's Santa Monica office at a mutually convenient date and time to
7  discuss Request for Production No. 81 in order to determine the precise nature and
8  scope of the information sought by Plaintiff

9  **REQUEST FOR PRODUCTION NO. 82:**

10      All DOCUMENTS RELATING TO financial forecasts RELATED TO the
11  WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

13      In addition to the General Objections set forth above, Welch's objects to
14  Request for Production No. 82 to the extent it seeks information protected by the
15  attorney-client privilege, the work product doctrine, and/or any other privilege or
16  immunity. Welch's also objects to this request for the production of documents as
17  overbroad and unduly burdensome. Welch's further objects to the request as vague
18  and ambiguous with respect to the phrase "financial forecasts." Welch's also objects
19  to the extent the request seeks confidential, trade secret, and/or otherwise
20  proprietary information of Welch's.

21      Welch's also objects to the request as neither relevant to the above-captioned
22  proceeding, nor reasonably calculated to lead to the discovery of admissible
23  evidence. More particularly, Welch's contends that POM has failed to assert facts in
24  its Complaint that it suffered any actual loss of money or property required to have
25  standing to assert claims under state law. Welch's has filed a motion for judgment
26  on the pleadings seeking dismissal of POM's state law claims based upon lack of
27  standing. Pending disposition of that motion, Welch's position is that documents
28  responsive to this request are not relevant to POM's claims for lost profits.

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1    Notwithstanding the above objections, but without waiver thereof, Welch's

2  responds as follows: In the event its motion for judgment on the pleadings is denied,

3  Welch's will meet and confer with Plaintiff at Welch's headquarters and/or

4  Greenberg Traurig's Santa Monica office at a mutually convenient date and time to

5  discuss Request for Production No. 82 in order to determine the precise nature and

6  scope of the information sought by Plaintiff.

7  **REQUEST FOR PRODUCTION NO. 83:**

8    All DOCUMENTS RELATING TO financial forecasts RELATED TO

9  YOUR POMEGRANATE JUICE PRODUCTS from its conception to the present.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

11    In addition to the General Objections set forth above, Welch's objects to

12 Request for Production No. 83 to the extent it seeks information protected by the

13 attorney-client privilege, the work product doctrine, and/or any other privilege or

14 immunity. Welch's also objects to this request for the production of documents as

15 overbroad and unduly burdensome. Welch's further objects to the request as vague

16 and ambiguous with respect to the phrase "financial forecasts." Welch's also objects

17 to the extent the request seeks confidential, trade secret, and/or otherwise

18 proprietary information of Welch's.

19    Welch's also objects to the request as neither relevant to the above-captioned

20 proceeding, nor reasonably calculated to lead to the discovery of admissible

21 evidence. More particularly, Welch's contends that POM has failed to assert facts in

22 its Complaint that it suffered any actual loss of money or property required to have

23 standing to assert claims under state law. Welch's has filed a motion for judgment

24 on the pleadings seeking dismissal of POM's state law claims based upon lack of

25 standing. Pending disposition of that motion, Welch's position is that documents

26 responsive to this request are not relevant to POM's claims for lost profits.

27    Notwithstanding the above objections, but without waiver thereof, Welch's

28 responds as follows: In the event its motion for judgment on the pleadings is denied,

{036928.1}

34                        JOINT STIPULATION (L.R. 37-2)

Welch's will meet and confer with Plaintiff at Welch's headquarters and/or
Greenberg Traurig's Santa Monica office at a mutually convenient date and time to
discuss Request for Production No. 83 in order to determine the precise nature and
scope of the information sought by Plaintiff.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS RELATING TO financial models RELATED TO the
WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

In addition to the General Objections set forth above, Welch's objects to
Request for Production No. 84 to the extent it seeks information protected by the
attorney-client privilege, the work product doctrine, and/or any other privilege or
immunity. Welch's also objects to this request for the production of documents as
overbroad and unduly burdensome. Welch's further objects to the request as vague
and ambiguous with respect to the phrase "financial models." Welch's also objects
to the extent the request seeks confidential, trade secret, and/or otherwise
proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned
proceeding, nor reasonably calculated to lead to the discovery of admissible
evidence. More particularly, Welch's contends that POM has failed to assert facts in
its Complaint that it suffered any actual loss of money or property required to have
standing to assert claims under state law. Welch's has filed a motion for judgment
on the pleadings seeking dismissal of POM's state law claims based upon lack of
standing. Pending disposition of that motion, Welch's position is that documents
responsive to this request are not relevant to POM's claims for lost profits.

Notwithstanding the above objections, but without waiver thereof, Welch's
responds as follows: In the event its motion for judgment on the pleadings is denied,
Welch's will meet and confer with Plaintiff at Welch's headquarters and/or
Greenberg Traurig's Santa Monica office at a mutually convenient date and time to

{036928.1}

JOINT STIPULATION (L.R. 37-2)

1 | discuss Request for Production No. 84 in order to determine the precise nature and
2 | scope of the information sought by Plaintiff.

3 | **REQUEST FOR PRODUCTION NO. 85:**

4 |     All DOCUMENTS RELATING TO YOUR profit or loss RELATED TO the
5 | WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present
6 | including, but not limited to, audited or unaudited financial statements, schedules,
7 | product-level balance sheets, profit and loss statements, income statements, expense
8 | statements and cash flow statements.

9 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 85:**

10 |     In addition to the General Objections set forth above, Welch's objects to
11 | Request for Production No. 85 to the extent it seeks information protected by the
12 | attorney-client privilege, the work product doctrine, and/or any other privilege or
13 | immunity. Welch's also objects to this request for the production of documents as
14 | overbroad and unduly burdensome. Welch's also objects to the extent the request
15 | seeks confidential, trade secret, and/or otherwise proprietary information of
16 | Welch's. Welch's further objects to this request as compound.

17 |     Welch's also objects to the request as neither relevant to the above-captioned
18 | proceeding, nor reasonably calculated to lead to the discovery of admissible
19 | evidence. More particularly, Welch's contends that POM has failed to assert facts in
20 | its Complaint that it suffered any actual loss of money or property required to have
21 | standing to assert claims under state law. Welch's has filed a motion for judgment
22 | on the pleadings seeking dismissal of POM's state law claims based upon lack of
23 | standing. Pending disposition of that motion, Welch's position is that documents
24 | responsive to this request are not relevant to POM's claims for lost profits.

