# Exhibit A

EXH. A

PG. 4

1  ANDREW S. CLARE (SBN 050289)
   aclare@loeb.com
2  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Ste. 2200
4  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
5  Facsimile:  310-282-2200

6  CHRISTOPHER VAN GUNDY (SBN 152359)
   cvangundy@roll.com
7  ROLL INTERNATIONAL
   CORPORATION – LEGAL DEPT.
8  11444 West Olympic Blvd., 10th Floor
   Los Angeles, California 90064-1557
9  Telephone:  310-966-5700
   Facsimile:  310-966-5758

10
   Attorneys for Plaintiff
11 POM WONDERFUL LLC

12

13                   UNITED STATES DISTRICT COURT

14                  CENTRAL DISTRICT OF CALIFORNIA

15

16 POM WONDERFUL LLC, a Delaware )   Case No.  CV-09-00567 AHM (AGRx)
   limited liability company,          )
17                                      )   PLAINTIFF POM WONDERFUL
                  Plaintiff,            )   LLC'S REQUEST FOR
18                                      )   PRODUCTION OF DOCUMENTS TO
          v.                            )   DEFENDANT WELCH FOODS, INC.
19                                      )   (SET ONE)
   WELCH FOODS, INC., a Michigan        )
20 corporation; and DOES 1-10, inclusive, )
                                        )
21                Defendants.           )
                                        )
22                                      )
                                        )
23                                      )
                                        )
24 _____ )

25 / / /

26 / / /

27 / / /

28 / / /

{032387.2}                      EXH. A      PLAINTIFF'S REQUEST FOR PRODUCTION OF
                                PG. 5       DOCUMENTS TO DEFENDANT (SET ONE)

| 1 | PROPOUNDING PARTY: | Plaintiff POM WONDERFUL LLC |
|---|---|---|
| 2 | RESPONDING PARTY: | Defendant WELCH FOODS, INC. |
| 3 | SET NO.: | ONE (1) |

4    Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Pom

5  Wonderful LLC, by counsel, requests Welch Foods, Inc. ("Defendant" or

6  "Welch's") to produce the documents and things described below, within thirty (30)

7  days of service, to Roll International Corporation- Legal Department, 11444 West

8  Olympic Blvd., 10th Floor, Los Angeles, CA 90064.  Defendant's production of

9  documents and things shall conform to the Definitions and Instructions below.

10                              **DEFINITIONS**

11    1.    "COMPLAINT" means the Complaint filed on or about January 23,

12  2009, by POM Wonderful LLC in the United States District Court, Central District

13  of California, Case No. CV09-00567 AHM (AGRx).

14    2.    "DEFENDANT," "YOU" and "YOUR" mean and refer to Defendant

15  Welch Foods, Inc. and include, without limitation, all parents, subsidiaries,

16  predecessors, successors, divisions or other affiliated entities owned or controlled

17  by YOU; all past and present officers, directors, members, or employees; and any

18  agents, attorneys, representatives, consultants, accountants, experts, investigators,

19  or other persons acting or purporting to act on YOUR behalf.

20    3.    "COMMUNICATION(s)" means any contact between, by or with

21  YOU, including the transmission of information from one person to another person

22  or entity, regardless of the medium through which such communication occurred

23  and shall include, but is not limited to emails, text messages, discussions,

24  conversations, correspondence, negotiations, meetings, speeches, memoranda,

25  letters, notes, statements or questions.

26    4.    "DOCUMENTS" or "DOCUMENT" means all materials within the

27  scope of Federal Rules of Civil Procedure, Rule 34.

28    5.    "RELATING TO" or "RELATED TO" means reflecting, concerning,

1  pertaining to, mentioning, discussing, summarizing, describing, regarding,

2  containing, referring to, depicting, connected with, embodying, evidencing,

3  constituting, reporting, or in any way connected to the matter discussed.

4      6.    "PERSON" means any natural person, corporation, partnership,

5  government agency or board, association, proprietorship, organization, or any other

6  entity.

7      7.    "PLAINTIFF" and "POM" mean and include plaintiff Pom Wonderful

8  LLC.

9      8.    "WHITE GRAPE POMEGRANATE JUICE PRODUCT" is defined to

10  mean the Welch's White Grape Pomegranate Juice Product as described in the

11  COMPLAINT.

12      9.    "ADVERTISING" means and includes any advertising including, but

13  not limited to, advertising plans or strategies, in-store point-of-sale materials,

14  product label, radio, internet, billboards, prints, newspapers, magazines, television

15  and movie product placement, and any other form of advertising.

16      10.    "DEVELOP," "DEVELOPING" and "DEVELOPED" means and

17  includes all stages of development including, but not limited to generating ideas,

18  analysis of strengths, weaknesses, opportunities, risks and treats, brainstorming

19  concepts, screening ideas, benefits, growth forecasts, competition, feasibility and

20  marketability, generating concepts and related testing, estimating related selling

21  price, sales volume, costs, expenses, resources and profitability, MARKETING

22  (defined below), producing prototype, testing of prototype, planning, operations,

23  logistics, resources and contingencies, scheduling, initiating plan, reviewing and

24  monitoring of plan, generating publications, ADVERTISING, to the extent the

25  definition below applies, and distributing.

26      11.    "MARKETING" means and includes all stages of marketing

27  including, but not limited to, cost studies, DEVELOPING a product, product

28  research, market research, market analyses, market studies, wholesale or retail

1  pricing studies, research regarding consumer and focus group price sensitivity and

2  related expected sales volume, media plans, consumer and focus group preference

3  research, consumer and focus group reaction research, consumer and focus group

4  preference surveys, taste tests, product placement, product sale and

5  ADVERTISING plan or strategy.

6      12.   "SOURCE(S)" means and includes any and all natural persons or

7  entities, whether domestic or foreign, associated with handling and providing YOU

8  at any time whatsoever pomegranates, pomegranate concentrate, pomegranate juice

9  or any other form of pomegranate used in YOUR juice products including, but not

10  limited to, growers, testers, suppliers, processors, producers, deliverers, distributors

11  and storage facilities, including the addresses of the SOURCE(S).

12      13.   "GROSS PROFIT" means gross revenue minus cost of goods sold.

