# Exhibit C

EXH. C
PG. 41

# Exhibit C

EXH. C
PG. 41

1   ANDREW S. CLARE (SBN 050289)
    aclare@loeb.com
2   MARK D. CAMPBELL (SBN 180528)
    mcampbell@loeb.com
3   LOEB & LOEB LLP
    10100 Santa Monica Blvd., Ste. 2200
4   Los Angeles, California 90067-4120
    Telephone:  310-282-2000
5   Facsimile:   310-282-2200

6   CHRISTOPHER VAN GUNDY (SBN 152359)
    cvangundy@roll.com
7   ROLL INTERNATIONAL
    CORPORATION – LEGAL DEPT.
8   11444 West Olympic Blvd., 10th Floor
    Los Angeles, California 90064-1557
9   Telephone:  310-966-5700
    Facsimile:   310-966-5758

10

    Attorneys for Plaintiff
11  POM WONDERFUL LLC

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16  POM WONDERFUL LLC, a Delaware )   Case No.  CV-09-00567 AHM (AGRx)
    limited liability company,     )
17                                 )   PLAINTIFF POM WONDERFUL
                  Plaintiff,       )   LLC'S REQUEST FOR ADMISSIONS
18                                 )   TO DEFENDANT WELCH FOODS,
         v.                        )   INC. (SET ONE)
19                                 )
    WELCH FOODS, INC., a Michigan  )   THE HONORABLE A. HOWARD
20  corporation; and DOES 1-10, inclusive, )  MATZ
                                   )
21                Defendants.      )
                                   )
22                                 )
                                   )
23                                 )
                                   )
24  _____ )

25  / / /

26  / / /

27  / / /

28  / / /

{032400.2}

EXH. C
PG. 42

| | |
|---|---|
| 1 | PROPOUNDING PARTY: | Plaintiff POM WONDERFUL LLC |
| 2 | RESPONDING PARTY: | Defendant WELCH FOODS, INC. |
| 3 | SET NO.: | ONE (1) |

4     Pursuant to Federal Rules of Civil Procedure, Rule 36, Plaintiff POM

5  Wonderful LLC ("Plaintiff" or "POM Wonderful") requests that Defendant Welch

6  Foods, Inc. ("Defendant" or "Welch's"), within thirty (30) days of service thereof,

7  provide written responses to the following requests for admissions to Roll

8  International Corporation- Legal Department, 11444 West Olympic Blvd., 10th

9  Floor, Los Angeles, CA 90064.

10                          **DEFINITIONS**

11     1.    "COMPLAINT" means the Complaint filed on or about January 23,

12  2009, by POM Wonderful LLC in the United States District Court, Central District

13  of California, Case No. CV09-00567 AHM (AGRx).

14     2.    "DEFENDANT," "YOU" and "YOUR" mean and refer to Defendant

15  Welch Foods, Inc. and include, without limitation, all parents, subsidiaries,

16  predecessors, successors, divisions or other affiliated entities owned or controlled

17  by YOU; all past and present officers, directors, members, or employees; and any

18  agents, attorneys, representatives, consultants, accountants, experts, investigators,

19  or other persons acting or purporting to act on YOUR behalf.

20     3.    "COMMUNICATION(s)" means any contact between, by or with

21  YOU, including the transmission of information from one person to another person

22  or entity, regardless of the medium through which such communication occurred

23  and shall include, but is not limited to emails, text messages, discussions,

24  conversations, correspondence, negotiations, meetings, speeches, memoranda,

25  letters, notes, statements or questions.

26     4.    "DOCUMENTS" or "DOCUMENT" means all materials within the

27  scope of Federal Rules of Civil Procedure, Rule 34.

28

{032400.2}

PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT (SET ONE)

1        5.    "RELATING TO" or "RELATED TO" means reflecting, concerning,

2  pertaining to, mentioning, discussing, summarizing, describing, regarding,

3  containing, referring to, depicting, connected with, embodying, evidencing,

4  constituting, reporting, or in any way connected to the matter discussed.

