```
 1 │ RICK L. SHACKELFORD (SBN 151262)
   │ E-mail: ShackelfordR@gtlaw.com
 2 │ DANIELL K. NEWMAN (SBN 242834)
   │ E-mail: NewmanDK@gtlaw.com
 3 │ VICTORIA J. IANNI (SBN 266583)
   │ E-mail: IanniV@gtlaw.com
 4 │ GREENBERG TRAURIG, LLP
 5 │ 2450 Colorado Avenue, Suite 400E
   │ Santa Monica, California 90404
 6 │ Telephone: (310) 586-7700
 7 │ Facsimile: (310) 586-7800
 8 │ Attorneys for Defendant
   │ WELCH FOODS, INC.
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POM WONDERFUL LLC, a Delaware Limited Liability Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WELCH FOODS, INC., a Michigan corporation; and DOES 1-10, inclusive<br><br>Defendant(s) | CASE NO. CV-09-00567 AHM (AGRx)<br><br>**[PUBLIC REDACTED] DEFENDANT WELCH FOODS INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE TESTIMONY AND REPORT OF SHELDON BRADSHAW**<br><br>**[PUBLIC REDACTED]**<br><br>Date:         August 16, 2010<br>Time:         11:00 a.m.<br>Courtroom: 14<br>Judge:        Hon. A. Howard Matz<br><br>Complaint filed: January 23, 2009<br>Trial Date:        August 31, 2010 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Welch Foods, Inc. ("Welch's") will make a Motion in Limine on August 16, 2010, at 11:00 a.m., in Courtroom 14 of the above entitled Court, located at 312 N. Spring Street, Los Angeles, California, before the Honorable A. Howard Matz, to exclude at trial the testimony of Sheldon T. Bradshaw, an attorney, whom plaintiff Pom Wonderful, LLC ("Pom") has designated as a rebuttal expert witness.

This Motion should be granted because it is well established that expert testimony that simply consists of legal conclusions is improper.

This Motion will be based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Victoria J. Ianni, the pleadings and papers on file in this action, and on such further evidence and argument as the Court may consider.

This motion is made following the conference of counsel pursuant to Local Rule 7-3 that took place on July 26, 2010.

DATED: July 26, 2010

GREENBERG TRAURIG, LLP
By:      //S//: Rick L. Shackelford
     Rick L. Shackelford
     Attorneys for Defendant

- 1 -

LA 129,020,467 v1 115535.010400

## I. INTRODUCTION

Welch's Foods, Inc. ("Welch's") hereby moves in limine to exclude at trial the testimony of Sheldon T. Bradshaw, an attorney, whom plaintiff Pom Wonderful, LLC ("Pom") has designated as a rebuttal expert witness. Mr. Bradshaw has submitted a long and complex legal report, studded with footnotes and case citations, which Pom characterizes as an "expert rebuttal report." In fact, it is a legal brief. It is plain that Mr. Bradshaw's report is not submitted as a rebuttal to anything offered by Welch's. Instead, it is an attempt to instruct this Court and the jury on pure matters of law. Accordingly, the report and proffered testimony should be excluded from trial, pursuant to Federal Rule of Evidence 702.

## II. ARGUMENT

### A. Bradshaw's "Expert Opinion" Is Improper Legal Opinion

It is well established that expert testimony that simply consists of legal conclusions is improper. In <u>CFM Communications, LLC v. Mitts Telecasting Co.</u>, 424 F. Supp.2d 1229 (E.D. Cal. 2005), the Court excluded the testimony of a proposed expert as to the meaning and application of the FCC's regulations, and held:

> Though expert testimony is appropriate where "scientific, technical, or other specialized knowledge will assist the trier of fact," <u>expert testimony consisting of legal conclusions is generally inappropriate</u>.

*Id.* at 1233 (emphasis added).

It would be hard to find a more striking example of "legal conclusions" than those presented by Mr. Bradshaw. In his report, he identifies himself as ▮▮▮▮▮▮▮▮▮▮." (Report at pp 2-3.) His report is ▮▮▮▮▮. He cites ▮▮▮▮▮

- 1 -

. The report, taken as a whole, reads like a legal treatise or perhaps an appellate brief. To select just a few examples of the legal conclusions offered in this tome:

(Bradshaw Report, at 11, 18 and 20, emphasis added.)

