
1  ANDREW S. CLARE (SBN 050289)
   aclare@loeb.com
2  MARK D. CAMPBELL (SBN 180528)
   mcampbell@loeb.com
3  LOEB & LOEB LLP
   10100 Santa Monica Blvd., Suite 2200
4  Los Angeles, California 90067-4120
   Telephone:  310-282-2000
5  Facsimile:  310-282-2200

6  CHRISTOPHER VAN GUNDY (SBN 152359)
   cvangundy@roll.com
7  SOPHIE N. FROELICH (SBN 213194)
   sfroelich@roll.com
8  ROLL LAW GROUP P.C.
   11444 West Olympic Blvd, 10th Floor
9  Los Angeles, California 90064-1557
   Telephone:  310-966-8400
10 Facsimile:  310-966-8810

11 TODD C. THEODORA (SBN 120426)
   ttheodora@tocounsel.com
12 THEODORA ORINGHER MILLER & RICHMAN PC
   535 Anton Boulevard, 9th Floor
13 Costa Mesa, California  92626
   Telephone:  (714) 549-6200
14 Facsimile:  (714) 549-6201

15 Attorneys for Plaintiff
   POM WONDERFUL LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| POM WONDERFUL LLC, | Case No. CV-09-00567 AHM (AGRx) |
|---|---|
| Plaintiff, | **PLAINTIFF POM WONDERFUL LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION DEFENDANT WELCH FOODS INC.'S NOTICE OF MOTION AND MOTION IN LIMINE TO EXCLUDE TESTIMONY AND REPORT OF SHELDON BRADSHAW [DOCKET NO. 188]** |
| v. | |
| WELCH'S FOODS, INC., et al., | |
| Defendants. | |
| | **[DECLARATION OF CHRISTOPHER VAN GUNDY FILED CONCURRENTLY HEREWITH]** |
| | Assigned to Hon. A. Howard Matz |
| | Date:       August 16, 2010 |

{041338.1}

PLAINTIFF POM'S OPPOSITION TO MOTION
IN LIMINE TO EXCLUDE SHELDON
BRADSHAW

|   |   |
|---|---|
| 1 | ) Time:         11:00 a.m. |
| 2 | ) Courtroom:  14 |
| 3 | ) [PUBLIC REDACTED VERSION] |

{041338.1}

PLAINTIFF POM'S OPPOSITION TO MOTION
IN LIMINE TO EXCLUDE SHELDON
BRADSHAW

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Defendant Welch Foods Inc. ("Welch's") seeks to exclude as "legal conclusions" the expert testimony offered by Pom Wonderful LLC's ("Pom") rebuttal expert, Sheldon Bradshaw.  The problem with Welch's argument is that all Mr. Bradshaw has done is refute Welch's *own* experts' opinions on the same issues.  Welch's has no basis for attacking an expert's rebuttal opinion that merely refutes its own expert's opinion by application of the same principles.  In attacking Mr. Bradshaw's opinions ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Indeed, Pom has filed motions in limine to exclude those experts' opinions on the same grounds.  <u>See</u> Pom's Motions In Limine Nos. 1, 3, and 7 (Docket Nos. 198, 200 and 201).

[text redacted]

/ / /



1
2
3
4
5
6 Welch's notably avoids discussing the issue, but an
7 examination of both Campbell's original and rebuttal reports (<u>see</u> Van Gundy Decl.
8 filed in support of Pom's motions in limine [Docket No. 202], Exhs. C and E) shows
9 that all she does is opine on the *legal* sufficiency of Welch's label and the *legal*
10 sufficiency of Pom's label under FDA regulations – regulations which Campbell
11 herself admitted in deposition constitute law.  <u>See</u> Van Gundy Decl. In Support of
12 Plaintiff Pom Wonderful LLC'S Oppositions To Welch's Motions In Limine, Exh.
13 E thereto (Campbell Rough Depo. Transc., pgs. 110:7-19).  Pom's Motions In
14 Limine Nos. 3 and 7 already seek to exclude Cambell's testimony on this basis.
15 Welch's cannot have it both ways.  It cannot purport to offer Campbell's "expert"
16 opinion on whether its label and Pom's label comply with what she herself admits is
17 law,
18

In short, what is good for the goose is good for the gander.  If Welch's seeks
to have its experts apply various *legal* standards to Pom's advertising, Pom's label,
and Welch's own label, then Pom has the right to refute those experts on the same
points.  If Welch's does not wish to have Pom's experts rebut such testimony, then it
should withdraw both Blumberg's testimony and Campbell's testimony as requested
by Pom in its Motion In Limine Nos. 1, 3, and 7.

