O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 09-567 AHM (AGRx) | Date | November 18, 2010 |
| Title | POM WONDERFUL LLC v. WELCH FOODS, INC. et al. | | |

| | |
|---|---|
| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE |

| Stephen Montes | Not Reported | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs: Attorneys **NOT** Present for Defendants:

**Proceedings:** IN CHAMBERS (No Proceedings Held)

Plaintiff Pom Wonderful LLC ("Pom" or "Plaintiff") has brought these two motions — a Motion[1] for a New Trial under Fed. R. Civ. P. 59[2], and a Motion[3] for Equitable Relief — following the jury verdict[4] in its action against Defendant Welch Foods Inc. ("Defendant" or "Welch"). On September 13, 2010, the jury found Pom (1) proved Welch's 100% Juice White Grape Pomegranate product ("the product") was deceptive or had a tendency to deceive a substantial number of customers; (2) proved Defendant intended the name, label, packaging, or advertising to deceive consumers; and (3) failed to prove that Pom suffered injury, consisting of lost sales or lessening of goodwill as a result of Defendant's conduct.

In its Motion for a New Trial, Pom claims the submission of Question 4 to the jury — whether Pom had proven it suffered injury — was inappropriate in Phase I of the trial, should have been included in Phase II, and thus deprived Pom of a fair trial. Mot. for New Trial, at 2. In its Motion for Equitable Relief, Pom requests a hearing and an award of equitable relief, including an injunction preventing Welch's from "changing its mind

[1]Docket No. 391.

[2]Plaintiff also claims to bring this motion under Fed. R. Civ. P. 42. However, Rule 42 permits the Court to consolidate actions or order separate trials. It is not the basis for a Motion for Reconsideration.

[3]Docket No. 390.

[4]Docket No. 375.

or from ‘concocting’ a ‘new’ product with a substantially similar label, and disgorgement of Welch’s profits from sales of the product. Mot. for Eq. Relief, at 1.

For the following reasons, the Court DENIES both Plaintiff’s Motion for a New Trial, and Plaintiff’s Motion for Equitable Relief.

## I. MOTION FOR A NEW TRIAL

### A. Legal Standard

“[Federal Rule of Civil Procedure] 59(a) states, ‘A new trial may be granted . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.” Fed. R. Civ. P. 59(a)(1).” *Molski v. M.J. Cable, Inc.*, 481 F.3d 725, 729 (9th Cir. 2007). The Ninth Circuit has noted that “Rule 59 does not specify the grounds on which a motion for a new trial may be granted.” *Id.* (internal citations omitted). “Rather, the court is bound by those grounds that have been historically recognized. Historically recognized grounds include, but are not limited to, claims that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.” *Id.* (internal citations omitted). The Ninth Circuit has held that “the trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.” *Id.* (internal citations omitted).

“Upon the Rule 59 motion of the party against whom a verdict has been returned, the district court has the duty . . . to weigh the evidence as the court saw it, and to set aside the verdict of the jury, even though supported by substantial evidence, where, in the court's conscientious opinion, the verdict is contrary to the clear weight of the evidence.” *Id.* (internal citations omitted).

### B. Analysis

Plaintiff contends the Court, in bifurcating the proceedings in the pretrial conference, limited Phase I of the trial to issues of falsity and materiality under the Lanham Act. Mot. for New Trial, at 3. Plaintiff also contends that the Court contradicted

this pronouncement by incorrectly instructing the jury, over Plaintiff's objections, to determine Plaintiff's injury in Phase I of the trial, a question which should have been reserved for Phase II on damages. *Id*. at 12. The Plaintiff requests the Court to set aside the jury verdict and enter a new trial on damages. *Id*. at 14. These contentions lack merit.

The jury was properly instructed as to the elements of Plaintiff's claim for false advertising. Dkt. 371, Instr. 3A. These instructions included the element, "Pom Wonderful has been or is likely to be injured as a result of the deception, either by lost sales or by a lessening of the goodwill associated with its products." *Id*. Not only do these instructions comport with the requirements for a false advertising claim under the Lanham Act, *see Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997) (citing *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 244 (9th Cir.1990)), but they were also included in Plaintiff's <u>own</u> proposed set of jury instructions. Dkt. 362, Instr. 32. Plaintiff's contention that it did not understand proof of liability to encompass proof of injury, Mot. for New Trial, at 5, lacks merit, especially in light of Plaintiff's own proposed jury instructions.

Moreover, by contending that proof of injury should have been limited to the damages phase of the trial, the Plaintiff conflates issues of liability with issues of damages. Nothing the Court said during the pretrial conference required or even warranted that conflation. Specifically, the Court noted the following in the pretrial conference:

> Now on Page 3 of the pre-trial order, we'll see what happens on the jury verdict on the Special Verdict Form as to liability, and we are going to have to work very hard to make very good, clear questions that address whether or not they establish falsity and materiality. And my inclination right now is to limit the first phase of the trial to that issue of liability and have any evidence about damages reserved for a second phase to see whether we get that far. If Pom fails to prove liability, then I don't have to worry about a jury making advisory findings as to the amount of damages.
>
> * * *
>
> . . . I am trying to avoid taking up jury time and court time that relate to dollars and cents.