25 |     Notwithstanding the above objections, but without waiver thereof, Welch's
26 | responds as follows: In the event its motion for judgment on the pleadings is denied,
27 | Welch's will meet and confer with Plaintiff at Welch's headquarters and/or
28 | Greenberg Traurig's Santa Monica office at a mutually convenient date and time to

1 | discuss Request for Production No. 85 in order to determine the precise nature and
2 | scope of the information sought by Plaintiff.

3 | **REQUEST FOR PRODUCTION NO. 86:**

4 | All DOCUMENTS RELATING TO any cost studies RELATED TO the
5 | WHITE GRAPE POMEGRANATE PRODUCT.

6 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 86:**

7 | In addition to the General Objections set forth above, Welch's objects to
8 | Request for Production No. 86 to the extent it seeks information protected by the
9 | attorney-client privilege, the work product doctrine, and/or any other privilege or
10 | immunity. Welch's also objects to this request for the production of documents as
11 | overbroad and unduly burdensome. Welch's further objects to the request as vague
12 | and ambiguous with respect to the phrase "cost studies." Welch's also objects to the
13 | extent the request seeks confidential, trade secret, and/or otherwise proprietary
14 | information of Welch's.

15 | Welch's also objects to the request as neither relevant to the above-captioned
16 | proceeding, nor reasonably calculated to lead to the discovery of admissible
17 | evidence. More particularly, Welch's contends that POM has failed to assert facts in
18 | its Complaint that it suffered any actual loss of money or property required to have
19 | standing to assert claims under state law. Welch's has filed a motion for judgment
20 | on the pleadings seeking dismissal of POM's state law claims based upon lack of
21 | standing. Pending disposition of that motion, Welch's position is that documents
22 | responsive to this request are not relevant to POM's claims for lost profits.

23 | Notwithstanding the above objections, but without waiver thereof, Welch's
24 | responds as follows: In the event its motion for judgment on the pleadings is denied,
25 | Welch's will meet and confer with Plaintiff at Welch's headquarters and/or
26 | Greenberg Traurig's Santa Monica office at a mutually convenient date and time to
27 | discuss Request for Production No. 86 in order to determine the precise nature and
28 | scope of the information sought by Plaintiff.

JOINT STIPULATION (L.R. 37-2)

{036928.1}

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS RELATING TO the costs of production of the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 87:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 87 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's further objects to the request as vague and ambiguous with respect to the term "costs." Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. More particularly, Welch's contends that POM has failed to assert facts in its Complaint that it suffered any actual loss of money or property required to have standing to assert claims under state law. Welch's has filed a motion for judgment on the pleadings seeking dismissal of POM's state law claims based upon lack of standing. Pending disposition of that motion, Welch's position is that documents responsive to this request are not relevant to POM's claims for lost profits.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: In the event its motion for judgment on the pleadings is denied, Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to discuss Request for Production No. 87 in order to determine the precise nature and scope of the information sought by Plaintiff.

/ / /

/ / /

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS RELATING TO YOUR packaging of the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, the costs associated with packaging.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 88:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 88 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's further objects to the request as vague and ambiguous with respect to the terms "packaging," and "costs." Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. More particularly, Welch's contends that POM has failed to assert facts in its Complaint that it suffered any actual loss of money or property required to have standing to assert claims under state law. Welch's has filed a motion for judgment on the pleadings seeking dismissal of POM's state law claims based upon lack of standing. Pending disposition of that motion, Welch's position is that documents responsive to this request are not relevant to POM's claims for lost profits.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: In the event its motion for judgment on the pleadings is denied, Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to discuss Request for Production No. 88 in order to determine the precise nature and scope of the information sought by Plaintiff.

/ / /

JOINT STIPULATION (L.R. 37-2)

{036928.1}

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS RELATING TO YOUR distribution of the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, the costs associated with distribution.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 89:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 89 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's further objects to the request as vague and ambiguous with respect to the term "costs." Welch's also objects to the extent the request seeks confidential trade secret, and/or otherwise proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. More particularly, Welch's contends that POM has failed to assert facts in its Complaint that it suffered any actual loss of money or property required to have standing to assert claims under state law. Welch's has filed a motion for judgment on the pleadings seeking dismissal of POM's state law claims based upon lack of standing. Pending disposition of that motion, Welch's position is that documents responsive to this request are not relevant to POM's claims for lost profits.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: In the event its motion for judgment on the pleadings is denied, Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to discuss Request for Production No. 89 in order to determine the precise nature and scope of the information sought by Plaintiff.

///

{036928.1}

JOINT STIPULATION (L.R. 37-2)

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS RELATING TO any financial information in connection with the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 90:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 90 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's objects to the expression "financial information" as vague, ambiguous and undefined. Welch's also objects to this request as overbroad and unduly burdensome. Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. More particularly, Welch's contends that POM has failed to assert facts in its Complaint that it suffered any actual loss of money or property required to have standing to assert claims under state law. Welch's has filed a motion for judgment on the pleadings seeking dismissal of POM's state law claims based upon lack of standing. Pending disposition of that motion, Welch's position is that documents responsive to this request are not relevant to POM's claims for lost profits.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: In the event its motion for judgment on the pleadings is denied, Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to discuss Request for Production No. 90 in order to determine the precise nature and scope of the information sought by Plaintiff.

/ / /

/ / /

{036928.1}

**REQUEST FOR PRODUCTION NO. 91:**

All audited or unaudited financial statements, schedules, or other DOCUMENTS RELATING TO product-level balance sheets, income instatements, expense states, or cash flow statements in connection with the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 91:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 91 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's further objects to the request as vague and ambiguous with respect to the term "expense states." Welch's also objects to the extent the request seeks confidential, trade secret; and/or otherwise proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. More particularly, Welch's contends that POM has failed to assert facts in its Complaint that it suffered any actual loss of money or property required to have standing to assert claims under state law. Welch's has filed a motion for judgment on the pleadings seeking dismissal of POM's state law claims based upon lack of standing. Pending disposition of that motion, Welch's position is that documents responsive to this request are not relevant to POM's claims for lost profits.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: In the event its motion for judgment on the pleadings is denied, Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to discuss Request for Production No. 91 in order to determine the precise nature and scope of the information sought by Plaintiff.