13      14.   "VARIABLE PROFIT" means GROSS PROFIT minus variable

14  selling expenses, e.g., sales commissions, pertaining to the WHITE GRAPE

15  POMEGRANATE JUICE PRODUCT.

16      15.   "NET PROFIT" means GROSS PROFIT minus all selling, marketing

17  and overhead expenses pertaining to the WHITE GRAPE POMEGRANATE

18  JUICE PRODUCT.

19                          **INSTRUCTIONS**

20      16.   Unless otherwise agreed by the parties, DOCUMENTS shall be

21  produced in their original file folders or, in lieu thereof, any writing on the file

22  folder from which such DOCUMENT is taken shall be copied and appended to

23  such DOCUMENTS and the person for whom, or department, division or office for

24  which, the file folder is maintained shall be identified.  In producing the

25  DOCUMENTS, all DOCUMENTS which are physically attached to each other

26  shall be left so attached.  DOCUMENTS which are segregated or separated from

27  other DOCUMENTS, whether by inclusion in binders, files, subfiles, or by use of

28  dividers, tabs, or other methods, shall be left so segregated or separated.

{032387 2}                        EXH. A         PLAINTIFF'S REQUEST FOR PRODUCTION OF
                                  PG. 8    - 4 -  DOCUMENTS TO DEFENDANT (SET ONE)

1  DOCUMENTS shall be retained in the order in which they were maintained in the
2  file where found.

3       17.    Pursuant to Federal Rules of Civil Procedure 26(e)(2), you are required
4  to supplement all of your responses to this request to include information,
5  DOCUMENTS, and tangible things acquired after service of your response to this
6  request.

7  **DOCUMENT REQUESTS**

8  **REQUEST FOR PRODUCTION NO. 1:**

9      All DOCUMENTS RELATING TO YOUR responses to "PLAINTIFF POM
10  WONDERFUL  LLC'S INTERROGATORIES TO DEFENDANT WELCH
11  FOODS, INC. (SET ONE)," served concurrently herewith.

12  **REQUEST FOR PRODUCTION NO. 2:**

13      All DOCUMENTS RELATING TO YOUR brand strategy for the WHITE
14  GRAPE POMEGRANATE PRODUCT.

15  **REQUEST FOR PRODUCTION NO. 3:**

16      DOCUMENTS sufficient to identify the title and area of responsibility of all
17  YOUR (former and present) employees and non-employee individuals or firms who
18  DEVELOPED, or assisted in DEVELOPING, a brand strategy for the WHITE
19  GRAPE POMEGRANATE PRODUCT, including organizational charts.

20  **REQUEST FOR PRODUCTION NO. 4:**

21      All DOCUMENTS RELATING TO YOUR MARKETING of the WHITE
22  GRAPE POMEGRANATE PRODUCT, including all MARKETING plans.

23  **REQUEST FOR PRODUCTION NO. 5:**

24      All DOCUMENTS RELATING TO YOUR ADVERTISING of the WHITE
25  GRAPE POMEGRANATE PRODUCT.

26  **REQUEST FOR PRODUCTION NO. 6:**

27      DOCUMENTS sufficient to identify the title and area of responsibility of all
28  YOUR (former and present) employees and non-employee individuals or firms who

1  did any work RELATING TO the MARKETING of the WHITE GRAPE

2  POMEGRANATE PRODUCT including, but not limited to, organizational charts.

3  **REQUEST FOR PRODUCTION NO. 7:**

4        DOCUMENTS sufficient to identify the title and area of responsibility of all

5  YOUR (former and present) employees and non-employee individuals or firms who

6  did any work RELATING TO the ADVERTISING of the WHITE GRAPE

7  POMEGRANATE PRODUCT including, but not limited to, organizational charts.

8  **REQUEST FOR PRODUCTION NO. 8:**

9        All DOCUMENTS RELATING TO the labeling of the WHITE GRAPE

10  POMEGRANATE PRODUCT.

11  **REQUEST FOR PRODUCTION NO. 9:**

12        DOCUMENTS sufficient to identify the title and area of responsibility of all

13  YOUR (former and present) employees and non-employee individuals or firms who

14  did any work RELATING TO labeling of the WHITE GRAPE POMEGRANATE

15  PRODUCT including, but not limited to, organizational charts.

16  **REQUEST FOR PRODUCTION NO. 10:**

17        All DOCUMENTS RELATING TO the design of the label for the WHITE

18  GRAPE POMEGRANATE PRODUCT.

19  **REQUEST FOR PRODUCTION NO. 11:**

20        DOCUMENTS sufficient to identify the title and area of responsibility of all

21  YOUR (former and present) employees and non-employee individuals or firms who

22  did any work RELATING TO the design of the label for the WHITE GRAPE

23  POMEGRANATE PRODUCT including, but not limited to, organizational charts.

24  **REQUEST FOR PRODUCTION NO. 12:**

25        All DOCUMENTS RELATING TO YOUR ADVERTISING of the WHITE

26  GRAPE POMEGRANATE PRODUCT, including each ADVERTISEMENT

27  RELATING TO YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT,

28  whether or not such ADVERTISEMENT has been used or shown to the public.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS RELATING TO YOUR MARKETING of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS RELATING TO the images depicted on the front label of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 15:**

DOCUMENTS sufficient to identify the title and area of responsibility of all YOUR (former and present) employees and non-employee individuals or firms who DEVELOPED, or assisted in DEVELOPING, the images depicted on the front label of the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, organizational charts.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS RELATING TO the words or phrases appearing on the label of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 17:**

DOCUMENTS sufficient to identify the title and area of responsibility of all YOUR (former and present) employees and non-employee individuals or firms who DEVELOPED, or assisted in DEVELOPING, the words or phrases appearing on the label of the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, organizational charts.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS RELATING TO the packaging of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 19:**

DOCUMENTS sufficient to identify the title and area of responsibility of all YOUR (former and present) employees and non-employee individuals or firms who

1    worked on the packaging of the WHITE GRAPE POMEGRANATE PRODUCT

2    including, but not limited to, organizational charts.

3    **REQUEST FOR PRODUCTION NO. 20:**

4        All DOCUMENTS RELATING TO any sales promotion programs in

5    connection with the WHITE GRAPE POMEGRANATE PRODUCT.

6    **REQUEST FOR PRODUCTION NO. 21:**

7        DOCUMENTS sufficient to identify the title and area of responsibility of all

8    YOUR (former and present) employees and non-employee individuals or firms who

9    helped DEVELOP, DEVELOPED or did work RELATING TO any sales

10   promotion programs in connection with the WHITE GRAPE POMEGRANATE

11   PRODUCT including, but not limited to, organizational charts.

12   **REQUEST FOR PRODUCTION NO. 22:**

13       All DOCUMENTS RELATING TO YOUR use of the phrase "White Grape

14   Pomegranate" on the label of the WHITE GRAPE POMEGRANATE PRODUCT.

15   **REQUEST FOR PRODUCTION NO. 23:**

16       All DOCUMENTS RELATING TO YOUR use of the brand name "Welch's

17   White Grape Pomegranate" on the label of the WHITE GRAPE POMEGRANATE

18   PRODUCT.

19   **REQUEST FOR PRODUCTION NO. 24:**

20       All DOCUMENTS RELATING TO YOUR use of the visual images on the

21   label of the WHITE GRAPE POMEGRANATE PRODUCT.