5        6.    "PERSON" means any natural person, corporation, partnership,

6  government agency or board, association, proprietorship, organization, or any other

7  entity.

8        7.    "PLAINTIFF" and "POM" mean and include plaintiff Pom Wonderful

9  LLC.

10       8.    "WHITE GRAPE POMEGRANATE JUICE PRODUCT" is defined to

11  mean the Welch's White Grape Pomegranate Juice Product as described in the

12  COMPLAINT.

13       9.    "ADVERTISING" means and includes any advertising as

14  "advertising" is understood by the reasonable consumer, including, but not limited

15  to, advertising plans or strategies, in-store point-of-sale materials, product label,

16  radio, internet, billboards, prints, newspapers, magazines, television and movie

17  product placement, and any other form of advertising.

18      10.    "DEVELOP," "DEVELOPING" and "DEVELOPED" means and

19  includes all stages of development including, but not limited to generating ideas,

20  analysis of strengths, weaknesses, opportunities, risks and treats, brainstorming

21  concepts, screening ideas, benefits, growth forecasts, competition, feasibility and

22  marketability, generating concepts and related testing, estimating related selling

23  price, sales volume, costs, expenses, resources and profitability, MARKETING

24  (defined below), producing prototype, testing of prototype, planning, operations,

25  logistics, resources and contingencies, scheduling, initiating plan, reviewing and

26  monitoring of plan, generating publications, ADVERTISING, to the extent the

27  definition below applies, and distributing.

28

EXH. C
PG. 44
- 3 -

1    11.    "MARKETING" means and includes all stages of marketing

2  including, but not limited to, cost studies, DEVELOPING a product, product

3  research, market research, market analyses, market studies, wholesale or retail

4  pricing studies, research regarding consumer and focus group price sensitivity and

5  related expected sales volume, media plans, consumer and focus group preference

6  research, consumer and focus group reaction research, consumer and focus group

7  preference surveys, taste tests, product placement, product sale and

8  ADVERTISING plan or strategy.

9    12.    "SOURCE(S)" means and includes any and all natural persons or

10  entities, whether domestic or foreign, associated with handling and providing YOU

11  at any time whatsoever pomegranates, pomegranate concentrate, pomegranate juice

12  or any other form of pomegranate used in YOUR juice products including, but not

13  limited to, growers, testers, suppliers, processors, producers, deliverers, distributors

14  and storage facilities, including the addresses of the SOURCE(S).

15              **INSTRUCTIONS**

16    1.    If any portion of a request for admission is true, YOU must admit that

17  portion, and YOUR response must specify the part admitted and qualify or deny the

18  rest.

19    2.    If any denial, whether in part or in whole, to a request for admission is

20  qualified, set forth in detail the reasons why YOU cannot provide an unqualified

21  denial.

22    3.    If for any reason YOU are unable to answer any particular request for

23  admission, set forth all information you do have in response thereto and explain

24  what efforts YOU have made to obtain further information and why YOU have

25  been unable to obtain such information.

26    4.    If any information or communication is withheld under a claim of

27  privilege or other exemption from discovery, provide facts sufficiently specific to

28  permit the Court to determine whether the claim of privilege or other exemption is

{032400 2}                    EXH. C                   PLAINTIFF'S REQUEST FOR ADMISSIONS TO
                              PG. 45- 4 -                        DEFENDANT (SET ONE)

valid, including each and every fact upon which the privilege or exemption is claimed. Such written statement should include the following information with respect to each privilege claim:

        a.    the subject matter of the information or communication;

        b.    the date of the communication;

        c.    the names and titles of persons with knowledge of the Information or communication;

        d.    each and every fact or basis upon which such privilege or exemption is claimed.

## ADMISSION REQUESTS

### REQUEST FOR ADMISSION NO. 1:

Admit that the label on YOUR WHITE GRAPE POMEGRANATE PRODUCT ADVERTISES YOUR WHITE GRAPE POMEGRANATE PRODUCT to consumers.