This is the language of the law, not the opinion of an expert. To permit Mr. Bradshaw to lecture the jury about these matters would be to usurp the Court's role of instructing the jury. In this regard, it is significant that the *CFM* case was a <u>court</u> trial, not a jury trial: "The concerns about admitting expert legal opinion may be lessened where, as here, a court sits as trier of fact." 24 F.Supp. 2d at 1233. If such legal conclusions were excluded in a court trial, they should surely be excluded in a jury trial.

///

///

### B. Bradshaw Is Not A "Rebuttal Expert"

Pom has designated Mr. Bradshaw as a "rebuttal" expert witness, but much of his Report is not rebuttal at all. While Mr. Bradshaw's legal opinions, including his First Amendment argument, may be useful to Pom in arguing for its defense in an enforcement proceeding brought by the FDA, they do not rebut anything Dr. Blumberg has said in his report.

To "rebut" the portion of Jeffrey Blumberg's Expert Report in which Dr. Blumberg accurately describes the contents of a Warning Letter FDA has issued to Pom and various findings adverse to Pom issued by self-regulatory advertising bodies, Mr. Bradshaw offers opinion about what Dr. Blumberg "███" and "███" (Bradshaw Report, at 7, 10) and then sets up a straw man argument that ██████████████████████████████████████████████████████████████████████████████████████████████████████." (Bradshaw Report, at 12.) Mr. Bradshaw then ██████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

(Bradshaw Report, at 10, emphasis added.)

- 3 -

In fact, Bradshaw concedes he is not really rebutting Blumberg's opinion:

[REDACTED]

(Bradshaw Report, at 20, emphasis added.)

Mr. Bradshaw also purports to [REDACTED]

(Bradshaw Report, at 21.)

Mr. Bradshaw's snide personal attack is not rebuttal. Ms. Campbell's <u>36 years</u> of experience at the FDA certainly qualifies her to discuss food labeling in a way that would be helpful to the Court and the jury. The fact that she is not a lawyer and does not fill her report with case citations is a plus, and favorably distinguishes her testimony from the pure legal conclusions offered by Mr. Bradshaw.

///
///
///

---

[1] Mr. Bradshaw's assertion is a bit of an understatement. Ms. Campbell spent 36 years at the FDA in progressively more senior roles, with the last 27 years spent in food regulation and labeling. She participated in much of the writing of FDA's food labeling regulations and ultimately served for two years as the Acting Director of FDA's Office of Food Labeling.

- 4 -

**C.   Bradshaw Has No Basis To Speculate About Consumer Behavior**

In addition to his legal conclusions and attacks on Dr. Blumberg and FDA staffers noted above, Mr. Bradshaw also proffers unsupported speculation in the guise of expert opinion. Among other things, Mr. Bradshaw states the following:

[REDACTED]

(Bradshaw Report, at 31, emphasis in original.)

Mr. Bradshaw may have a long legal pedigree and many legal conclusions, but he is definitely not an expert in what a "[REDACTED]" would understand. This type of speculation has no place in any expert's opinion. As Mr. Bradshaw has chosen to include such speculation throughout his report, he should be excluded from testifying on this basis as well.

### III.   CONCLUSION

Mr. Bradshaw is an attorney who practices in the area of food and drug law. He is not counsel of record for Pom. Instead, he is offered as an expert witness to lecture the Court and the jury on what the law is. Welch's respectfully submits that there are already enough lawyers on both sides, and we don't need an additional one at trial. Accordingly, Welch's respectfully asks the Court to exclude Mr. Bradshaw from testifying at trial.

DATED: July 26, 2010             GREENBERG TRAURIG, LLP


By __//S//: *Rick L. Shackelford*__
    Rick L. Shackelford
    Attorneys for Defendant
    WELCH FOODS, INC

LA 129,020,467 v1 115535.010400