**II.    BRADSHAW'S REBUTTAL OF BLUMBERG'S TESTIMONY
         SHOULD NOT BE EXCLUDED.**



---

[1] For reasons discussed in greater detail in Pom's Motion In Limine No. 1,



1
2
3
4
5
6
7
8
9
10
11
12 Welch's cannot have it both ways.
13
14
15
16
17
18 Moreover, Bradshaw's rebuttal of
19
20
21
22
23
24
25
26
27
28

{041338.1} - 4 - PLAINTIFF POM'S OPPOSITION TO MOTION IN LIMINE TO EXCLUDE SHELDON BRADSHAW

1
2
3
4

5  Accordingly, Welch's motion in limine to exclude Bradshaw's rebuttal of
6  Blumberg's testimony should be denied.

7  **IV.  <u>BRADSHAW'S REBUTTAL OF ELIZABETH CAMPBELL SHOULD
8  NOT BE EXCLUDED.</u>**

9  Notably, Welch's avoids discussing Campbell's expert reports at all, except to
10 say
11
12 First, Campbell's expert opinions clearly constitute nothing *but* legal
13 conclusions, as discussed in detail in Pom's Motions In Limine Nos. 3 and 7
14 (Docket Nos. 200 and 201).  Indeed, Campbell's opening expert report opines
15 purely on whether or not Welch's label complies with FDA regulations.  <u>See</u> Van
16 Gundy Decl. filed in support of Pom's motions in limine (Docket No. 202), Exh. C
17 (Campbell Report).  Campbell herself admitted at deposition that those regulations
18 constitute *law*:

19  "Q. Okay, well, do you consider the FDA regulations to be federal law?
20  A. They have the force and effect of law and they are federal, yes.
21  Q.  So are you offering an opinion that -- strike that.  Are you offering an
22  opinion whether or not portions of the Welch's label that you've looked at
23  violate federal law?
24                                          * * *
25  A.  I am offering an opinion that they -- whether or not they violate the
26  federal regulations, and the regulations have the force and effect of law."

27
28

1   See Van Gundy Decl. In Support of Plaintiff Pom Wonderful LLC'S Oppositions
2   To Welch's Motions In Limine, Exh. E (Campbell Rough Depo. Transc., pgs.
3   110:7-19).  Campbell's rebuttal report similarly opines purely on whether *Pom's*
4   label violates FDA regulations.  See Van Gundy Decl. filed in support of Pom's
5   motions in limine (Docket No. 202), Exh. E (Campbell Rebuttal Report).
6       Welch's claim that Campbell's opinions are somehow strengthened by her
7   lack of any legal training or citation to nearly as much authority as Bradshaw is
8   ludicrous.
9
10
11                          Welch's cannot have its cake and eat it too.  If it wishes to
12  not have Bradshaw rebut Campbell's opinions, it should withdraw Campbell as an
13  expert altogether.

**IV.  CONCLUSION.**

15      Welch's paints itself into a corner.  If Welch's asserts that
16
17
18                                         For the same reasons, Campbell's purported
19  expert opinions must be excluded.  She offers nothing but legal opinions on whether
20  the parties' respective juice labels comply with the law.
21
22      Based on the foregoing, Welch's motion in limine to exclude Sheldon
23  Bradshaw's testimony and report should be denied.

24
25  Dated: August 2, 2010                    ROLL LAW GROUP, P.C.
26
27                                           By:  /s/*Christopher Van Gundy*
                                                 Christopher Van Gundy
                                                 Attorneys for Plaintiff
28                                               POM WONDERFUL LLC