Decl. of Sophie Froelich ("Froelich Decl."), Exh. B, Tr. at 65-66.

Liability, as evidenced in Plaintiff's proposed jury instructions, clearly involves proof of injury. See Dkt. 362, Instr. 32. Indeed, the jury instructions and Special Verdict form merely track the statute's requirements for *prima facie* liability. By saying "that issue of liability" in the Pre-Trial Conference**,** the Court was not (and Plaintiff could not have reasonably understood the Court to be) referring to only falsity and materiality.

At the Pre-Trial Conference the Court did, upon Plaintiff's counsel's request for clarification, invite a "very carefully phrased stipulation . . . that if falsity and materiality in terms of the purchasing decision and impact in terms of a substantial segment of the audience are proven, Welch would stipulate that to some unspecified extent, the element of injury would thereby be inherently established without further need in the first phase to quantify it through evidence of damages." Froelich Decl., Exh. B, Tr. at 68. The Court instructed Welch's counsel to draft such a statement, stating "and that's how we will limit the first phase." *Id*. at 70. Defendant Welch drafted a stipulation it sent to Plaintiff. Decl. of Adil M. Khan ("Khan Decl."), Exh. D; Froelich Decl., Exh. C. The stipulation did not include the language above, but it did specifically provide that one of the findings in Phase One that would be necessary for plaintiff to qualify for a Phase Two would be that "Plaintiff has been injured as a result of the false statement due to a direct diversion of a substantive segment of sales from itself to Defendant." *Id.* The parties dispute whether Plaintiff actually objected to or even responded to the stipulation. *See* Froelich Decl., ¶ 4; Khan Decl., ¶ 5. However it is undisputed that ultimately they never executed a stipulation. Their failure to do so does not excuse Plaintiff from having to prove some injury, and in any event this new evidence about the stipulation makes it clear that Plaintiff had plenty of reason to realize that it would have to prove some form of injury. Plaintiff's failure to follow through cannot be the basis for a new trial.

Plaintiff claims it suffered prejudice "from the undue surprise that it should have adduced in Phase I *all* of its actual injury evidence (which it did not)," (emphasis added). It complains that the Court's response to Plaintiff's objection to Question 4[5] of the verdict

[5]The text of Question 4 was as follows: "Did Plaintiff prove by a preponderance of the evidence that it suffered injury, consisting of lost sales or lessening of goodwill as a

form did not address this prejudice. Mot. for New Trial, at 14. However, the Court correctly noted that Plaintiff had no "basis . . . to be surprised by the inclusion of a statutory element in the basic instruction to the jury on liability." Froelich Decl., Exh. G, Tr. at 899. As noted above, Plaintiff's proposed jury instructions also confirmed this requirement. *See* Dkt. 362, Instr. 32. Moreover, as the Court noted, "I don't agree with you [Plaintiff] that no part of the evidence [Plaintiff] proffered in the first phase . . . consisted of evidence that would satisfy Item 4." *Id*. The Court pointed out that Plaintiff had proffered evidence of lost sales and evidence that the two products were in competition with one another. *Id.* at 900. Thus, Plaintiff introduced testimony that witnesses purchased Welch's product instead of Pom's product, Khan Decl., Exh. E & F, and evidence of lost sales from testimony of Pom's President Matt Tupper, Khan Decl., Exh. G. Pom claims "it is undisputed that Pom did not put on its best evidence [of lost sales]." Mot. for New Trial, at 3. However, whether or not the evidence was the "best" is not sufficient reason for the Court to grant a new trial. Regardless of the quality of the evidence, some evidence was proffered, corroborating the Court's conclusion that Plaintiff understood the nature of the bifurcation all along and tailored its case accordingly.

Finally, Plaintiff contends the Court's decision to bifurcate the proceedings is prejudicial error. Mot. for New Trial, at 20. Plaintiff contends that "Question 4 . . . should have either been withdrawn or Pom should have been allowed to re-open the case on injury and damages." *Id*. at 19. Federal Rule of Civil Procedure 42(b) provides that "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues." Fed. R. Civ. P. 42(b). Under Rule 42(b), bifurcation of a trial into liability and damages phases may be appropriate where doing so would be economical and efficient, and where there is little overlap in the evidence that would be presented at each phase. *Arthur Young & Co. v. U.S. Dist. Court (Kaufman)*, 549 F.2d 686, 697 (9th Cir. 1979). In ordering bifurcation in the pretrial conference, the Court noted the principles guiding Rule 42(b), including "convenience . . . or to expedite and economize," when it stated, "I am trying to avoid taking up jury time and court time that relate to dollars and cents." Froelich Decl., Exh. B, Tr. 66. While there may have been some overlap between the "dollars and cents" of lost sales, and the actual fact of lost sales, the Court was careful to delineate the limit between proof of monetary damages

result of Defendant's conduct?" Dkt. 375.

and liability, nothing "it should be easy to establish that Welch wanted to make a lot of money off this without knowing exactly how much it made." *Id*. at 66-67. Pom did not object to bifurcation, but only to Special Verdict Form Question 4 (after the first Phase of the trial was nearly complete). Therefore, the Court was within its broad discretion in bifurcating these issues.