JOINT STIPULATION (L.R. 37-2)

{036928.1}

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS RELATING TO the expected or actual financial impact of the WHITE GRAPE POMEGRANATE PRODUCT on YOU including, but not limited to, any impact RELATING TO expected complementary sales of any other of YOUR products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 92:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 92 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's further objects to the request as vague and ambiguous with respect to the phrases "expected or actual financial impact," and "expected complementary sales." Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. More particularly, Welch's contends that POM has failed to assert facts in its Complaint that it suffered any actual loss of money or property required to have standing to assert claims under state law. Welch's has filed a motion for judgment on the pleadings seeking dismissal of POM's state law claims based upon lack of standing. Pending disposition of that motion, Welch's position is that documents responsive to this request are not relevant to POM's claims for lost profits.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: In the event its motion for judgment on the pleadings is denied, Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to

/ / /

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1  discuss Request for Production No. 92 in order to determine the precise nature and

2  scope of the information sought by Plaintiff.

3  **REQUEST FOR PRODUCTION NO. 93:**

4  All DOCUMENTS YOU utilized by YOU in any way in connection with

5  YOUR preparation of federal and (any) state tax returns RELATING TO the

6  WHITE GRAPE POMEGRANATE PRODUCT.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 93:**

8  In addition to the General Objections set forth above, Welch's objects to

9  Request for Production No. 93 to the extent it seeks information protected by the

10  attorney-client privilege, the work product doctrine, and/or any other privilege or

11  immunity. Welch's also objects to this request for the production of documents as

12  overbroad and unduly burdensome. Welch's further objects to the request as vague

13  and ambiguous with respect to the phrase "YOU utilized by YOU." Welch's also

14  objects to the extent the request seeks confidential, trade secret, and/or otherwise

15  proprietary information of Welch's.

16  Welch's also objects to the request as neither relevant to the above-captioned

17  proceeding, nor reasonably calculated to lead to the discovery of admissible

18  evidence. More particularly, Welch's contends that POM has failed to assert facts in

19  its Complaint that it suffered any actual loss of money or property required to have

20  standing to assert claims under state law. Welch's has filed a motion for judgment

21  on the pleadings seeking dismissal of POM's state law claims based upon lack of

22  standing. Pending disposition of that motion, Welch's position is that documents

23  responsive to this request are not relevant to POM's claims for lost profits.

24  Notwithstanding the above objections, but without waiver thereof, Welch's

25  responds as follows: In the event its motion for judgment on the pleadings is denied,

26  Welch's will meet and confer with Plaintiff at Welch's headquarters and/or

27  Greenberg Traurig's Santa Monica office at a mutually convenient date and time to

28  / / /

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1  discuss Request for Production No. 93 in order to determine the precise nature and

2  scope of the information sought by Plaintiff.

3  **REQUEST FOR PRODUCTION NO. 94:**

4      All DOCUMENTS RELATING to the gross revenue generated by the

5  WHITE GRAPE POMEGRANATE PRODUCT, on an annual, quarterly and

6  monthly basis form, from conception to present.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 94:**

8      In addition to the General Objections set forth above, Welch's objects to

9  Request for Production No. 94 to the extent it seeks information protected by the

10  attorney-client privilege, the work product doctrine, and/or any other privilege or

11  immunity. Welch's also objects to this request for the production of documents as

12  overbroad and unduly burdensome. Welch's also objects to the extent the request

13  seeks confidential, trade secret, and/or otherwise proprietary information of

14  Welch's.

15      Welch's also objects to the request as neither relevant to the above-captioned

16  proceeding, nor reasonably calculated to lead to the discovery of admissible

17  evidence. More particularly, Welch's contends that POM has failed to assert facts in

18  its Complaint that it suffered any actual loss of money or property required to have

19  standing to assert claims under state law. Welch's has filed a motion for judgment

20  on the pleadings seeking dismissal of POM's state law claims based upon lack of

21  standing. Pending disposition of that motion, Welch's position is that documents

22  responsive to this request are not relevant to POM's claims for lost profits.

23      Notwithstanding the above objections, but without waiver thereof, Welch's

24  responds as follows: In the event its motion for judgment on the pleadings is denied,

25  Welch's will meet and confer with Plaintiff at Welch's headquarters and/or

26  Greenberg Traurig's Santa Monica office at a mutually convenient date and time to

27  discuss Request for Production No. 94 in order to determine the precise nature and

28  scope of the information sought by Plaintiff.

{036928.1}                                                JOINT STIPULATION (L.R. 37-2)

**REQUEST FOR PRODUCTION NO. 95:**

All DOCUMENTS RELATING to the GROSS PROFIT, VARIABLE PROFIT and NET PROFIT generated by the WHITE GRAPE POMEGRANATE PRODUCT, on an annual, quarterly and monthly basis form, from conception to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 95:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 95 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's. Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. Welch's objects to the terms "GROSS PROFIT," "VARIABLE PROFIT" and "NET PROFIT" as defined by Plaintiffs for purposes of these Requests for Production. To the extent that Plaintiff's definitions deviate from U.S. Generally Accepted Accounting Principles (GAAP), Welch's cannot be expected to compile information that it does not track under company accounting policy. For the term "VARIABLE PROFIT," if this term is a GAAP term, Plaintiff must provide the authoritative source of the definition because as it stands Plaintiffs definition including the term "variable selling expenses" is too imprecise and ambiguous to allow for a meaningful response.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. More particularly, Welch's contends that POM has failed to assert facts in its Complaint that it suffered any actual loss of money or property required to have standing to assert claims under state law. Welch's has filed a motion for judgment

JOINT STIPULATION (L.R. 37-2)

{036928.1}

on the pleadings seeking dismissal of POM's state law claims based upon lack of standing. Pending disposition of that motion, Welch's position is that documents responsive to this request are not relevant to POM's claims for lost profits.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: In the event its motion for judgment on the pleadings is denied, Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to discuss Request for Production No. 95 in order to determine the precise nature and scope of the information sought by Plaintiff.

**REQUEST FOR PRODUCTION NO. 103:**

All DOCUMENTS RELATING TO the cost of producing a pure pomegranate juice.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 103:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 103 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's further objects to the request as vague and ambiguous with respect to the terms "cost" and "pure," as plaintiff has used those terms. Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's. Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to discuss Request for Production No. 103 in order to determine the precise nature and scope of the information sought by Plaintiff.