22   **REQUEST FOR PRODUCTION NO. 25:**

23       All DOCUMENTS RELATING TO YOUR depiction of a pomegranate on

24   the label of the WHITE GRAPE POMEGRANATE PRODUCT.

25   **REQUEST FOR PRODUCTION NO. 26:**

26       All DOCUMENTS RELATING TO YOUR use of the phrase "White Grape

27   Pomegranate" in YOUR ADVERTISING or MARKETING of the WHITE GRAPE

28   POMEGRANATE PRODUCT.

{032387.2}                              EXH. A              PLAINTIFF'S REQUEST FOR PRODUCTION OF
                                        PG. 12 - 8 -            DOCUMENTS TO DEFENDANT (SET ONE)

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS RELATING TO YOUR use of the brand name "Welch's White Grape Pomegranate" in YOUR ADVERTISING or MARKETING of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 28:**

All DOCUMENTS RELATING TO YOUR use of the visual images used in YOUR ADVERTISING or MARKETING of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 29:**

All DOCUMENTS RELATING TO YOUR depiction of a pomegranate in YOUR ADVERTISING or MARKETING of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS RELATING TO any actual consumer confusion in connection with the front label for the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS RELATING TO any actual consumer confusion in connection with YOUR use of the phrase "White Grape Pomegranate" on the front label for the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS RELATING TO any actual consumer confusion in connection with YOUR use of the brand name "Welch's White Grape Pomegranate" on the front label for the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS RELATING TO any actual consumer confusion in connection with YOUR depiction of a pomegranate on the front label of the

1  WHITE GRAPE POMEGRANATE PRODUCT.

2  **REQUEST FOR PRODUCTION NO. 34:**

3      All DOCUMENTS RELATING TO any actual consumer confusion in

4  connection with the ingredients contained in the WHITE GRAPE

5  POMEGRANATE PRODUCT.

6  **REQUEST FOR PRODUCTION NO. 35:**

7      All DOCUMENTS RELATING TO any actual consumer confusion in

8  connection with the percentage of pomegranate juice contained in the WHITE

9  GRAPE POMEGRANATE PRODUCT.

10  **REQUEST FOR PRODUCTION NO. 36:**

11      All DOCUMENTS RELATING TO any actual consumer confusion in

12  connection with the name of the WHITE GRAPE POMEGRANATE PRODUCT.

13  **REQUEST FOR PRODUCTION NO. 37:**

14      All DOCUMENTS RELATING TO any actual consumer confusion in

15  connection with YOUR ADVERTISING or MARKETING of the WHITE GRAPE

16  POMEGRANATE PRODUCT.

17  **REQUEST FOR PRODUCTION NO. 38:**

18      All DOCUMENTS RELATING TO the likelihood of, or potential for,

19  consumer confusion in connection with the front label for the WHITE GRAPE

20  POMEGRANATE PRODUCT.

21  **REQUEST FOR PRODUCTION NO. 39:**

22      All DOCUMENTS RELATING TO the likelihood of, or potential for,

23  consumer confusion in connection with YOUR use of the phrase "White Grape

24  Pomegranate" on the front label for the WHITE GRAPE POMEGRANATE

25  PRODUCT.

26  **REQUEST FOR PRODUCTION NO. 40:**

27      All DOCUMENTS RELATING TO the likelihood of, or potential for,

28  consumer confusion in connection with YOUR use of the brand name "Welch's

1  White Grape Pomegranate" on the front label for the WHITE GRAPE
2  POMEGRANATE PRODUCT.
3  **REQUEST FOR PRODUCTION NO. 41:**
4      All DOCUMENTS RELATING TO the likelihood of, or potential for,
5  consumer confusion in connection with YOUR depiction of a pomegranate on the
6  front label of the WHITE GRAPE POMEGRANATE PRODUCT.
7  **REQUEST FOR PRODUCTION NO. 42:**
8      All DOCUMENTS RELATING TO the likelihood of, or potential for,
9  consumer confusion in connection with the ingredients contained in the WHITE
10  GRAPE POMEGRANATE PRODUCT.
11  **REQUEST FOR PRODUCTION NO. 43:**
12      All DOCUMENTS RELATING TO the likelihood of, or potential for,
13  consumer confusion in connection with the percentage of pomegranate juice
14  contained in the WHITE GRAPE POMEGRANATE PRODUCT.
15  **REQUEST FOR PRODUCTION NO. 44:**
16      All DOCUMENTS RELATING TO the likelihood of, or potential for,
17  consumer confusion in connection with the name of the WHITE GRAPE
18  POMEGRANATE PRODUCT.
19  **REQUEST FOR PRODUCTION NO. 45:**
20      All DOCUMENTS RELATING TO the likelihood of, or potential for,
21  consumer confusion in connection with YOUR ADVERTISING or MARKETING
22  of the WHITE GRAPE POMEGRANATE PRODUCT.
23  **REQUEST FOR PRODUCTION NO. 46:**
24      All DOCUMENTS RELATING TO any consumer comments, inquiries,
25  criticisms, complaints, or questions RELATING TO the WHITE GRAPE
26  POMEGRANATE PRODUCT.
27
28

EXH. A
PG. 15

PLAINTIFF'S REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT (SET ONE)

**REQUEST FOR PRODUCTION NO. 47:**

DOCUMENTS sufficient to identify the title and area of responsibility of all YOUR (former and present) employees and non-employee individuals or firms who handled or addressed any consumer comments, inquiries, criticisms, complaints, or questions RELATING TO the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 48:**

All DOCUMENTS RELATING TO any consumer comments, inquiries, criticisms, complaints, or questions RELATING TO YOUR ADVERTISING or MARKETING of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 49:**

All DOCUMENTS RELATING TO any consumer comments, inquiries, criticisms, complaints, or questions RELATING TO the name of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 50:**

All DOCUMENTS RELATING TO any consumer comments, inquiries, criticisms, complaints, or questions RELATING TO the label of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 51:**

All DOCUMENTS RELATING TO any consumer comments, inquiries, criticisms, complaints, or questions RELATING TO the ingredients contained in the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS RELATING TO any consumer comments, inquiries, criticisms, complaints, or questions regarding RELATING TO the percentage of pomegranate juice contained in the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 53:**

All DOCUMENTS RELATING TO any competitor comments, inquiries,

1  criticisms, complaints, or questions RELATING TO the WHITE GRAPE
2  POMEGRANATE PRODUCT.