### REQUEST FOR ADMISSION NO. 2:

Admit that YOUR use of the phrase "White Grape Pomegranate" on the front label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to induce consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT.

### REQUEST FOR ADMISSION NO. 3:

Admit that YOUR use of the phrase "White Grape Pomegranate" on the front label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to induce some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT for perceived health benefits.

### REQUEST FOR ADMISSION NO. 4:

Admit that YOUR use of the phrase "White Grape Pomegranate" on the front label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT induced

1  some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE
2  PRODUCT.

3  **REQUEST FOR ADMISSION NO. 5:**

4       Admit that YOUR use of the phrase "White Grape Pomegranate" on the front
5  label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended
6  in whole or in part to cause consumers to believe that YOUR WHITE GRAPE
7  POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or
8  white grape juice, or a combination of the two.

9  **REQUEST FOR ADMISSION NO. 6:**

10       Admit that YOUR use of the phrase "White Grape Pomegranate" on the front
11  label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes
12  some consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE
13  PRODUCT mainly consists of pomegranate juice or white grape juice, or a
14  combination of the two.

15  **REQUEST FOR ADMISSION NO. 7:**

16       Admit that YOUR depiction of pomegranates and grapes on the front label of
17  YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in
18  whole or in part to cause consumers to believe that YOUR WHITE GRAPE
19  POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or
20  white grape juice, or a combination of the two.

21  **REQUEST FOR ADMISSION NO. 8:**

22       Admit that YOUR depiction of pomegranates and grapes on the front label of
23  YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some
24  consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE
25  PRODUCT mainly consists of pomegranate juice or white grape juice, or a
26  combination of the two.

27
28

{032400.2}

**REQUEST FOR ADMISSION NO. 9:**

Admit that YOUR use of the phrase "White Grape Pomegranate" on the front label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to cause consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT instead of one or more of POM's pomegranate juice products.

**REQUEST FOR ADMISSION NO. 10:**

Admit that YOUR use of the phrase "White Grape Pomegranate" on the front label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT instead of one or more of POM's pomegranate juice products.

**REQUEST FOR ADMISSION NO. 11:**

Admit that YOUR depiction of pomegranates and grapes on the front label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to cause consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT instead of one or more of POM's pomegranate juice products.

**REQUEST FOR ADMISSION NO. 12:**

Admit that YOUR depiction of pomegranates and grapes on the front label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT instead of one or more of POM's pomegranate juice products.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to induce consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to induce consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT for perceived health benefits.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to cause consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a combination of the two.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a combination of the two.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOUR depiction of pomegranates and grapes on the front label in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to cause consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a combination of the two.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOUR depiction of pomegranates and grapes on the front label in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a combination of the two.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to cause consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT instead of one or more of POM's pomegranate juice products.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT instead of one or more of POM's pomegranate juice products.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT does not have health benefits equivalent or superior to any of POM's pomegranate juice products.

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOUR MARKETING OR ADVERTISING of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT was intended in whole or in part to lead consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a combination of the two.

{032400.2}    PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT (SET ONE)

**REQUEST FOR ADMISSION NO. 24:**

Admit YOUR depiction of pomegranates and grapes, without depiction of any other fruits, on the label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT consists primarily of pomegranate juice and white grape juice.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT does not primarily consist of pomegranate juice or white grape juice, or a combination of the two.

**REQUEST FOR ADMISSION NO. 26:**

Admit that there is consumer confusion regarding the contents of YOUR WHITE GRAPE POMEGRANATE JUICE in that some consumers believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a combination of the two.

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT per bottle contains less than one percent pomegranate juice by volume.