Based on the foregoing reasons, the Court DENIES Plaintiff's Motion for a New Trial.

## II. MOTION FOR EQUITABLE RELIEF

### A. Legal Standard

Injunctive relief may be granted by a court "according to principles of equity, and upon such terms as the court may deem reasonable, to . . . prevent a violation under subsection (a), (c), or (d) of section 1125 [false advertising provision of the Lanham Act] of this title." 15 U.S.C. § 1116(a). As for disgorgement, "[a] plaintiff who successfully establishes a violation of § 43(a) is entitled to recover, 'subject to principles of equity, . . . (a) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.'" *Southland*, 108 F.3d at 1145 (citing 15 U.S.C. § 1117(a) (Lanham Act § 35(a)). A violation of § 1125(a) requires establishing each element of a prima facie case under the Lanham Act. *See id.* at 1139.

### B. Analysis

Plaintiff did not prove a violation of the Lanham Act. The jury found that Plaintiff failed to "prove by a preponderance of the evidence that it suffered injury, consisting of lost sales or lessening of goodwill as a result of Defendant's conduct." Dkt. 375, Question 4. Having failed to prove injury, Plaintiff therefore failed to prove false advertising under the Lanham Act. *See Southland,* 108 F.3d at 1139 (listing elements of claim for false advertising under Lanham Act).

Plaintiff nonetheless claims it is entitled to injunctive relief because"there is no requirement for a showing of injury when seeking injunctive relief remedies," citing to *Southland*, 108 F.3d at 1145. Mot. for Equitable Relief, at 1. However, Plaintiff ignores

the facts and procedural context in *Southland*. There, the Ninth Circuit overturned a district court's grant of summary judgment for the defendants, concluding not only that plaintiffs may have been entitled to a rebuttable presumption of actual deception and reliance, but also that Plaintiffs did provide "adequate evidence for a reasonable jury to conclude that Plaintiffs suffered actual injury as a result of Defendants' advertisements." *Id*. at 1146. *Southland* does not speak to this situation, where the jury specifically found Plaintiff failed to prove injury. To allow a plaintiff to require a defendant to disgorge its profits after a failure to prove its prima facie case at trial would be antithetical to general principles of liability and recovery. As stated by Judge Gonzalez in another case Plaintiff cites,

> Under [Section 1117(a)], proof of actual injury is not needed to recover defendant's profits. However, "an accounting of profits is not automatic and must be granted in light of equitable considerations." *Lindy Pen*, 982 F.2d at 1405. Plaintiffs are not entitled to a windfall. *Id*.

*Hansen Beverage Co. v. Vital Pharm., Inc.*, No. 08-CV-1545-IEG (POR), 2010 WL 3069690, *8-*9 (S.D. Cal. Aug. 3, 2010).

Plaintiff cites the first two decisions in the protracted litigation between Lindy Pen Co., Inc. and Bic pen Corp. But in its third ruling, the Ninth Circuit upheld the trial court's refusal to authorize an accounting of profits, and to award damages . . . and this was after the trial court had complied with the second appellate ruling requiring it to enter an injunction. *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1404-05 (9th Cir. 1993). The Court of Appeal sustained the district court's finding that an accounting was not appropriate because defendant had not acted willfully. As it noted, "]T]he policy considerations . . . would be trivialized by insisting on an accounting in this case . . . . To award profits in this situation would amount to a punishment in violation of the Lanham Act which clearly stipulates that a remedy 'shall constitute compensation not a penalty.' 15 U.S.C. § 1117(a). *Id.* at 1406-07. That principle is clearly applicable here.[6]

---

[6] Plaintiff also relies on *Riggs Investment Mgmt. Co. v. Columbia Partners, LLC*, 966 F. Supp. 1250, 1267 (D.C. Cir. 1997), which is not binding on this Court and also distinguishable. There, after a bench trial, the court found the defendant's advertising false or misleading, actually or likely deceptive, and material. The court also found that

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-567 AHM (AGRx) | Date | November 18, 2010 |
|---|---|---|---|
| Title | POM WONDERFUL LLC v. WELCH FOODS, INC. et al. | | |

Based on the above reasoning, the Court therefore DENIES Plaintiff's Motion for Equitable Relief consisting of disgorgement.

As for an injunction, the need for one has been mooted. Welch is out of the market and to the extent that there still may be some bottles on some shelves somewhere, the impact is *de minimis*. The balance of hardships does not favor subjecting the parties to the risk of endless litigation about the nature, scope, duration and compliance with the requested injunction.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES both Plaintiff's Motion for a New Trial, and Plaintiff's Motion for Equitable Relief.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

:

Initials of Preparer SMO

defendant acted in bad faith. For that reason it ruled that the defendant's profits were recoverable. *Id*. at 1270. *Riggs* has never been held to warrant recovery in spite of a jury verdict finding a lack of injury.