JOINT STIPULATION (L.R. 37-2)

{036928.1}

**REQUEST FOR PRODUCTION NO. 109:**

All DOCUMENTS RELATING TO YOUR purchase of pomegranates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 109:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 109 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's. Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to discuss Request for Production No. 109 in order to determine the precise nature and scope of the information sought by Plaintiff. Having said that, if this request, or others like it, are plaintiffs attempt to obtain documents regarding Welch's purchasing or sourcing of pomegranate concentrate, then based upon its objections, Welch's will not produce any such documents.

**REQUEST FOR PRODUCTION NO. 110:**

ALL DOCUMENTS RELATING TO YOUR purchase of pomegranate juice concentrate used in the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, all contracts and invoices RELATING TO those purchases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 110:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 110 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or

{036928.1}

JOINT STIPULATION (L.R. 37-2)

1  immunity. Welch's also objects to this request for the production of documents as
2  overbroad and unduly burdensome. Welch's also objects to the extent the request
3  seeks confidential, trade secret, and/or otherwise proprietary information of
4  Welch's. Welch's also objects to the request as neither relevant to the above-
5  captioned proceeding, nor reasonably calculated to lead to the discovery of
6  admissible evidence.

7      Notwithstanding the above objections, but without waiver thereof, Welch's
8  responds as follows: Welch's will meet and confer with Plaintiff at Welch's
9  headquarters and/or Greenberg Traurig's Santa Monica office at a mutually
10 convenient date and time to discuss Request for Production No. 110 in order to
11 determine the precise nature and scope of the information sought by Plaintiff.
12 Having said that, if this request, or others like it, are plaintiffs attempt to obtain
13 documents regarding Welch's purchasing or sourcing of pomegranate concentrate,
14 then based upon its objections, Welch's will not produce any such documents.

15 **REQUEST FOR PRODUCTION NO. 121:**

16     All DOCUMENTS RELATING TO the ingredients contained in the WHITE
17 GRAPE POMEGRANATE PRODUCT.

18 **RESPONSE TO REQUEST FOR PRODUCTION NO. 121:**

19     In addition to the General Objections set forth above, Welch's objects to
20 Request for Production No. 121 to the extent it seeks information protected by the
21 attorney-client privilege, the work product doctrine, and/or any other privilege or
22 immunity. Welch's also objects to this request for the production of documents as
23 overbroad and unduly burdensome. Welch's also objects to this request for the
24 production of documents as vague and ambiguous with respect to the term
25 "contained." Welch's also objects to the extent the request seeks confidential, trade
26 secret, and/or otherwise proprietary information of Welch's.

27     Welch's also objects to the request as neither relevant to the above-captioned
28 proceeding, nor reasonably calculated to lead to the discovery of admissible

{036928.1}                                                    JOINT STIPULATION (L.R. 37-2)

evidence. Welch's has made no statement or representation as to the relative percentages of any of the constituent juices in its White Grape Pomegranate Flavored 3 Juice Blend.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: details regarding Welch's products at the ingredient level are proprietary to Welch's and constitute protected trade secrets that are not subject to discovery.

**REQUEST FOR PRODUCTION NO. 123:**

All DOCUMENTS RELATING to the percentage of pomegranate juice in the WHITE GRAPE POMEGRANATE PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 123:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 123 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's also objects to this request for the production of documents as vague and ambiguous with respect to the term "percentage. Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. Welch's has made no statement or representation as to the relative percentages of any of the constituent juices in its White Grape Pomegranate Flavored 3 Juice Blend.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: details regarding Welch's products at the ingredient level are proprietary to Welch's and constitute protected trade secrets that are not subject to discovery.

JOINT STIPULATION (L.R. 37-2)

{036928.1}

**REQUEST FOR PRODUCTION NO. 124:**

All DOCUMENTS RELATING to the percentage of each juice other than pomegranate juice in the WHITE GRAPE POMEGRANATE PRODUCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 124:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 124 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's also objects to this request for the production of documents as vague and ambiguous with respect to the term "percentage." Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. Welch's has made no statement or representation as to the relative percentages of any of the constituent juices in its White Grape Pomegranate Flavored 3 Juice Blend.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: details regarding Welch's products at the ingredient level are proprietary to Welch's and constitute protected trade secrets that are not subject to discovery.

**REQUEST FOR PRODUCTION NO. 125:**

All DOCUMENTS RELATING TO the SOURCE(S) of pomegranate juice contained in the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, all test results, certificates and reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 125:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 125 to the extent it seeks information protected by the

51

attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. Welch's has made no statement or representation as to the source of its pomegranate juice concentrate used in its White Grape Pomegranate Flavored 3 Juice Blend.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to discuss Request for Production No. 125 in order to determine the precise nature and scope of the information sought by Plaintiff. Having said that, if this request, or others like it, are plaintiff s attempt to obtain documents regarding Welch's purchasing or sourcing of pomegranate concentrate or other ingredients, then based upon its objections, Welch's will not produce any such documents.

**REQUEST FOR PRODUCTION NO. 126:**

All DOCUMENTS RELATING TO the SOURCE(S) of each ingredient including, but not limited to, each juice, in the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, all test results, certificates and reports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 126:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 126 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as

{036928.1}                                              JOINT STIPULATION (L.R. 37-2)

overbroad and unduly burdensome. Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

Welch's also objects to the request as neither relevant to the above-captioned proceeding, nor reasonably calculated to lead to the discovery of admissible evidence. Welch's has made no statement or representation as to the source of any of the constituent juices in its White Grape Pomegranate Flavored 3 Juice Blend.

Notwithstanding the above objections, but without waiver thereof, Welch's responds as follows: Welch's will meet and confer with Plaintiff at Welch's headquarters and/or Greenberg Traurig's Santa Monica office at a mutually convenient date and time to discuss Request for Production No. 126 in order to determine the precise nature and scope of the information sought by Plaintiff. Having said that, if this request, or others like it, are plaintiff s attempt to obtain documents regarding Welch's purchasing or sourcing of pomegranate concentrate, then based upon its objections, Welch's will not produce any such documents.