3  **REQUEST FOR PRODUCTION NO. 54:**

4  DOCUMENTS sufficient to identify the title and area of responsibility of all
5  YOUR (former and present) employees and non-employee individuals or firms who
6  handled or addressed any competitor comments, inquiries, criticisms, complaints,
7  or questions RELATING TO the WHITE GRAPE POMEGRANATE PRODUCT.

8  **REQUEST FOR PRODUCTION NO. 55:**

9  All DOCUMENTS RELATING TO any competitor comments, inquiries,
10  criticisms, complaints, or questions RELATING TO YOUR ADVERTISING or
11  MARKETING of the WHITE GRAPE POMEGRANATE PRODUCT.

12  **REQUEST FOR PRODUCTION NO. 56:**

13  All DOCUMENTS RELATING TO any competitor comments, inquiries,
14  criticisms, complaints, or questions RELATING TO the name of the WHITE
15  GRAPE POMEGRANATE PRODUCT.

16  **REQUEST FOR PRODUCTION NO. 57:**

17  All DOCUMENTS RELATING TO any competitor comments, inquiries,
18  criticisms, complaints, or questions RELATING TO the label of the WHITE
19  GRAPE POMEGRANATE PRODUCT.

20  **REQUEST FOR PRODUCTION NO. 58:**

21  All DOCUMENTS RELATING TO any competitor comments, inquiries,
22  criticisms, complaints, or questions RELATING TO the ingredients contained in
23  the WHITE GRAPE POMEGRANATE PRODUCT.

24  **REQUEST FOR PRODUCTION NO. 59:**

25  All DOCUMENTS RELATING TO any competitor comments, inquiries,
26  criticisms, complaints, or questions RELATING TO the percentage of pomegranate
27  juice contained in the WHITE GRAPE POMEGRANATE PRODUCT.

28

**REQUEST FOR PRODUCTION NO. 60:**

All DOCUMENTS RELATING TO any comments, inquiries, criticisms, complaints, questions or proceedings by any governmental body RELATING TO the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 61:**

All DOCUMENTS RELATING TO any comments, inquiries, criticisms, complaints, questions or proceedings by any governmental body RELATING TO YOUR ADVERTISING or MARKETING of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 62:**

All DOCUMENTS RELATING TO any comments, inquiries, criticisms, complaints, questions or proceedings by any governmental body RELATING TO the name of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 63:**

All DOCUMENTS RELATING TO any comments, inquiries, criticisms, complaints, questions or proceedings by any governmental body RELATING TO the label for the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 64:**

All DOCUMENTS RELATING TO any comments, inquiries, criticisms, complaints, questions or proceedings by any governmental body RELATING TO the ingredients contained in the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 65:**

All DOCUMENTS RELATING TO any comments, inquiries, criticisms, complaints, questions or proceedings by any governmental body RELATING TO the percentage of pomegranate juice contained in the WHITE GRAPE POMEGRANATE PRODUCT.

EXH. A
PG. 18

{032387.2}

- 14 -

PLAINTIFF'S REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT (SET ONE)

**REQUEST FOR PRODUCTION NO. 66:**

All DOCUMENTS RELATING TO any litigation in any forum including, but not limited to court proceedings, administrative proceedings, both binding and non-binding arbitrations, RELATING TO the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 67:**

All DOCUMENTS RELATING TO any litigation in any forum including, but not limited to court proceedings, administrative proceedings, both binding and non-binding arbitrations, RELATING TO YOUR ADVERTISING or MARKETING of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 68:**

All DOCUMENTS RELATING TO any litigation in any forum including, but not limited to court proceedings, administrative proceedings, both binding and non-binding arbitrations, RELATING TO the name of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 69:**

All DOCUMENTS RELATING TO any litigation in any forum including, but not limited to court proceedings, administrative proceedings, both binding and non-binding arbitrations, RELATING TO the label of the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 70:**

All DOCUMENTS RELATING TO any litigation in any forum including, but not limited to court proceedings, administrative proceedings, both binding and non-binding arbitrations, RELATING TO the ingredients contained in the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 71:**

All DOCUMENTS RELATING TO any litigation in any forum including, but not limited to court proceedings, administrative proceedings, both binding and

1  non-binding arbitrations, RELATING TO the percentage of pomegranate juice

2  contained in the WHITE GRAPE POMEGRANATE PRODUCT.

3  **REQUEST FOR PRODUCTION NO. 72:**

4      All DOCUMENTS RELATING TO POM or any POM branded juice

5  products, including pomegranate juices and blends.

6  **REQUEST FOR PRODUCTION NO. 73:**

7      All DOCUMENTS RELATING TO Stewart Resnick.

8  **REQUEST FOR PRODUCTION NO. 74:**

9      All DOCUMENTS RELATING TO Lynda Resnick.

10  **REQUEST FOR PRODUCTION NO. 75:**

11      All DOCUMENTS RELATING TO costs in connection with the production

12  of the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the

13  present.

14  **REQUEST FOR PRODUCTION NO. 76:**

15      All DOCUMENTS RELATING TO costs in connection with DEVELOPING

16  the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the

17  present.

18  **REQUEST FOR PRODUCTION NO. 77:**

19      All DOCUMENTS RELATING TO costs in connection with the

20  MARKETING of the WHITE GRAPE POMEGRANATE PRODUCT from its

21  conception to the present.

22  **REQUEST FOR PRODUCTION NO. 78:**

23      All DOCUMENTS RELATING TO costs in connection with the

24  ADVERTISING of the WHITE GRAPE POMEGRANATE PRODUCT from its

25  conception to the present.

26

27

28

**REQUEST FOR PRODUCTION NO. 79:**

All DOCUMENTS RELATING TO costs in connection with distribution of the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**REQUEST FOR PRODUCTION NO. 80:**

All DOCUMENTS RELATING TO costs (direct, indirect, overhead, or otherwise) RELATED TO the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**REQUEST FOR PRODUCTION NO. 81:**

All DOCUMENTS RELATING TO budgets or budgeting for the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, variance analysis and comparison of actual data to budgeted data.

**REQUEST FOR PRODUCTION NO. 82:**

All DOCUMENTS RELATING TO financial forecasts RELATED TO the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**REQUEST FOR PRODUCTION NO. 83:**

All DOCUMENTS RELATING TO financial forecasts RELATED TO YOUR POMEGRANATE JUICE PRODUCTS from its conception to the present.

**REQUEST FOR PRODUCTION NO. 84:**

All DOCUMENTS RELATING TO financial models RELATED TO the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**REQUEST FOR PRODUCTION NO. 85:**

All DOCUMENTS RELATING TO YOUR profit or loss RELATED TO the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present including, but not limited to, audited or unaudited financial statements, schedules, product-level balance sheets, profit and loss statements, income statements, expense statements and cash flow statements.