Dated:  September 23, 2009

ROLL INTERNATIONAL
CORPORATION LEGAL DEPARTMENT

By: _____
Christopher Van Gundy
Attorneys for Plaintiff
POM WONDERFUL LLC

{032400.2}

EXH. C
PG. 51
- 10 -

PLAINTIFF'S REQUEST FOR ADMISSIONS TO
DEFENDANT (SET ONE)

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action. My business address is Roll International Corporation – Legal Department, 11444 West Olympic Blvd, 10th Floor, Los Angeles, CA 90064.  On September 23, 2009, I served the within documents described as follows:

**PLAINTIFF POM WONDERFUL LCC'S REQUEST FOR ADMISSIONS TO DEFENDANT WELCH FOODS, INC., SET ONE**

| | |
|---|---|
| X | BY MAIL as follows:  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below. |
| ☐ | BY PERSONAL SERVICE as follows:  By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below by FIRST LEGAL Messenger Service. |
| ☐ | BY FACSIMILE TRANSMISSION as follows:  I sent the document(s) listed above to the person(s) at the address(es) set forth below from facsimile machine(310) 966-5758 on September 23, 2009.  I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 966-5758 which confirms said transmission and receipt. |
| ☐ | BY OVERNIGHT COURIER SERVICE as follows: I sent the document(s) listed above to the person(s) at the address(es) set forth below by _____ courier service. |

Rick L. Shackelford
Shackelfordr@gtlaw.com
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400
Santa Monica, CA  90404
T:      (310) 586-7700
F:      (310) 586-7800

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

X      FEDERAL:  I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 23, 2009, at Los Angeles, California.

*Janice Henry*
Janice Henry

EXH. C
PG. 52

1  ANDREW S. CLARE (SBN 050289)
   aclare@loeb.com
2  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Ste. 2200
4  Los Angeles, California 90067-4120
   Telephone: 310-282-2000
5  Facsimile:  310-282-2200

6  CHRISTOPHER VAN GUNDY (SBN 152359)
   cvangundy@roll.com
7  ROLL INTERNATIONAL
   CORPORATION – LEGAL DEPT.
8  11444 West Olympic Blvd., 10th Floor
   Los Angeles, California 90064-1557
9  Telephone: 310-966-5700
   Facsimile:  310-966-5758

10

   Attorneys for Plaintiff
11 POM WONDERFUL LLC

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15

16 POM WONDERFUL LLC, a Delaware )   Case No.  CV-09-00567 AHM (AGRx)
   limited liability company,          )
17                                     )   PLAINTIFF POM WONDERFUL
              Plaintiff,               )   LLC'S REQUEST FOR ADMISSIONS
18                                     )   TO DEFENDANT WELCH FOODS,
          v.                           )   INC. (SET ONE)
19                                     )
   WELCH FOODS, INC., a Michigan       )   THE HONORABLE A. HOWARD
20 corporation; and DOES 1-10, inclusive, )   MATZ
                                       )
21            Defendants.              )
                                       )
22                                     )
                                       )
23                                     )
                                       )
24 _____ )

25 / / /

26 / / /

27 / / /

28 / / /

                              EXH. C
                              PG. 42
   {032400.2}                          PLAINTIFF'S REQUEST FOR ADMISSIONS TO
                                       DEFENDANT (SET ONE)

1    PROPOUNDING PARTY:    Plaintiff POM WONDERFUL LLC

2    RESPONDING PARTY:    Defendant WELCH FOODS, INC.

3    SET NO.:    ONE (1)

4    Pursuant to Federal Rules of Civil Procedure, Rule 36, Plaintiff POM

5 Wonderful LLC ("Plaintiff" or "POM Wonderful") requests that Defendant Welch

6 Foods, Inc. ("Defendant" or "Welch's"), within thirty (30) days of service thereof,

7 provide written responses to the following requests for admissions to Roll

8 International Corporation- Legal Department, 11444 West Olympic Blvd., 10th

9 Floor, Los Angeles, CA 90064.

10    **DEFINITIONS**

11    1.    "COMPLAINT" means the Complaint filed on or about January 23,

12 2009, by POM Wonderful LLC in the United States District Court, Central District

13 of California, Case No. CV09-00567 AHM (AGRx).