**REQUEST FOR PRODUCTION NO. 127:**

All DOCUMENTS RELATING TO the location and address of the SOURCE(S) of each ingredient including, but not limited to, each juice, in the WHITE GRAPE POMEGRANATE PRODUCT including, if not in the United States, country of origin and region.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 127:**

In addition to the General Objections set forth above, Welch's objects to Request for Production No. 127 to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, and/or any other privilege or immunity. Welch's also objects to this request for the production of documents as overbroad and unduly burdensome. Welch's also objects to the extent the request seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

{036928.1}

1    Welch's also objects to the request as neither relevant to the above-captioned

2    proceeding, nor reasonably calculated to lead to the discovery of admissible

3    evidence. Welch's has made no statement or representation as to the source of any

4    of the constituent juices in its White Grape Pomegranate Flavored 3 Juice Blend.

5        Notwithstanding the above objections, but without waiver thereof, Welch's

6    responds as follows: Welch's will meet and confer with Plaintiff at Welch's

7    headquarters and/or Greenberg Traurig's Santa Monica office at a mutually

8    convenient date and time to discuss Request for Production No. 126 in order to

9    determine the precise nature and scope of the information sought by Plaintiff.

10   Having said that, if this request, or others like it, are plaintiffs attempt to obtain

11   documents regarding Welch's purchasing or sourcing of pomegranate concentrate,

12   then based upon its objections, Welch's will not produce any such documents.

13   **B.    The Disputed Interrogatories**

14   **INTERROGATORY NO. 1**

15       State all ingredients in YOUR WHITE GRAPE POMEGRANATE JUICE

16   PRODUCT, including the relative percentage of each ingredient.

17   **RESPONSE TO INTERROGATORY NO. 1**

18       In addition to the General Objections set forth above, Welch's objects to this

19   interrogatory on the ground that it calls for confidential trade secret information, and

20   seeks information that is neither relevant to the current dispute nor reasonably

21   calculated to lead to the discovery of admissible evidence.

22   **INTERROGATORY NO. 2**

23       IDENTIFY all SOURCE(S) of the pomegranate juice contained in YOUR

24   WHITE GRAPE POMEGRANATE JUICE PRODUCT including, but not limited to

25   the growers of the pomegranates, the SOURCE(S) of pomegranate concentrate, if

26   any, and the SOURCE(S) of pomegranate juice, if any.

27   ///

28   ///

JOINT STIPULATION (L.R. 37-2)

{036928.1}

**RESPONSE TO INTERROGATORY NO. 2**

In addition to the General Objections set forth above, Welch's objects to Interrogatory No.2 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Welch's further objects to the extent the interrogatory seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

The rationale for this objection is as follows: Welch's has never made a representation to consumers regarding where any of its pomegranates are grown or sourced, nor has the Plaintiff made any such allegations.  Moreover, POM's complaint contains no claim that the pomegranate juice used by Welch's is not 100% pomegranate juice.

Welch's is happy to meet and confer with POM to determine if a properly narrowed interrogatory might be relevant even for discovery purposes.

**INTERROGATORY NO. 3**

IDENTIFY all PERSONS with knowledge of the SOURCE(S) of the pomegranate juice in YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT, including, but not limited to the growers of the pomegranates, the SOURCE(S) of pomegranate concentrate, if any, and the SOURCE(S) of pomegranate juice, if any.

**RESPONSE TO INTERROGATORY NO. 3**

In addition to the General Objections set forth above, Welch's objects to Interrogatory No.3 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Welch's also objects to the interrogatory as overbroad and unduly burdensome. Welch's also objects to this interrogatory as vague and ambiguous with respect to the terms and phrases "growers." Welch's further objects to the extent the interrogatory seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

*See* Response to Interrogatory No.2.

JOINT STIPULATION (L.R. 37-2)

{036928.1}

**INTERROGATORY NO. 18**

IDENTIFY each test YOU performed RELATING TO the ingredients contained in YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT including, but not limited to, the purpose of each test, the date of each test, and the PERSON(S) who conducted each test.

**RESPONSE TO INTERROGATORY NO. 18**

In addition to the General Objections set forth above, Welch's objects to Interrogatory No. 18 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Welch's also objects to this interrogatory as vague and ambiguous with respect to the term "test." Welch's further objects to the extent the interrogatory seeks confidential, trade secret, and/or otherwise proprietary information of Welch's. Welch's is happy to meet and confer with POM counsel to gain a better understanding of what POM is seeking through this interrogatory, but Welch's is unable to respond further to the interrogatory as phrased.

**INTERROGATORY NO. 19**

IDENTIFY all DOCUMENTS RELATING TO the testing of the ingredients contained in your WHITE GRAPE POMEGRANATE JUICE PRODUCT including, but not limited to, all test reports, results, data, notes, memoranda, correspondence and emails RELATING TO each test.

**RESPONSE TO INTERROGATORY NO. 19**

In addition to the General Objections set forth above, Welch's objects to Interrogatory No. 19 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Welch's further objects to the interrogatory as overbroad and unduly burdensome. Welch's also objects to this interrogatory as vague and ambiguous with respect to the terms and phrases "testing," "test reports," "results," "data," "notes," "memoranda," "correspondence." Welch's objects to the extent the interrogatory seeks confidential, trade secret, and/or otherwise proprietary information of Welch's. Welch's is happy to meet and confer with POM counsel to

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1  gain a better understanding of what POM is seeking through this interrogatory, but

2  Welch's is unable to respond further to the interrogatory as phrased.

3  **INTERROGATORY NO. 21**

4      How much money on average have YOU paid per gallon each calendar year

5  from 2006 to the present for the pomegranate juice concentrate that is used in your

6  WHITE GRAPE POMEGRANATE JUICE PRODUCT?

7  **RESPONSE TO INTERROGATORY NO. 21**

8      In addition to the General Objections set forth above, Welch's objects to

9  Interrogatory No. 21 as neither relevant nor reasonably calculated to lead to the

10  discovery of admissible evidence. Specifically, since Welch's has not made any

11  representations to consumers about where its pomegranate juice concentrate came

12  from, any information about the source of Welch's pomegranate concentrate is not

13  relevant even for discovery purposes. Additionally, to the extent this interrogatory is

14  aimed at discovering financial information from Welch's in support of a

15  disgorgement remedy, Welch's has filed a motion to dismiss POM's state law

16  claims for lack of standing, and, based upon that motion, Welch's takes the position

17  that no financial or profit information is relevant fro discovery purposes. Welch I s

18  further objects to the interrogatory as it seeks confidential, trade secret, and/or

19  otherwise proprietary information of Welch's. In the unlikely event the court

20  determines POM does have standing to pursue its state law claims, Welch's is happy

21  to revisit this issue in a meet and confer process.