**REQUEST FOR PRODUCTION NO. 86:**

All DOCUMENTS RELATING TO any cost studies RELATED TO the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 87:**

All DOCUMENTS RELATING TO the costs of production of the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**REQUEST FOR PRODUCTION NO. 88:**

All DOCUMENTS RELATING TO YOUR packaging of the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, the costs associated with packaging.

**REQUEST FOR PRODUCTION NO. 89:**

All DOCUMENTS RELATING TO YOUR distribution of the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, the costs associated with distribution.

**REQUEST FOR PRODUCTION NO. 90:**

All DOCUMENTS RELATING TO any financial information in connection with the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**REQUEST FOR PRODUCTION NO. 91:**

All audited or unaudited financial statements, schedules, or other DOCUMENTS RELATING TO product-level balance sheets, income instatements, expense states, or cash flow statements in connection with the WHITE GRAPE POMEGRANATE PRODUCT from its conception to the present.

**REQUEST FOR PRODUCTION NO. 92:**

All DOCUMENTS RELATING TO the expected or actual financial impact of the WHITE GRAPE POMEGRANATE PRODUCT on YOU including, but not limited to, any impact RELATING TO expected complementary sales of any other of YOUR products.

1  **REQUEST FOR PRODUCTION NO. 93:**

2      All DOCUMENTS YOU utilized by YOU in any way in connection with

3  YOUR preparation of federal and (any) state tax returns RELATING TO the

4  WHITE GRAPE POMEGRANATE PRODUCT.

5  **REQUEST FOR PRODUCTION NO. 94:**

6      All DOCUMENTS RELATING to the gross revenue generated by the

7  WHITE GRAPE POMEGRANATE PRODUCT, on an annual, quarterly and

8  monthly basis form, from conception to present.

9  **REQUEST FOR PRODUCTION NO. 95:**

10     All DOCUMENTS RELATING to the GROSS PROFIT, VARIABLE

11  PROFIT and NET PROFIT generated by the WHITE GRAPE POMEGRANATE

12  PRODUCT, on an annual, quarterly and monthly basis form, from conception to

13  present.

14  **REQUEST FOR PRODUCTION NO. 96:**

15     All DOCUMENTS RELATING TO the number of units of the WHITE

16  GRAPE POMEGRANATE PRODUCT sold from its conception to the present.

17  **REQUEST FOR PRODUCTION NO. 97:**

18     Copies of all product price lists for the WHITE GRAPE POMEGRANATE

19  PRODUCT.

20  **REQUEST FOR PRODUCTION NO. 98:**

21     All DOCUMENTS RELATING TO YOUR analysis in any form (e.g.,

22  market analysis, consumer analysis, product analysis, cost analysis, among others)

23  of the WHITE GRAPE POMEGRANATE PRODUCT.

24  **REQUEST FOR PRODUCTION NO. 99:**

25     All DOCUMENTS RELATING TO research regarding market trends or

26  consumer preferences in the juice segment of the non-alcoholic beverage market.

27

28

{032387.2}

PLAINTIFF'S REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT (SET ONE)

1    **REQUEST FOR PRODUCTION NO. 100:**

2         All DOCUMENTS RELATING TO research regarding market trends or

3    consumer preferences in the chilled juice category of the non-alcoholic beverage

4    market.

5    **REQUEST FOR PRODUCTION NO. 101:**

6         All DOCUMENTS RELATING TO research regarding market trends or

7    consumer preferences in the "pure juice" category of the non-alcoholic beverage

8    market.

9    **REQUEST FOR PRODUCTION NO. 102:**

10        All DOCUMENTS RELATING TO research regarding market trends or

11   consumer preferences in the "blended juice" category of the non-alcoholic beverage

12   market.

13   **REQUEST FOR PRODUCTION NO. 103:**

14        All DOCUMENTS RELATING TO the cost of producing a pure

15   pomegranate juice.

16   **REQUEST FOR PRODUCTION NO. 104:**

17        All DOCUMENTS RELATING TO research regarding MARKETING

18   research, market trends or consumer preferences for POM branded juices, including

19   pomegranate juices and blends.

20   **REQUEST FOR PRODUCTION NO. 105:**

21        All DOCUMENTS RELATING TO any analysis comparing the WHITE

22   GRAPE POMEGRANATE PRODUCT to POM branded juices, including

23   pomegranate juices and blends.

24   **REQUEST FOR PRODUCTION NO. 106:**

25        YOUR analysis in any form (e.g., market analysis, consumer analysis,

26   product analysis, cost analysis, among others) of the WHITE GRAPE

27   POMEGRANATE PRODUCT.

28

1  **REQUEST FOR PRODUCTION NO. 107:**

2      All DOCUMENTS RELATING TO the market share of the WHITE GRAPE

3  POMEGRANATE PRODUCT from its launch to the present.

4  **REQUEST FOR PRODUCTION NO. 108:**

5      All DOCUMENTS RELATING TO YOUR analysis in any form (e.g.,

6  market analysis, consumer analysis, product analysis, cost analysis, among others)

7  of any POM juice product.

8  **REQUEST FOR PRODUCTION NO. 109:**

9      All DOCUMENTS RELATING TO YOUR purchase of pomegranates.

10  **REQUEST FOR PRODUCTION NO. 110:**

11      ALL DOCUMENTS RELATING TO YOUR purchase of pomegranate juice

12  concentrate used in the WHITE GRAPE POMEGRANATE PRODUCT including,

13  but not limited to, all contracts and invoices RELATING TO those purchases.

14  **REQUEST FOR PRODUCTION NO. 111:**

15      All DOCUMENTS RELATING TO YOUR target audience for the WHITE

16  GRAPE POMEGRANATE PRODUCT.

17  **REQUEST FOR PRODUCTION NO. 112:**

18      All DOCUMENTS RELATING TO any attempt by YOU to target the

19  "health conscious" consumer with the WHITE GRAPE POMEGRANATE

20  PRODUCT.

21  **REQUEST FOR PRODUCTION NO. 113:**

22      All DOCUMENTS RELATING TO the health benefits of pomegranate juice.

23  **REQUEST FOR PRODUCTION NO. 114:**

24      All DOCUMENTS RELATING TO the nutritional benefits of pomegranate

25  juice.

26

27

28

{032387.2}

EXH. A
PG. 25   - 21 -

PLAINTIFF'S REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT (SET ONE)

1    **REQUEST FOR PRODUCTION NO. 115:**

2           All DOCUMENTS RELATING TO the production of the WHITE GRAPE

3    POMEGRANATE PRODUCT from its conception to the present including, but not

4    limited to, manufacturing records by batch and input records.