14    2.    "DEFENDANT," "YOU" and "YOUR" mean and refer to Defendant

15 Welch Foods, Inc. and include, without limitation, all parents, subsidiaries,

16 predecessors, successors, divisions or other affiliated entities owned or controlled

17 by YOU; all past and present officers, directors, members, or employees; and any

18 agents, attorneys, representatives, consultants, accountants, experts, investigators,

19 or other persons acting or purporting to act on YOUR behalf.

20    3.    "COMMUNICATION(s)" means any contact between, by or with

21 YOU, including the transmission of information from one person to another person

22 or entity, regardless of the medium through which such communication occurred

23 and shall include, but is not limited to emails, text messages, discussions,

24 conversations, correspondence, negotiations, meetings, speeches, memoranda,

25 letters, notes, statements or questions.

26    4.    "DOCUMENTS" or "DOCUMENT" means all materials within the

27 scope of Federal Rules of Civil Procedure, Rule 34.

28

{032400.2}    EXH. C
PG. 43
- 2 -    PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT (SET ONE)

5.    "RELATING TO" or "RELATED TO" means reflecting, concerning, pertaining to, mentioning, discussing, summarizing, describing, regarding, containing, referring to, depicting, connected with, embodying, evidencing, constituting, reporting, or in any way connected to the matter discussed.

6.    "PERSON" means any natural person, corporation, partnership, government agency or board, association, proprietorship, organization, or any other entity.

7.    "PLAINTIFF" and "POM" mean and include plaintiff Pom Wonderful LLC.

8.    "WHITE GRAPE POMEGRANATE JUICE PRODUCT" is defined to mean the Welch's White Grape Pomegranate Juice Product as described in the COMPLAINT.

9.    "ADVERTISING" means and includes any advertising as "advertising" is understood by the reasonable consumer, including, but not limited to, advertising plans or strategies, in-store point-of-sale materials, product label, radio, internet, billboards, prints, newspapers, magazines, television and movie product placement, and any other form of advertising.

10.    "DEVELOP," "DEVELOPING" and "DEVELOPED" means and includes all stages of development including, but not limited to generating ideas, analysis of strengths, weaknesses, opportunities, risks and treats, brainstorming concepts, screening ideas, benefits, growth forecasts, competition, feasibility and marketability, generating concepts and related testing, estimating related selling price, sales volume, costs, expenses, resources and profitability, MARKETING (defined below), producing prototype, testing of prototype, planning, operations, logistics, resources and contingencies, scheduling, initiating plan, reviewing and monitoring of plan, generating publications, ADVERTISING, to the extent the definition below applies, and distributing.

11.    "MARKETING" means and includes all stages of marketing including, but not limited to, cost studies, DEVELOPING a product, product research, market research, market analyses, market studies, wholesale or retail pricing studies, research regarding consumer and focus group price sensitivity and related expected sales volume, media plans, consumer and focus group preference research, consumer and focus group reaction research, consumer and focus group preference surveys, taste tests, product placement, product sale and ADVERTISING plan or strategy.

12.    "SOURCE(S)" means and includes any and all natural persons or entities, whether domestic or foreign, associated with handling and providing YOU at any time whatsoever pomegranates, pomegranate concentrate, pomegranate juice or any other form of pomegranate used in YOUR juice products including, but not limited to, growers, testers, suppliers, processors, producers, deliverers, distributors and storage facilities, including the addresses of the SOURCE(S).

## INSTRUCTIONS

1.    If any portion of a request for admission is true, YOU must admit that portion, and YOUR response must specify the part admitted and qualify or deny the rest.

2.    If any denial, whether in part or in whole, to a request for admission is qualified, set forth in detail the reasons why YOU cannot provide an unqualified denial.

3.    If for any reason YOU are unable to answer any particular request for admission, set forth all information you do have in response thereto and explain what efforts YOU have made to obtain further information and why YOU have been unable to obtain such information.