22  **INTERROGATORY NO. 22**

23      How much money have YOU spent each calendar year from 2006 to the

24  present to ADVERTISE YOUR WHITE GRAPE POMEGRANATE JUICE

25  PRODUCT?  Please specify the amount spent each year on each advertising

26  medium, e.g., television, print, internet, product placement, etc.

27  / / /

28  / / /

JOINT STIPULATION (L.R. 37-2)

{036928.1}

**RESPONSE TO INTERROGATORY NO. 22**

In addition to the General Objections set forth above, Welch's objects to Interrogatory No. 22 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Welch's further objects to this interrogatory as overbroad and unduly burdensome. Welch's also objects to this request to the extent Welch's does not record its advertising expenditures as including "advertising plans or strategies, in-store point-of-sale materials, product label, radio, internet, billboards, prints, newspapers, magazines, television and movie product placement," and to the extent it does not consider certain of these forms to be "advertising." Welch's also objects to this interrogatory to the extent Welch's does not maintain its advertising records according to the amount spent per type of medium. Welch's further objects to the extent the interrogatory seeks confidential, trade secret, and/or otherwise proprietary information of Welch's. Subject to the foregoing objections, Welch's responds that it has not bought any advertising time or space for its White Grape Pomegranate Flavored 3 Juice Blend.

**INTERROGATORY NO. 23**

How much money have YOU budgeted for the calendar years 2009 and 2010 for ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT. Please specify the amount spent each year on each advertising medium, e.g., television, print, internet, product placement, etc.

**RESPONSE TO INTERROGATORY NO. 23**

In addition to the General Objections set forth above, Welch's objects to Interrogatory No. 23 as neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Welch's also objects to this interrogatory as overbroad and unduly burdensome and compound. Welch's further objects to the extent the interrogatory seeks confidential, trade secret, and/or otherwise proprietary information of Welch's.

/ / /

JOINT STIPULATION (L.R. 37-2)

{036928.1}

**INTERROGATORY NO. 25**

State the gross revenue generated by the sale of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT on an annual, quarterly and monthly basis from its launch to the present.

**RESPONSE TO INTERROGATORY NO. 25**

Welch's objects to this interrogatory on relevance grounds. To the extent this interrogatory is aimed at discovering financial information from Welch's in support of a disgorgement remedy, Welch's has filed a motion to dismiss POM's state law claims for lack of standing, and, based upon that motion, Welch's takes the position that no financial or profit information is relevant for discovery purposes. Welch's further objects to the interrogatory as it seeks confidential, trade secret, and/or otherwise proprietary information of Welch's. In the event the court determines POM does have standing to pursue its state law claims, Welch's is happy to revisit this issue in a meet and confer process.

**INTERROGATORY NO. 26**

State the GROSS PROFIT, VARIABLE PROFIT and NET PROFIT generated by the sale of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT on an annual, quarterly and monthly basis from its launch to the present.

**RESPONSE TO INTERROGATORY NO. 26**

Welch's objects to this interrogatory on relevance grounds. To the extent this interrogatory is aimed at discovering financial information from Welch's in support of a disgorgement remedy, Welch's has filed a motion to dismiss POM's state law claims for lack of standing, and, based upon that motion, Welch's takes the position that no financial or profit information is relevant for discovery purposes. Welch's further objects to the interrogatory as it seeks confidential, trade secret, and/or otherwise proprietary information of Welch's. In the event the court determines POM does have standing to pursue its state law claims, Welch's is happy to revisit this issue in a meet and confer process.

{036928.1}

**INTERROGATORY NO. 27 (misnumbered as "26")**

State all facts that you contend support YOUR denial of any request for admission in POM's concurrently-served "PLAINTIFF POM WONDERFUL LLC'S REQUEST FOR ADMISSIONS TO DEFENDANT WELCH FOODS, INC. (SET ONE)."

**RESPONSE TO INTERROGATORY NO. 27**

Welch's objects to this interrogatory on the grounds that it is compound, and an improper attempt to gain additional interrogatories beyond the agreed number set forth in the parties Joint Rule 16 report.

**C.    The Disputed Requests for Admission**

**REQUEST FOR ADMISSION NO. 1:**

Admit that the label on YOUR WHITE GRAPE POMEGRANATE PRODUCT ADVERTISES YOUR WHITE GRAPE POMEGRANATE PRODUCT to consumers.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Welch's objects to Request for Admission No.1 as vague and ambiguous with respect to the term "label." Welch's further objects to this request as unintelligible given Plaintiffs definition of "ADVERTISES" purportedly means "any advertising ... including, but not limited to advertising plans or strategies, in-store point-of-sale materials, product label, radio, internet, billboards, prints, newspapers, magazines, television and movie product placement, and any other form of advertising."

Subject to the foregoing, Welch's admits that the label on its White Grape Pomegranate Flavored Three Juice Blend from Concentrate with Added Ingredients, read as a whole, helps to inform consumers about the product, including the flavor of the product and the ingredients therein.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOUR use of the phrase "White Grape Pomegranate" on the front label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended

{036928.1}                                                                    JOINT STIPULATION (L.R. 37-2)

1  in whole or in part to induce consumers to purchase YOUR WHITE GRAPE
2  POMEGRANATE JUICE PRODUCT.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

4      Welch's objects to Request for Admission No.2 as vague and ambiguous with
5  respect to the terms and phrases "use," "front label," and "induce." Welch's further
6  objects to the request as neither relevant to the above-captioned proceeding nor
7  reasonably calculated to lead to the discovery of admissible evidence.

8      Subject to the foregoing, Welch's admits that consumers are able, if they so
9  choose, to see Welch's label on the retail store shelf at point of sale.

10 **REQUEST FOR ADMISSION NO. 3:**

11     Admit that YOUR use of the phrase "White Grape Pomegranate" on the front
12 label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended
13 in whole or in part to induce some consumers to purchase YOUR WHITE GRAPE
14 POMEGRANATE JUICE PRODUCT for perceived health benefits.

15 **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

16     Welch's objects to Request for Admission No.3 as vague and ambiguous with
17 respect to the terms and phrases "use," "front label," "induce," and "perceived
18 health benefits." Welch's further objects to the request as neither relevant to the
19 above-captioned proceeding nor reasonably calculated to lead to the discovery of
20 admissible evidence. Welch's further objects to this request as phrased, on the
21 ground that the expression "some consumers" renders this request hopelessly
22 overbroad. Based upon the foregoing objections, and in particular the lack of any
23 definition of "health benefits," Welch's is unable to admit or deny the request as
24 phrased.