5    **REQUEST FOR PRODUCTION NO. 116:**

6           All Board of Director Meeting Minutes RELATING TO the WHITE GRAPE

7    POMEGRANATE PRODUCT including, but not limited to, RELATING TO

8    YOUR decision to use the label that is affixed to the WHITE GRAPE

9    POMEGRANATE PRODUCT.

10   **REQUEST FOR PRODUCTION NO. 117:**

11          All DOCUMENTS RELATING TO YOUR decision to DEVELOP the

12   WHITE GRAPE POMEGRANATE PRODUCT.

13   **REQUEST FOR PRODUCTION NO. 118:**

14          All DOCUMENTS RELATING TO YOUR plans or efforts to DEVELOP

15   the "Welch's White Grape" line of juices.

16   **REQUEST FOR PRODUCTION NO. 119:**

17          All DOCUMENTS RELATING TO YOUR plans or efforts to include in the

18   "Welch's White Grape" line of juices the WHITE GRAPE POMEGRANATE

19   PRODUCT.

20   **REQUEST FOR PRODUCTION NO. 120:**

21          All DOCUMENTS RELATING TO MARKETING the WHITE GRAPE

22   POMEGRANATE PRODUCT at any time whatsoever including, but not limited to,

23   MARKETING research and studies, focus groups, field tests, consumer surveys,

24   consumer preference tests and surveys, taste tests, interviews and observations,

25   research regarding price sensitivity and related expected sales volumes, media

26   plans, ADVERTISING plans or strategies, wholesale and retail pricing studies, and

27   competitor analyses performed in connection with the DEVELOPMENT, pricing,

28   MARKETING and/or sale of the WHITE GRAPE POMEGRANATE PRODUCT .

**REQUEST FOR PRODUCTION NO. 121:**

All DOCUMENTS RELATING TO the ingredients contained in the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 122:**

All DOCUMENTS RELATING TO the testing of the ingredients contained in the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, DOCUMENTS RELATING TO the dates of such testing, who conducted the testing, who was present during the testing and the location of the testing.

**REQUEST FOR PRODUCTION NO. 123:**

All DOCUMENTS RELATING to the percentage of pomegranate juice in the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 124:**

All DOCUMENTS RELATING to the percentage of each juice other than pomegranate juice in the WHITE GRAPE POMEGRANATE PRODUCT.

**REQUEST FOR PRODUCTION NO. 125:**

All DOCUMENTS RELATING TO the SOURCE(S) of pomegranate juice contained in the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, all test results, certificates and reports.

**REQUEST FOR PRODUCTION NO. 126:**

All DOCUMENTS RELATING TO the SOURCE(S) of each ingredient including, but not limited to, each juice, in the WHITE GRAPE POMEGRANATE PRODUCT including, but not limited to, all test results, certificates and reports.

**REQUEST FOR PRODUCTION NO. 127:**

All DOCUMENTS RELATING TO the location and address of the SOURCE(S) of each ingredient including, but not limited to, each juice, in the WHITE GRAPE POMEGRANATE PRODUCT including, if not in the United States, country of origin and region.

1  **REQUEST FOR PRODUCTION NO. 128:**

2      Copies of the content of all YOUR website postings RELATING TO the

3  WHITE GRAPE POMEGRANATE PRODUCT from the first time any such

4  posting appeared to present.

5  **REQUEST FOR PRODUCTION NO. 129:**

6      All DOCUMENTS that you contend support YOUR denial of any request for

7  admission in POM's concurrently-served "PLAINTIFF POM WONDERFUL

8  LLC'S REQUEST FOR ADMISSIONS TO DEFENDANT WELCH FOODS,

9  INC. (SET ONE)."

10

11

12  Dated: September 23, 2009          ROLL INTERNATIONAL
                                        CORPORATION LEGAL DEPARTMENT

13

14                                      By: _____
                                        Christopher Van Gundy
15                                      Attorneys for Plaintiff
                                        POM WONDERFUL LLC
16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT (SET ONE)

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action. My business address is Roll International Corporation – Legal Department, 11444 West Olympic Blvd, 10th Floor, Los Angeles, CA 90064.  On September 23, 2009, I served the within documents described as follows:

### PLAINTIFF POM WONDERFUL LCC'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WELCH FOODS, INC., SET ONE

| X | BY MAIL as follows:  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below. |
|---|---|
| ☐ | BY PERSONAL SERVICE as follows:  By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below by FIRST LEGAL Messenger Service. |
| ☐ | BY FACSIMILE TRANSMISSION as follows:  I sent the document(s) listed above to the person(s) at the address(es) set forth below from facsimile machine(310) 966-5758 on September 23, 2009.  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 966-5758 which confirms said transmission and receipt. |
| ☐ | BY OVERNIGHT COURIER SERVICE as follows: I sent the document(s) listed above to the person(s) at the address(es) set forth below by _____ courier service. |

Rick L. Shackelford
Shackelfordr@gtlaw.com
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400
Santa Monica, CA  90404
T:      (310) 586-7700
F:      (310) 586-7800

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

FEDERAL:  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 23, 2009, at Los Angeles, California.

_Janice Henry_
Janice Henry

EXH. A
PG. 29

# Exhibit B

1   ANDREW S. CLARE (SBN 050289)
    aclare@loeb.com
2   MARK D. CAMPBELL (SBN 180528)
    mcampbell@loeb.com
3   LOEB & LOEB LLP
    10100 Santa Monica Blvd., Ste. 2200
4   Los Angeles, California 90067-4120
    Telephone:  310-282-2000
5   Facsimile:  310-282-2200

6   CHRISTOPHER VAN GUNDY (SBN 152359)
    cvangundy@roll.com
7   ROLL INTERNATIONAL
    CORPORATION – LEGAL DEPT.
8   11444 West Olympic Blvd., 10th Floor
    Los Angeles, California 90064-1557
9   Telephone:  310-966-5700
    Facsimile:  310-966-5758

10
    Attorneys for Plaintiff
11  POM WONDERFUL LLC

12

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15

16  POM WONDERFUL LLC, a Delaware )   Case No.  CV-09-00567 AHM (AGRx)
    limited liability company,                    )
17                                                )   PLAINTIFF POM WONDERFUL
                  Plaintiff,                       )   LLC'S INTERROGATORIES TO
18                                                )   DEFENDANT WELCH FOODS, INC.
          v.                                      )   (SET ONE)
19                                                )
    WELCH FOODS, INC., a Michigan         )
20  corporation; and DOES 1-10, inclusive,  )
                                                  )
21                Defendants.                   )
                                                  )
22                                                )
                                                  )
23                                                )
                                                  )
24  _____ )

25  / / /

26  / / /

27  / / /

28  / / /
    {032456.2}

PLAINTIFF'S INTERROGATORIES TO
                                              DEFENDANT (SET ONE)

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Plaintiff POM WONDERFUL LLC |
| 2 | RESPONDING PARTY: | Defendant WELCH FOODS, INC. |
| 3 | SET NO.: | ONE (1) |

4     Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, POM

5 Wonderful LLC, by counsel, requests Welch Foods, Inc. ("Defendant" or

6 "Welch's") to respond to the following interrogatories, separately, fully, in writing

7 and under oath and to serve such response on plaintiff's counsel within thirty days

8 of service of these interrogatories.  Defendant's responses shall conform to the

9 Definitions and Instructions below.

10                       **DEFINITIONS**

11     1.    "COMPLAINT" means the Complaint filed on or about January 23,

12 2009, by POM Wonderful LLC in the United States District Court, Central District

13 of California, Case No. CV09-00567 AHM (AGRx).