4.    If any information or communication is withheld under a claim of privilege or other exemption from discovery, provide facts sufficiently specific to permit the Court to determine whether the claim of privilege or other exemption is

1  valid, including each and every fact upon which the privilege or exemption is

2  claimed.  Such written statement should include the following information with

3  respect to each privilege claim:

4         a.    the subject matter of the information or communication;

5         b.    the date of the communication;

6         c.    the names and titles of persons with knowledge of the

7              Information or communication;

8         d.    each and every fact or basis upon which such privilege or

9              exemption is claimed.

10

11  **ADMISSION REQUESTS**

12  **REQUEST FOR ADMISSION NO. 1:**

13  Admit that the label on YOUR WHITE GRAPE POMEGRANATE

14  PRODUCT ADVERTISES YOUR WHITE GRAPE POMEGRANATE

15  PRODUCT to consumers.

16  **REQUEST FOR ADMISSION NO. 2:**

17  Admit that YOUR use of the phrase "White Grape Pomegranate" on the front

18  label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended

19  in whole or in part to induce consumers to purchase YOUR WHITE GRAPE

20  POMEGRANATE JUICE PRODUCT.

21  **REQUEST FOR ADMISSION NO. 3:**

22  Admit that YOUR use of the phrase "White Grape Pomegranate" on the front

23  label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended

24  in whole or in part to induce some consumers to purchase YOUR WHITE GRAPE

25  POMEGRANATE JUICE PRODUCT for perceived health benefits.

26  **REQUEST FOR ADMISSION NO. 4:**

27  Admit that YOUR use of the phrase "White Grape Pomegranate" on the front

28  label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT induced

1  some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE
2  PRODUCT.
3  **REQUEST FOR ADMISSION NO. 5:**
4      Admit that YOUR use of the phrase "White Grape Pomegranate" on the front
5  label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended
6  in whole or in part to cause consumers to believe that YOUR WHITE GRAPE
7  POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or
8  white grape juice, or a combination of the two.
9  **REQUEST FOR ADMISSION NO. 6:**
10     Admit that YOUR use of the phrase "White Grape Pomegranate" on the front
11 label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes
12 some consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE
13 PRODUCT mainly consists of pomegranate juice or white grape juice, or a
14 combination of the two.
15 **REQUEST FOR ADMISSION NO. 7:**
16     Admit that YOUR depiction of pomegranates and grapes on the front label of
17 YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in
18 whole or in part to cause consumers to believe that YOUR WHITE GRAPE
19 POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or
20 white grape juice, or a combination of the two.
21 **REQUEST FOR ADMISSION NO. 8:**
22     Admit that YOUR depiction of pomegranates and grapes on the front label of
23 YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some
24 consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE
25 PRODUCT mainly consists of pomegranate juice or white grape juice, or a
26 combination of the two.
27
28

1    **REQUEST FOR ADMISSION NO. 9:**

2         Admit that YOUR use of the phrase "White Grape Pomegranate" on the front

3    label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended

4    in whole or in part to cause consumers to purchase YOUR WHITE GRAPE

5    POMEGRANATE JUICE PRODUCT instead of one or more of POM's

6    pomegranate juice products.

7    **REQUEST FOR ADMISSION NO. 10:**

8         Admit that YOUR use of the phrase "White Grape Pomegranate" on the front

9    label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes

10   some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE

11   PRODUCT instead of one or more of POM's pomegranate juice products.

12   **REQUEST FOR ADMISSION NO. 11:**

13        Admit that YOUR depiction of pomegranates and grapes on the front label of

14   YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in

15   whole or in part to cause consumers to purchase YOUR WHITE GRAPE

16   POMEGRANATE JUICE PRODUCT instead of one or more of POM's

17   pomegranate juice products.

18   **REQUEST FOR ADMISSION NO. 12:**

19        Admit that YOUR depiction of pomegranates and grapes on the front label of

20   YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some

21   consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE

22   PRODUCT instead of one or more of POM's pomegranate juice products.

23   **REQUEST FOR ADMISSION NO. 13:**

24        Admit that YOUR use of the phrase "White Grape Pomegranate" in

25   ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is

26   intended in whole or in part to induce consumers to purchase YOUR WHITE

27   GRAPE POMEGRANATE JUICE PRODUCT.

28

{032400.2}                                    PLAINTIFF'S REQUEST FOR ADMISSIONS TO
                                                    DEFENDANT (SET ONE)

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to induce consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT for perceived health benefits.