25 **REQUEST FOR ADMISSION NO. 4:**

26     Admit that YOUR use of the phrase "White Grape Pomegranate" on the front
27 label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT induced
28 / / /

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1  some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE

2  PRODUCT.

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

4      Welch's objects to Request for Admission No.4 as vague and ambiguous with

5  respect to the terms and phrases "use," "front label," "induced," and "health

6  benefits." Welch's further objects to the request as neither relevant to the above-

7  captioned proceeding nor reasonably calculated to lead to the discovery of

8  admissible evidence. Welch's further objects to this request as phrased, on the

9  ground that the expression "some consumers" renders this request hopelessly

10  overbroad. Subject to the foregoing, Welch's admits that consumers are able, if they

11  so choose, to see Welch's label, including the words "White Grape Pomegranate,"

12  on the retail store shelf at point of sale.

13  **REQUEST FOR ADMISSION NO. 6:**

14      Admit that YOUR use of the phrase "White Grape Pomegranate" on the front

15  label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes

16  some consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE

17  PRODUCT mainly consists of pomegranate juice or white grape juice, or a

18  combination of the two.

19  **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

20      Welch's objects to Request for Admission No.6 as vague and ambiguous with

21  respect to the terms and phrases "use," "front label," "causes," "mainly consists,"

22  and "combination."

23      Welch's objects to this request as phrased on the ground that the expression

24  "some consumers" renders the request hopelessly overbroad. Subject to the

25  foregoing objection, for itself and no other entity, Welch's is without information or

26  knowledge sufficient to form a belief sufficient to answer the question.

27  ///

28  ///

1 **REQUEST FOR ADMISSION NO. 8:**

2     Admit that YOUR depiction of pomegranates and grapes on the front label of

3 YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some

4 consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE

5 PRODUCT mainly consists of pomegranate juice or white grape juice, or a

6 combination of the two.

7 **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

8     Welch's objects to Request for Admission No.8 as vague and ambiguous with

9 respect to the terms and phrases "depiction," "front label," "causes," "mainly

10 consists," and "combination." Subject to the foregoing general and specific

11 objections, Welch's responds as follows:

12     Welch's objects to this request as phrased on the ground that the expression

13 "some consumers" renders the request overbroad. Subject to the foregoing

14 objection, Welch's is without information or knowledge sufficient to form a belief

15 sufficient to answer the question.

16 **REQUEST FOR ADMISSION NO. 10:**

17     Admit that YOUR use of the phrase "White Grape Pomegranate" on the front

18 label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes

19 some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE

20 PRODUCT instead of one or more of POM's pomegranate juice products.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

22     Welch's objects to Request for Admission No. 10 as vague and ambiguous

23 with respect to the terms and phrases "use," "front label," "causes," and "POM's

24 pomegranate' juice products." Welch's further objects to the request as neither

25 relevant to the above-captioned proceeding nor reasonably calculated to lead to the

26 discovery of admissible evidence.

27     Welch's objects to this request as phrased, based on the ground that the

28 expression "some consumers" renders this request overbroad and calls for

1 speculation as to consumers' motives. Subject to the foregoing, Welch's refers the

2 Plaintiff to its Response to Request for Admission No.9.

3 **REQUEST FOR ADMISSION NO. 12:**

4     Admit that YOUR depiction of pomegranates and grapes on the front label of

5 YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some

6 consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE

7 PRODUCT instead of one or more of POM's pomegranate juice products.

8 **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

9     Welch's objects to Request for Admission No. 12 as vague and ambiguous

10 with respect to the terms and phrases "depiction," "front label," "causes," and

11 "POM's pomegranate juice products." Welch's further objects to the request as

12 neither relevant to the above-captioned proceeding nor reasonably calculated to lead

13 to the discovery of admissible evidence.

14     Welch's objects to this request as phrased, based on the ground that the

15 expression "some consumers" renders this request hopelessly overbroad, and calls

16 for speculation as to consumers' motives. Welch's is without information or

17 knowledge sufficient to form a belief sufficient to answer the question.

18 **REQUEST FOR ADMISSION NO. 13:**

19     Admit that YOUR use of the phrase "White Grape Pomegranate" in

20 ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is

21 intended in whole or in part to induce consumers to purchase YOUR WHITE

22 GRAPE POMEGRANATE JUICE PRODUCT.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

24     Welch's objects to Request for Admission No. 13 as vague and ambiguous

25 with respect to the terms and phrases "use" and "induce." Welch's further objects to

26 the request as neither relevant to the above-captioned proceeding nor reasonably

27 calculated to lead to the discovery of admissible evidence; and assumes facts that

28 have not been established. Subject to the foregoing general and specific objections,

{036928.1}

for itself and no other entity, Welch's responds as follows: Generally speaking, the purpose of any advertising (regardless of advertiser) for a consumer good is to promote the sale of that good.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to induce consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT for perceived health benefits.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Welch's objects to Request for Admission No. 14 as vague and ambiguous with respect to the terms and phrases "use," "induce," and "perceived health benefits." Welch's further objects to the request as neither relevant to the above-captioned proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Based upon the foregoing objections, and in particular the lack of any definition of "health benefits," Welch's is unable to admit or deny the request as phrased.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Welch's objects to Request for Admission No. 15 as vague and ambiguous with respect to the terms and phrases "use" and "causes." Welch's further objects to the request as neither relevant to the above-captioned proceeding nor reasonably calculated to lead to the discovery of admissible evidence.

Welch's objects to this request as phrased, based on the ground that the expression "some consumers" renders this request hopelessly overbroad, and calls

{036928.1}

1 for speculation as to consumers' motives. Subject to the foregoing, Welch's is

2 without information or knowledge sufficient to form a belief sufficient to answer the

3 question.

4 **REQUEST FOR ADMISSION NO. 17:**

5     Admit that YOUR use of the phrase "White Grape Pomegranate" in

6 ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT

7 causes some consumers to believe that YOUR WHITE GRAPE POMEGRANATE

8 JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a

9 combination of the two.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

11     Welch's objects to Request for Admission No. 17 as vague and ambiguous

12 with respect to the terms and phrases "use," "causes," "mainly consists," and

13 "combination."