14     2.    "DEFENDANT," "YOU" and "YOUR" mean and refer to defendant

15 Welch Foods, Inc. and include, without limitation, all parents, subsidiaries,

16 predecessors, successors, divisions or other affiliated entities owned or controlled

17 by YOU.

18     3.    "RELATING TO" or "RELATED TO" means reflecting, concerning,

19 pertaining to, mentioning, discussing, summarizing, describing, regarding,

20 containing, referring to, depicting, connected with, embodying, evidencing,

21 constituting, reporting, or in any way connected to the matter discussed.

22     4.    "DOCUMENTS" or "DOCUMENT" means all materials within the

23 scope of Federal Rules of Civil Procedure, Rule 34.

24     5.    "PERSON" means any natural person, corporation, partnership,

25 government agency or board, association, proprietorship, organization, or any other

26 entity.

27     6.    "PLAINTIFF" and "POM" mean and include plaintiff Pom Wonderful

28 LLC.

PLAINTIFF'S INTERROGATORIES TO
DEFENDANT (SET ONE)

7.    "WHITE GRAPE POMEGRANATE JUICE PRODUCT" is defined to mean the Welch's White Grape Pomegranate Product as described in the COMPLAINT.

8.    "JUICE PRODUCTS" means any juice product manufactured, bottled, and/or sold by YOU, including but not limited to YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT.

9.    "DEVELOP" and "DEVELOPMENT" mean and include all stages of development including, but not limited to, researching, analyzing, creating, strategizing, testing, creating, acquiring, growing, improving, receiving related consultation or advice, and intending to make available, making available, having made available to consumers.

10.    "ADVERTISE" and "ADVERTISEMENT" mean and include any advertising, including, but not limited to, advertising plans or strategies, in-store point-of-sale materials, product labels, radio, internet, billboards, prints, newspapers, magazines, television and movie product placement, and any other form of advertising.

11.    "MARKET" and "MARKETING" mean and include any marketing including, but not limited to, cost studies, product research, market research, market analyses, market studies, wholesale or retail pricing studies, research regarding consumer price sensitivity and related expected sales volume, media plans, consumer preference research, consumer reaction research, consumer preference surveys, taste tests, product development, product placement, product sale and advertising plan or strategy.

12.    "SOURCE(S)" means and includes any and all natural persons or entities, whether domestic or foreign, associated with providing to YOU pomegranates, pomegranate concentrate, pomegranate juice or any other form of pomegranate used in YOUR juice products.

PLAINTIFF'S INTERROGATORIES TO
DEFENDANT (SET ONE)

1    13.    "STATE ALL FACTS" means to describe fully and with particularity

2  each and every fact within YOUR knowledge RELATING TO the matters referred

3  to in the interrogatory, including, but not limited to, any related time, date and

4  place, PERSONS with knowledge of those facts.

5    14.    "IDENTIFY" means the following:

6        a.    In identifying a natural person, state the full legal name of the

7  person, the present or last known employer of such person, and the present or last

8  known home and business address of the person;

9        b.    In identifying a former or present employee, agent,

10  representative, director, officer or any other natural person affiliated with YOU,

11  state the title of his/her position, the areas of responsibilities, as well as the

12  information requested in subpart (a), above.

13        c.    In identifying an entity or organization, state the full legal name

14  of the entity, the present or last known address of the entity, and the telephone

15  number of the entity;

16        d.    In identifying a communication, state the date, place, and

17  circumstances of the communication, identify each person who was present at or

18  participated in the communication; state in detail the purpose and the substance of

19  the communication; identify (or submit a copy of) each DOCUMENT that was

20  created at (or distributed or discussed in connection with) the communication or

21  after the communication, including notes of the communication.

22    15.    "GROSS PROFIT" means gross revenue minus cost of goods sold.

23    16.    "VARIABLE PROFIT" means GROSS PROFIT minus variable

24  selling expenses, e.g., sales commissions, pertaining to the WHITE GRAPE

25  POMEGRANATE JUICE PRODUCT.

26    17.    "NET PROFIT" means GROSS PROFIT minus all selling, marketing

27  and overhead expenses pertaining to the WHITE GRAPE POMEGRANATE

28  JUICE PRODUCT.

EXH. B

PG. 34    - 4 -

PLAINTIFF'S INTERROGATORIES TO
DEFENDANT (SET ONE)

# INTERROGATORIES

**INTERROGATORY NO. 1**

State all ingredients in YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT, including the relative percentage of each ingredient.

**INTERROGATORY NO. 2**

IDENTIFY all SOURCE(S) of the pomegranate juice contained in YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT including, but not limited to the growers of the pomegranates, the SOURCE(S) of pomegranate concentrate, if any, and the SOURCE(S) of pomegranate juice, if any.

**INTERROGATORY NO. 3**

IDENTIFY all PERSONS with knowledge of the SOURCE(S) of the pomegranate juice in YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT, including, but not limited to the growers of the pomegranates, the SOURCE(S) of pomegranate concentrate, if any, and the SOURCE(S) of pomegranate juice, if any.

**INTERROGATORY NO. 4**

Why does the label for YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT depict pomegranates?

**INTERROGATORY NO. 5**

Why does the label for YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT not depict the fruit of the primary ingredient, an apple?

**INTERROGATORY NO. 6**

Why does YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT contain "White Grape Pomegranate" as part of the product name?

**INTERROGATORY NO. 7**

IDENTIFY all PERSONS who participated in YOUR decision to include "White Grape Pomegranate" in the name for YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT.

PLAINTIFF'S INTERROGATORIES TO DEFENDANT (SET ONE)

**INTERROGATORY NO. 8**

IDENTIFY all PERSONS who participated in YOUR decision to depict pomegranates on the label for YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT.

**INTERROGATORY NO. 9**

IDENTIFY all PERSONS who participated in the design of any and all labels for YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT, including all draft labels and draft designs of labels.