**REQUEST FOR ADMISSION NO. 15:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to cause consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a combination of the two.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a combination of the two.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOUR depiction of pomegranates and grapes on the front label in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to cause consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a combination of the two.

EXH. C
PG. 49- 8 -

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOUR depiction of pomegranates and grapes on the front label in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a combination of the two.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT is intended in whole or in part to cause consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT instead of one or more of POM's pomegranate juice products.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOUR use of the phrase "White Grape Pomegranate" in ADVERTISING YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes some consumers to purchase YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT instead of one or more of POM's pomegranate juice products.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT does not have health benefits equivalent or superior to any of POM's pomegranate juice products.

**REQUEST FOR ADMISSION NO. 23:**

Admit that YOUR MARKETING OR ADVERTISING of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT was intended in whole or in part to lead consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a combination of the two.

{032400.2}                    PLAINTIFF'S REQUEST FOR ADMISSIONS TO
                              DEFENDANT (SET ONE)

**REQUEST FOR ADMISSION NO. 24:**

Admit YOUR depiction of pomegranates and grapes, without depiction of any other fruits, on the label of YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT causes consumers to believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT consists primarily of pomegranate juice and white grape juice.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT does not primarily consist of pomegranate juice or white grape juice, or a combination of the two.

**REQUEST FOR ADMISSION NO. 26:**

Admit that there is consumer confusion regarding the contents of YOUR WHITE GRAPE POMEGRANATE JUICE in that some consumers believe that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT mainly consists of pomegranate juice or white grape juice, or a combination of the two.

**REQUEST FOR ADMISSION NO. 27:**

Admit that YOUR WHITE GRAPE POMEGRANATE JUICE PRODUCT per bottle contains less than one percent pomegranate juice by volume.

Dated:  September 23, 2009

ROLL INTERNATIONAL
CORPORATION LEGAL DEPARTMENT

By: _____
Christopher Van Gundy
Attorneys for Plaintiff
POM WONDERFUL LLC

EXH. C
PG. 51

{032400.2}

PLAINTIFF'S REQUEST FOR ADMISSIONS TO
DEFENDANT (SET ONE)

- 10 -

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen (18) years, and not a party to the within action. My business address is Roll International Corporation – Legal Department, 11444 West Olympic Blvd, 10th Floor, Los Angeles, CA 90064. On September 23, 2009, I served the within documents described as follows:

### PLAINTIFF POM WONDERFUL LCC'S REQUEST FOR ADMISSIONS TO DEFENDANT WELCH FOODS, INC., SET ONE

| | |
|---|---|
| X | BY MAIL as follows: By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below. |
| ☐ | BY PERSONAL SERVICE as follows: By personally delivering the document(s) listed above to the person(s) at the address(es) set forth below by FIRST LEGAL Messenger Service. |
| ☐ | BY FACSIMILE TRANSMISSION as follows: I sent the document(s) listed above to the person(s) at the address(es) set forth below from facsimile machine(310) 966-5758 on September 23, 2009. I certify that said transmission was completed and that all pages were received and that a report was generated by facsimile machine (310) 966-5758 which confirms said transmission and receipt. |
| ☐ | BY OVERNIGHT COURIER SERVICE as follows: I sent the document(s) listed above to the person(s) at the address(es) set forth below by _____ courier service. |

Rick L. Shackelford
Shackelfordr@gtlaw.com
GREENBERG TRAURIG, LLP
2450 Colorado Avenue, Suite 400
Santa Monica, CA 90404
T:      (310) 586-7700
F:      (310) 586-7800

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than on day after the date of deposit for mailing in affidavit.

FEDERAL: I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 23, 2009, at Los Angeles, California.

*Janice Henry*
Janice Henry

EXH. C
PG. 52