14     Welch's objects to this request as phrased, based on the ground that the

15 expression "some consumers" renders this request overbroad, and calls for

16 speculation as to consumers' beliefs. Subject to the foregoing, Welch's is without

17 information or knowledge sufficient to form a belief sufficient to answer the

18 question.

19 **REQUEST FOR ADMISSION NO. 19:**

20     Admit that YOUR depiction of pomegranates and grapes on the front label in

21 ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT

22 causes some consumers to believe that YOUR WHITE GRAPE POMEGRANATE

23 JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a

24 combination of the two.

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

26     Welch's objects to Request for Admission No. 19 as vague and ambiguous

27 with respect to the terms and phrases "depiction," "front label," "causes," "mainly

28 consists," and "combination."

JOINT STIPULATION (L.R. 37-2)

{036928.1}

1   Welch's objects to this request as phrased, based on the ground that the
2   expression "some consumers" renders this request overbroad, and calls for
3   speculation as to consumers' beliefs. Subject to the foregoing, Welch's is without
4   information or knowledge sufficient to form a belief sufficient to answer the
5   question.

6   **REQUEST FOR ADMISSION NO. 21:**

7   Admit that YOUR use of the phrase "White Grape Pomegranate" in
8   ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT
9   Causes some consumers to purchase YOUR WHITE GRAPE POMEGRANATE
10   JUICE PRODUCT instead of one or more of POM's pomegranate juice products.

11   **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

12   Welch's objects to Request for Production No. 21 as vague and ambiguous
13   with respect to the terms and phrases "use," "causes," and "POM's pomegranate
14   juice products." Welch's further objects to the request as neither relevant to the
15   above-captioned proceeding nor reasonably calculated to lead to the discovery of
16   admissible evidence. Welch's objects to this request as phrased, based on the ground
17   that the expression "some consumers" renders this request hopelessly overbroad,
18   and calls for speculation as to the consumers' beliefs. Subject to the foregoing,
19   Welch's is without information or knowledge sufficient to form a belief sufficient to
20   answer the question.

21   **REQUEST FOR ADMISSION NO. 22:**

22   Admit that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT
23   does not have health benefits equivalent or superior to any of POM's pomegranate
24   juice products.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

26   Welch's objects to Request for Admission No. 22 as vague and ambiguous
27   with respect to the phrases "health benefits equivalent or superior" and "POM's
28   pomegranate juice products." Welch's also objects to the request as overly broad

JOINT STIPULATION (L.R. 37-2)

{036928.1}

and unduly burdensome. For example, the request is not limited to the relevant issues in the above-captioned case and seeks information about "any of POM's pomegranate juice products." Welch's further objects to the request as neither relevant to the above-captioned proceeding nor reasonably calculated to lead to the discovery of admissible evidence. Based upon the foregoing objections, and in particular the lack of any definition of "health benefits," Welch's is unable to admit or deny the request as phrased.

**REQUEST FOR ADMISSION NO. 24:**

Admit YOUR depiction of pomegranates and grapes, without depiction of any other fruits, on the label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT consists primarily of pomegranate juice and white grape juice.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Welch's objects to Request for Admission No. 24 as vague and ambiguous with respect to the terms and phrases "depiction," "other fruits," "label," "causes," "consists," and "primarily." Welch's objects to this request as phrased on the ground that the use of the term "consumers" renders the request overbroad. Welch's further objects to this request on the ground that it calls for Welch's to speculate what unidentified "consumers" "believe." Subject to the foregoing, Welch's is without information or knowledge sufficient to form a belief sufficient to answer the question.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT does not primarily consist of pomegranate juice or white grape juice, or a combination of the two.

/ / /

/ / /

JOINT STIPULATION (L.R. 37-2)

{036928.1}

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Welch's objects to Request for Admission No. 25 as vague and ambiguous with respect to the term "combination" and the phrase "primarily consist."

Welch's objects to this request as phrased on the ground that it is compound. Welch's further objects to this request as phrased on the ground that the phrase "primarily consists of" is vague, ambiguous and undefined. Welch's further objects to this request on the ground that the actual formulation for its White Grape Pomegranate Flavored Three Juice Blend from Concentrate with Added Ingredients is proprietary and a trade secret. Accordingly, Welch's is unable to respond further to this request.

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT per bottle contains less than one percent pomegranate juice by volume.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Welch's objects to Request for Admission No. 27 as vague and ambiguous with respect to the term "contains" and the phrase "by volume." Welch's further objects to this request on the ground that the actual formulation for White Grape Pomegranate Flavored Three Juice Blend from Concentrate with Added Ingredients is proprietary and a trade secret. Accordingly, Welch's is unable to respond further to this request.

**IV.   CONCLUSIONS**

    **A.   Plaintiff POM's Conclusion**

For all of the reasons discussed above, POM respectfully requests that the Court order Welch's to produce all responsive, non-privileged documents relating to POM's Requests for Production Nos. 75-95, 103, 109, 110, 121, 123, 124, 125, 126, 127, to provide full and complete responses to POM's Interrogatories Nos. 1, 2, 3 18, 19, 21, 22, 23, 25, 26, and to provide full and complete responses to POM's

/ / /

{036928.1}

JOINT STIPULATION (L.R. 37-2)

1 | Request for Admission Nos. 1, 2, 3, 4, 6, 8, 10, 12, 13, 14, 15, 17, 19, 21, 22, 24, 25,
2 | 27.

3 |     **B.**     **Defendant Welch's Conclusion**

4 |         Welch's respectfully requests, on the basis of the information stated above

5 | and in its original objections to POM's discovery requests, that the Court deny

6 | POM's motion to compel discovery responses.

7 |
8 | Dated:  February 18, 2010                    ROLL LAW GROUP P.C.

9 |
10 |                                              By:_____/s/ *Gary S. Sedlik*_____
                                                 Gary S. Sedlik
                                                 Attorneys for Plaintiff
11 |                                              POM WONDERFUL LLC

12 | Dated:  February 18, 2010                    GREENBERG TRAURIG LLP
13 |

14 |                                              By:_____/s/ *Rick L. Shackelford*_____
                                                 Rick L. Shackelford
15 |                                              Attorneys for Defendant
                                                 WELCH'S FOODS, INC.
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

{036928.1}