**INTERROGATORY NO. 10**

IDENTIFY each ADVERTISEMENT RELATING TO YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT, whether or not such ADVERTISEMENT has been used or shown to the public.  Please include the date of each ADVERTISEMENT, description of the contents of each ADVERTISMENT, and the identity of the relevant publication, radio/TV station or internet site on which each ADVERTISEMENT appeared, if applicable.

**INTERROGATORY NO. 11**

IDENTIFY all PERSONS who participated in the creation of each ADVERTISEMENT RELATING TO YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT, whether or not such ADVERTISEMENT has been used or shown to the public.

**INTERROGATORY NO. 12**

IDENTIFY all websites where YOU have ADVERTISED or MARKETED YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT (including the URL where such advertisement currently appears or previously appeared).

**INTERROGATORY NO. 13**

IDENTIFY YOUR MARKETING plans or strategies RELATING TO YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT.

PLAINTIFF'S INTERROGATORIES TO
DEFENDANT (SET ONE)

1  **INTERROGATORY NO. 14**

2  IDENTIFY all PERSONS who participated in the DEVELOPMENT or

3  implementation of MARKETING plans or strategies RELATING TO YOUR

4  WHITE GRAPE POMEGRANATE JUICE PRODUCT.

5  **INTERROGATORY NO. 15**

6  IDENTIFY YOUR brand strategy for YOUR WHITE GRAPE

7  POMEGRANATE JUICE PRODUCT.

8  **INTERROGATORY NO. 16**

9  IDENTIFY all PERSONS who participated in the DEVELOPMENT or

10  implementation of the brand strategy for YOUR WHITE GRAPE

11  POMEGRANATE JUICE PRODUCT.

12  **INTERROGATORY NO. 17**

13  IDENTIFY all PERSONS who participated in the product DEVELOPMENT

14  of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT, including but

15  not limited to conceptual development, product formulation, ingredient research,

16  product testing, and scientific analysis.

17  **INTERROGATORY NO. 18**

18  IDENTIFY each test YOU performed RELATING TO the ingredients

19  contained in YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT

20  including, but not limited to, the purpose of each test, the date of each test, and the

21  PERSON(S) who conducted each test.

22  **INTERROGATORY NO. 19**

23  IDENTIFY all DOCUMENTS RELATING TO the testing of the ingredients

24  contained in your WHITE GRAPE POMEGRANATE JUICE PRODUCT

25  including, but not limited to, all test reports, results, data, notes, memoranda,

26  correspondence and emails RELATING TO each test.

27

28

EXH. B
PG. 37

PLAINTIFF'S INTERROGATORIES TO
DEFENDANT (SET ONE)

1    **INTERROGATORY NO. 20**

2    IDENTIFY all PERSONS currently or previously employed by YOU who

3    have researched the health benefits of pomegranate juice, including, but not limited

4    to, original research or review of scientific reports or studies.

5    **INTERROGATORY NO. 21**

6    How much money on average have YOU paid per gallon each calendar year

7    from 2006 to the present for the pomegranate juice concentrate that is used in your

8    WHITE GRAPE POMEGRANATE JUICE PRODUCT?

9    **INTERROGATORY NO. 22**

10    How much money have YOU spent each calendar year from 2006 to the

11    present to ADVERTISE YOUR WHITE GRAPE POMEGRANATE JUICE

12    PRODUCT?  Please specify the amount spent each year on each advertising

13    medium, e.g., television, print, internet, product placement, etc.

14    **INTERROGATORY NO. 23**

15    How much money have YOU budgeted for the calendar years 2009 and 2010

16    for ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE

17    PRODUCT. Please specify the amount spent each year on each advertising

18    medium, e.g., television, print, internet, product placement, etc.

19    **INTERROGATORY NO. 24**

20    IDENTIFY all products containing pomegranate juice that YOU have

21    DEVELOPED, whether or not such products have been MARKETED,

22    ADVERTISED, or offered for sale.

23    **INTERROGATORY NO. 25**

24    State the gross revenue generated by the sale of YOUR WHITE GRAPE

25    POMEGRANATE JUICE PRODUCT on an annual, quarterly and monthly basis

26    from its launch to the present.

27    ///

28    EXH. B
PG. 38

PLAINTIFF'S INTERROGATORIES TO
DEFENDANT (SET ONE)

1  **INTERROGATORY NO. 26**

2      State the GROSS PROFIT, VARIABLE PROFIT and NET PROFIT

3  generated by the sale of YOUR WHITE GRAPE POMEGRANATE JUICE

4  PRODUCT on an annual, quarterly and monthly basis from its launch to the

5  present.

6  **INTERROGATORY NO. 26**

7      State all facts that you contend support YOUR denial of any request for

8  admission in POM's concurrently-served "PLAINTIFF POM WONDERFUL

9  LLC'S REQUEST FOR ADMISSIONS TO DEFENDANT WELCH FOODS,

10  INC. (SET ONE)."

11

12  Dated: September 23, 2009

13                               ROLL INTERNATIONAL CORPORATION LEGAL DEPARTMENT

14

15                               By: _____

16                               Christopher Van Gundy
                             Attorneys for Plaintiff
                             POM WONDERFUL LLC

17

18

19

20

21

22

23

24

25

26

27

28                           EXH. B
                         PG. 39

                             PLAINTIFF'S INTERROGATORIES TO
                             DEFENDANT (SET ONE)

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action. My business address is Roll International Corporation – Legal Department, 11444 West Olympic Blvd, 10th Floor, Los Angeles, CA 90064. On September 23, 2009, I served the within documents described as follows:

**PLAINTIFF POM WONDERFUL LCC'S INTERROGATORIES TO DEFENDANT WELCH FOODS, INC., SET ONE**

| | |
|---|---|
| X | BY MAIL as follows: By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below. |
| ☐ | BY PERSONAL SERVICE as follows: By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below by FIRST LEGAL Messenger Service. |
| ☐ | BY FACSIMILE TRANSMISSION as follows: I sent the document(s) listed above to the person(s) at the address(es) set forth below from facsimile machine(310) 966-5758 on September 23, 2009. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 966-5758 which confirms said transmission and receipt. |
| ☐ | BY OVERNIGHT COURIER SERVICE as follows: I sent the document(s) listed above to the person(s) at the address(es) set forth below by _____ courier service. |

Rick L. Shackelford
Shackelfordr@gtlaw.com
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400
Santa Monica, CA 90404
T:    (310) 586-7700
F:    (310) 586-7800

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

☒    FEDERAL: I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 23, 2009, at Los Angeles, California.

*Janice Henry*
Janice Henry

EXH. B
PG. 40